# Exhibit 37

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB <br><br> CLASS ACTION <br><br> STIPULATION AND AGREEMENT OF SETTLEMENT <br><br> ELECTRONICALLY FILED |

This Stipulation and Agreement of Settlement, dated February 26, 2024 (the "Stipulation"), is made and entered into by and among the following: (i) lead plaintiffs Bucks County Employees' Retirement System and Delaware County Employees Retirement System ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (ii) defendants AdaptHealth Corp. ("AdaptHealth" or the "Company"), Luke McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, "Defendants"), by and through their respective undersigned counsel.[1] Subject to the approval of the United States District Court for the Eastern District of Pennsylvania pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Settlement is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and result in the complete dismissal with prejudice of this Action (as those terms are defined below), upon and subject to the terms and conditions expressly provided herein.

## I.    THE ACTION

The Action is currently pending before the Honorable Harvey Bartle III in the United States District Court for the Eastern District of Pennsylvania (the "Court"). The initial complaint in the Action was filed on July 29, 2021. On October 14, 2021, the Court appointed Lead Plaintiffs and Lead Counsel.

Lead Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"), filed on November 22, 2021, alleged that (i) defendant AdaptHealth, in addition to Luke McGee, Stephen P. Griggs, and Jason Clemens (the "Officer Defendants"), violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); (ii) the

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1.1 through ¶1.60, below.

Officer Defendants violated Section 20(a) of the Exchange Act; (iii) Defendants violated Section 11 of the Securities Act of 1933 (the "Securities Act"); (iv) defendant AdaptHealth violated Section 12(a)(2) of the Securities Act; and (v) the Officer Defendants and Frank Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III violated Section 15 of the Securities Act. More specifically, Lead Plaintiffs alleged that throughout the putative class period, November 8, 2019 through July 16, 2021, inclusive, Defendants made numerous materially false and misleading statements and omissions regarding the methodology used to calculate the Company's organic growth and defendant McGee's involvement in an alleged foreign tax fraud arising from certain past private activity, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading nature of the statements and omissions, and the Company's stock price declined on April 13, 2021, and July 19, 2021.

On January 20, 2022, Defendants moved to dismiss the Consolidated Complaint, arguing that the Consolidated Complaint failed to allege a material false or misleading statement or omission, failed to plead facts supporting scienter, and failed to allege loss causation. On March 21, 2022, Lead Plaintiffs filed their opposition to the motion to dismiss and opposed Defendants' request for judicial notice of certain exhibits attached to their motion to dismiss. Defendants filed their reply brief on April 15, 2022. On May 26, 2022, Lead Plaintiffs filed a Notice of Recent Authority relating to a decision from the Second Circuit Court of Appeals relevant to Lead Plaintiffs' opposition to Defendants' pending motion to dismiss. On June 1, 2022, Defendants filed a Response to Lead Plaintiffs' Notice of Recent Authority that maintained that the Second Circuit case was distinguishable from the case at hand.

On June 9, 2022, the Court denied Defendants' motion to dismiss. The Court held that the allegations in the Consolidated Complaint adequately plead a claim under Sections 10(b) and 20(a)

of the Exchange Act and Sections 11, 12(a)(2) and 15 of the Securities Act for purposes of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants answered the Consolidated Complaint on August 5, 2022. Defendants expressly denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including (as set forth in more detail in Section III) that they engaged in any conduct that constituted violations of Sections 10(b) and 20(a) of the Exchange Act or Sections 11, 12(a)(2) and 15 of the Securities Act and deny that Lead Plaintiffs have asserted any valid claims as to any of them.

Thereafter, the Settling Parties continued to vigorously litigate the Action. On July 15, 2022, the Court, after a conference with counsel, ordered the Settling Parties to proceed with class certification discovery and set deadlines for both class certification discovery and briefing of any class certification motion. With respect to merits discovery, the Court authorized such discovery to proceed but prohibited any merits-related depositions and declined to set any deadlines with respect to merits discovery. The Settling Parties thereafter engaged in discovery on class certification and merits issues.

The Settling Parties engaged in extensive discovery of class certification issues, including (a) document productions by Lead Plaintiffs and Lead Plaintiffs' investment manager, (b) responses to written interrogatories by Lead Plaintiffs, (c) depositions of Lead Plaintiffs and Lead Plaintiffs' investment manager, and (d) expert discovery, with Lead Plaintiffs and Defendants submitting a total of eight expert reports from seven experts, and six of the Settling Parties' experts being deposed.

Defendants also produced documents and responded to written interrogatories on merits issues. In response to discovery requests, the AdaptHealth Defendants (as defined below) produced approximately 6,000 documents, totaling more than 35,000 pages, defendant McGee

- 3 -

produced approximately 700 documents, totaling over 3,000 pages, and numerous third parties collectively produced approximately 53,000 documents totaling more than 427,000 pages.

In addition, on November 21, 2022, Lead Plaintiffs filed a motion to compel defendant McGee to produce documents regarding the tax scheme allegations pursuant to Lead Plaintiffs' requests for production. On December 7, 2022, the Court granted Lead Plaintiffs' motion and ordered that the documents be produced by December 30, 2022.

On March 13 and 28, 2023, Lead Plaintiffs filed motions to compel AdaptHealth and certain other Defendants to comply with the Court's scheduling orders and respond to Lead Plaintiffs' interrogatories. After holding a conference with counsel, the Court denied those motions without prejudice on April 11, 2023, subject to further meet and confers between Lead Plaintiffs and Defendants.

On July 28, 2022, Lead Plaintiffs filed their motion for class certification. Defendants filed a seventy-five page opposition to class certification on March 30, 2023, supported by five expert reports. Lead Plaintiffs thereafter filed a fifty-page reply brief on May 22, 2023, supported by two expert reports. Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached their agreement-in-principle to engage in a private mediation to settle the Action.

At that time, the Settling Parties engaged a nationally recognized neutral mediator and participated in settlement discussions on multiple occasions, which included the exchange of mediation briefs, responses, and exhibits. On February 14, 2024, the Settling Parties reached an agreement-in-principle to resolve the Action. The agreement included, among other things, the Settling Parties' agreement to settle the Action for releases and (i) a cash payment of $51,000,000, including a $1 million cash payment from defendant McGee not funded by insurance or corporate funds, for the benefit of the Settlement Class; (ii) one (1) million shares of Company common stock for the benefit of the Settlement Class; and (iii) the Corporate Governance Changes (defined

below), all subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. This Stipulation (together with the Exhibits attached hereto) reflects the final and binding agreement between the Settling Parties.

## II. LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit and that their investigation and discovery on the merits of these claims, to date, supports the claims alleged therein. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in the Action. Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their own investigation and evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout the Action, Defendants have expressly denied, and continue to deny, any and all of the allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have also expressly denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class Members have suffered any damages; that Lead Plaintiffs or the Settlement Class Members were harmed by the conduct alleged in the Action or that could have been alleged in the Action; that the price of AdaptHealth Securities was

- 5 -

artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently in any way; that Defendants made any alleged material misrepresentations or omissions; that Defendants had or failed to comply with any disclosure obligations with respect to any alleged misrepresentations or omissions; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. Defendants maintain that they have meritorious defenses to class certification and all claims alleged in the Action.

Nonetheless, Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation. As set forth below in ¶14.1 through ¶14.2, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and each and every Settlement Class Member) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, the Action and the Released Claims shall be finally and fully compromised, resolved, discharged, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.    Definitions**

As used in this Stipulation the following terms, when capitalized, shall have the meanings specified below.

1.1    "Action" means the securities class action pending in this Court under the caption *Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-03382-HB.

1.2    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate the Settlement by reason of such variance.

1.3    "Authorized Claimant" means any Settlement Class Member who submits a valid Proof of Claim Form to the Claims Administrator that satisfies all the requirements set forth on the Proof of Claim Form in accordance with the requirements established by the Court and that is accepted for payment from the Net Settlement Fund.

1.4    "AdaptHealth" or the "Company" means AdaptHealth Corp.

1.5    "AdaptHealth's Counsel" means the law firm of Willkie Farr & Gallagher LLP.

1.6    "AdaptHealth Defendants" means, collectively, AdaptHealth, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

1.7    "AdaptHealth Defendants' Counsel" means the law firm of Willkie Farr & Gallagher LLP.

1.8    "AdaptHealth Securities" means AdaptHealth common stock and exchange-traded call or put options.

- 7 -

1.9    "AdaptHealth Settlement Amount" means, collectively, the AdaptHealth Settlement Cash and the Settlement Shares.

1.10    "AdaptHealth Settlement Cash" means Fifty Million U.S. Dollars (U.S. $50,000,000.00) to be paid by or caused to be paid by AdaptHealth in accordance with ¶¶4.2 and 4.4 of this Stipulation.

1.11    "Claim" means a Proof of Claim Form submitted by a Settlement Class Member, or on his, her, or its behalf, to the Claims Administrator.

1.12    "Claimant" means a Settlement Class Member that submits a Claim to the Claims Administrator.

1.13    "Claims Administrator" means Gilardi & Co. LLC.

1.14    "Consolidated Complaint" means the Consolidated Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on November 22, 2021.

1.15    "Corporate Governance Changes" means the corporate reforms referenced in Exhibit C.

1.16    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.17    "Defendant" or "Defendants" means individually and collectively AdaptHealth and McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

1.18    "Defendants' Counsel" means, collectively, AdaptHealth's Counsel, the AdaptHealth Defendants' Counsel, and McGee's Counsel.

1.19    "AdaptHealth's Insurers" means, collectively, the insurers that are paying, in part, the Settlement Cash.

- 8 -

1.20    "Effective Date," with respect to the Settlement, means the first date by which all of the events and conditions specified in ¶13.1 of this Stipulation have been met and have occurred or have been waived.

1.21    "Escrow Account" means one or more accounts that are maintained to hold the Settlement Fund, which accounts shall be created, controlled, and maintained exclusively by Lead Counsel, acting as agent for Lead Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

1.22    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP, or its successor(s).

1.23    "Final," with respect to any order or judgment of the Court, including the proposed Judgment or the Alternate Judgment, means that such order or judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or judgment becomes Final when: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the order or judgment; or (b) if there is an appeal from the order or judgment, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review

pertaining solely to an order issued with respect to: (a) any Fee and Expense Award (as defined in ¶7.2), (b) the Plan of Allocation (as submitted or subsequently modified), or (c) the procedures for determining Authorized Claimants' Recognized Losses (as will be defined in the Plan of Allocation) shall not in any way delay, affect, or preclude the time set forth above for the Judgment or the Alternate Judgment to become Final, or otherwise preclude the Judgment or the Alternate Judgment from becoming Final.

1.24 "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order to consider, among other things, approval of the Settlement embodied herein.

1.25 "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, wife, or partner in a state-recognized domestic relationship or civil union.

1.26 "Judgment" means the proposed order and final judgment to be entered by the Court approving the Settlement embodied herein, which shall be substantially in the form attached hereto as Exhibit B.

1.27 "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.28 "Lead Plaintiffs" means Bucks County Employees' Retirement System and Delaware County Employees Retirement System.

1.29 "Lead Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

1.30 "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the

Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

1.31 "McGee" means defendant Luke McGee.

1.32 "McGee's Counsel" means Kramer Levin Naftalis & Frankel LLP.

1.33 "McGee Settlement Amount" means One Million U.S. Dollars (U.S. $1,000,000.00 to be paid or caused to be paid by McGee in accordance with ¶4.4 of this Stipulation.

1.34 "Net Settlement Fund" means the Settlement Fund less: (a) any attorneys' fees awarded by the Court; (b) any Litigation Expenses awarded by the Court; (c) any Notice and Administration Costs; (d) any Taxes and Tax Expenses; and (e) any other costs or fees approved by the Court.

1.35 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1, which is to be sent to Settlement Class Members.

1.36 "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably incurred by the Claims Administrator, as described herein and in the Preliminary Approval Order, in connection with (a) providing notice of the Settlement by mail, email, publication, and other means to the Settlement Class, (b) locating potential Settlement Class Members, (c) assisting with the submission of Claims, (d) processing Proof of Claim Forms, (e) administering the Settlement, and (f) paying fees, costs, and expenses in connection with the Escrow Account.

1.37 "Person(s)" means a natural person, individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, general or limited partnership, limited liability partnership, limited liability company, joint venture, association, joint

stock company, estate, personal or legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.38 "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund to the Authorized Claimants prepared by Lead Counsel and set forth in the Notice (or any other plan for the allocation of the Net Settlement Fund that Lead Counsel may propose).

1.39 "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement embodied herein, which shall be substantially in the form attached hereto as Exhibit A.

1.40 "Proof of Claim Form" means the Proof of Claim and Release form for submitting a Claim to be approved by the Court, which shall be substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.41 "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

1.42 "Released Defendant Party" or "Released Defendant Parties" means each and all of the following: (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment

- 12 -

advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

1.43 "Released Defendants' Claims" means any and all claims, rights, causes of action, or liabilities of every nature and description whatsoever, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, against a Releasing Plaintiff Party that are based upon, arise out of, concern, or relate in any way to the institution, prosecution, or settlement of the Action against Defendants. Released Defendants' Claims do not include, settle, or release any claims relating to the enforcement of this Stipulation or the Settlement.

1.44 "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and all of the following: (a) Lead Plaintiffs; (b) Lead Plaintiffs' Counsel; (c) each and every Settlement Class Member; and (d) any and all of Lead Plaintiffs' and each Settlement Class Member's respective past, present, or future respective parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions. Releasing Plaintiff Parties do not include

any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

1.45 "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against the Released Defendant Parties, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in Lead Plaintiffs' Consolidated Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, (c) could have been asserted, alleged, or set forth in the Consolidated Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) by Lead Plaintiffs, any Settlement Class Member, or any other Releasing Plaintiff Party arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition by any Settlement Class Member of AdaptHealth Securities during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories that were or could have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action.

Notwithstanding the foregoing, Released Plaintiffs' Claims do not include, settle, or release any pending claims against the Released Defendant Parties relating to non-duplicative facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, and/or legal theories that were not and could not have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action ("Unique Claims"), even if any such Unique Claim is asserted by

- 14 -

any Lead Plaintiff or any Settlement Class Member that received compensation in connection with the Settlement.  For the avoidance of doubt, the Settlement is not intended to release any Unique Claims asserted in *Allegheny County Employees' Retirement System v. AdaptHealth Corp.*, No. 2:23-cv-04104 in the United States District Court for the Eastern District of Pennsylvania.

Released Plaintiffs' Claims also do not include any and all claims brought derivatively in *Hessler v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-05335 in the United States District Court for the Eastern District of Pennsylvania, or settle, or release any claims relating to the enforcement of this Stipulation or the Settlement.

1.46    "Settlement" means the resolution of the Action in accordance with the terms and conditions of this Stipulation.

1.47    "Settlement Amount" means, collectively, the AdaptHealth Settlement Amount and the McGee Settlement Amount.

1.48    "Settlement Cash" means, collectively, the AdaptHealth Settlement Cash and the McGee Settlement Amount, the sum of which is Fifty-One Million U.S. Dollars (U.S. $51,000,000.00).

1.49    "Settlement Class" means all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock during the Settlement Class Period.  Excluded from the Settlement Class are:  (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f)

any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion in accordance with the requirements set by the Court.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

1.50    "Settlement Class Member" means a member of the Settlement Class.

1.51    "Settlement Class Period" means the period between November 8, 2019 and July 16, 2021, inclusive.

1.52    "Settlement Fund" means the Settlement Amount plus any and all interest or income earned thereon after it is deposited into the Escrow Account.

1.53    "Settlement Shares" means one (1) million shares of freely tradable AdaptHealth common stock, to be issued and delivered by AdaptHealth in accordance with ¶4.6 of this Stipulation.

1.54    "Settling Parties" means, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

1.55    "Stipulation" means this Stipulation and Agreement of Settlement.

1.56    "Settlement Notices" means, collectively, the Notice and Summary Notice.

1.57    "Summary Notice" means the Summary Notice of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.58    "Taxes" means any and all federal, state, or local taxes, fees, levies, duties, tariffs, imposts, and other similar charges (including any estimated taxes, withholdings, interest, penalties,

additions to tax and additional amounts imposed with respect thereto) on any income earned by the Settlement Fund.

1.59 "Tax Expenses" means any expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and/or other advisors and expenses relating to the filing of or failure to file all necessary or advisable tax returns).

1.60 "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Defendant Parties or decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Releasing Plaintiff Parties. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into this Stipulation, but they are notwithstanding this potential entering into this Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and was a material element of the Settlement.

### 2. CAFA Notice

2.1 Defendants shall serve any notice of Settlement required pursuant to the Class Action Fairness Act of 2005 (the "CAFA Notice"), 28 U.S.C. §1715(b), within the time period set forth in said statute. Defendants are solely responsible for the costs and expenses related to the creation and service of any CAFA Notice.

2.2 Lead Counsel will request that the Final Approval Hearing be scheduled for no earlier than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. Should Defendants serve any CAFA Notice, at least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause the CAFA Notice to be served on Lead Counsel and filed with the Court.

2.3 The Settling Parties further agree that any delay by Defendants in timely serving the CAFA Notice will not provide grounds for delay of the Final Approval Hearing or entry of the Judgment or the Alternate Judgment.

**3.  Releases**

3.1  The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of this Action as against the Defendants; and (b) the releases provided for herein.

3.2  Pursuant to the Judgment or the Alternate Judgment, without further action by anyone, upon the Effective Date, Lead Plaintiffs and each and every Releasing Plaintiff Party (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Defendant Parties in respect of any Released Plaintiffs' Claims.  Claims to enforce the terms of this Stipulation and the Settlement are not released.

3.3  Pursuant to the Judgment or the Alternate Judgment, without further action by anyone, upon the Effective Date, Defendants and each and every Released Defendant Party (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff

- 19 -

Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Releasing Plaintiff Parties in respect of any Released Defendants' Claims. Claims to enforce the terms of this Stipulation and the Settlement are not released.

3.4    Notwithstanding ¶3.1 through ¶3.3, nothing in the Judgment or the Alternate Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation, the Settlement, or the Judgment or the Alternate Judgment. Nor shall anything in this Stipulation constitute a release of any action, suit, cause of action, claim or demand that Defendants have or may have against AdaptHealth's Insurers.

**4.    Settlement Consideration**

4.1    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendant Parties, and in accordance with ¶4.2 through ¶4.6, the AdaptHealth Settlement Amount shall be deposited or caused to be deposited into the Escrow Account by AdaptHealth, and the McGee Settlement Amount shall be deposited or caused to be deposited into the Escrow Account by McGee. The deposit of both the AdaptHealth Settlement Amount and the McGee Settlement Amount into the Escrow Account fully discharges all financial obligations under this Stipulation and in connection with the Settlement, meaning that no other Released Defendant Party shall have any obligation to pay, deliver, deposit, or otherwise provide

- 20 -

any settlement consideration into the Escrow Account or to any Settlement Class Member under this Stipulation or in connection with this Settlement.

4.2     AdaptHealth shall pay or cause to be paid $17.8 million of the AdaptHealth Settlement Cash into the Escrow Account no later than ten (10) calendar days after the later to occur of:  (a) execution of this Stipulation by all Settling Parties, or (b) the date on which the Escrow Agent provides to Defendants' Counsel (collectively) all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (i) wire transfer instructions (including bank name and ABA routing number, address, account name and number); (ii) payment address; and (iii) a complete and executed Form W-9 that reflects a valid taxpayer identification number for the Settlement Fund in which the Settlement Cash is to be deposited.

4.3     Prior to the Court entering a Preliminary Approval Order, no portion of the $17.8 million may be used for any reason.  All of the $17.8 million must be held in an interest-bearing account.  In the event the Court denies the Settling Parties' request for the entry of a Preliminary Approval Order or otherwise does not enter a Preliminary Approval Order within sixty (60) days of the hearing on such motion, AdaptHealth shall have, in its sole and absolute discretion, the right to request the refund of some or all of the $17.8 million plus any accrued interest.  Within ten (10) business days after written notification of such a refund request, the Escrow Agent shall refund the requested amount to AdaptHealth as directed by the written instructions of AdaptHealth.  Upon the Court's entry of a Preliminary Approval Order, all terms and conditions in this paragraph, including the interest-bearing requirement for the account or accounts comprising the Escrow Account, shall be inapplicable.

4.4     AdaptHealth shall pay or cause to be paid the remainder of the AdaptHealth Settlement Cash into the Escrow Account (*i.e.*, $32.2 million) and McGee shall pay or cause to be

- 21 -

paid the McGee Settlement Amount into the Escrow Account no later than fourteen (14) calendar days after entry by the Court of the Preliminary Approval Order.

4.5     McGee shall not seek reimbursement or indemnification for the McGee Settlement Amount directly or indirectly from any third party, including, without limitation, AdaptHealth, AdaptHealth's Insurers, or any Defendant.

4.6     AdaptHealth shall issue and deliver the Settlement Shares into the Escrow Account for the benefit of the Settlement Class no later than fourteen (14) calendar days after the later to occur of:  (a) the date of entry by the Court of the Final Judgment finally approving the Settlement, or (b) the date on which the Escrow Agent provides to the AdaptHealth Defendants' Counsel all information necessary to effectuate a transfer of the Settlement Shares to the Escrow Account, notwithstanding the existence of any timely filed objections to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  The following terms and conditions shall apply to the issuance and delivery of the Settlement Shares:

a)     All Settlement Shares shall be duly and validly issued, fully paid, non-assessable, free from all liens and encumbrances (except as set forth herein), and be approved for listing on the NASDAQ at the time of issuance, subject to notice of issuance.

b)     The Settlement Shares will be issued in reliance on Section 3(a)(10) of the Securities Act of 1933, as amended, and in accordance with any applicable state securities laws, rules, or regulations.  AdaptHealth may also choose to issue the shares in reliance on an exemption under the Securities Act and register the resale of the Settlement Shares by the Escrow Account under a registration statement on Form S-3.

c)     To ensure that the issuance of the Settlement Shares qualifies for the exemption provided by Section 3(a)(10) of the Securities Act, the Settling Parties and their respective counsel will take all steps necessary to comply with the conditions applicable to

issuances under Section 3(a)(10) as articulated in Staff Legal Bulletin No. 3A (Jun. 18, 2008), including: (i) Settlement Class Members shall be given adequate notice of the Final Approval Hearing by Lead Counsel; (ii) the Final Approval Hearing shall be open to all Settlement Class Members; (iii) there shall be no improper impediments to the appearance by any Settlement Class Member at the Final Approval Hearing; (iv) the Court shall be advised before the Final Approval Hearing that AdaptHealth will rely on the Section 3(a)(10) exemption based on the Court's approval of the issuance of the Settlement Shares as part of the consideration provided in exchange for the Settlement and release of the Released Plaintiffs' Claims; (v) the Final Approval Hearing shall include consideration of the fairness of the terms and conditions of the issuance of the Settlement Shares in exchange for the Settlement and release of the Released Plaintiffs' Claims against the Released Defendant Parties; and (vi) the order to be entered by the Court shall approve the fairness to the Settlement Class Members of the terms and conditions of the issuance of the Settlement Shares in exchange for the Settlement and release of the Released Plaintiffs' Claims against the Released Defendant Parties.

d) The Settlement Shares will be issued by AdaptHealth in book entry form with AdaptHealth's Transfer Agent and be registered in the name of the Escrow Agent.

e) Following the issuance and delivery of the Settlement Shares to the Escrow Agent, neither the Escrow Agent nor the Claims Administrator shall sell, transfer or otherwise dispose of more than 250,000 Settlement Shares on any given day. Except as set forth in the preceding sentence and subject to compliance applicable securities laws, there will be no restriction on the Escrow Agent's or Claims Administrator's right to hold or sell the Settlement Shares as they see fit.

f) Upon delivery of the Settlement Shares to Lead Counsel's designee, Lead Counsel shall hold the Settlement Shares as fiduciary for the benefit of the Settlement Class

and, as applicable, as Court-awarded attorneys' fees in accordance with Section IV.7 below. The Releasing Plaintiff Parties release any and all claims against the Released Defendant Parties and their agents that arise out of, relate to, or are based upon the issuance, transfer, or disposition of the Settlement Shares made in accordance with this Stipulation or distributions or sales of the Settlement Shares by Lead Plaintiffs, Lead Counsel, Lead Counsel's designee, or any of their agents, and shall forever be barred and enjoined from prosecuting any and all such claims against any Released Defendant Party, *provided*, *however*, that the foregoing shall not alter AdaptHealth's obligations expressly set forth herein.

g) The Escrow Agent shall provide instructions to AdaptHealth regarding the distribution of Settlement Shares. AdaptHealth shall authorize its Transfer Agent to disburse Settlement Shares in accordance with such instructions. Any such instructions given to AdaptHealth by the Escrow Agent shall be set forth in a writing signed by Lead Counsel and accompanied by such information, and in such physical or electronic medium as required by AdaptHealth's Transfer Agent. Each of AdaptHealth and its Transfer Agent has the right to rely on the accuracy and completeness of the information provided by the Escrow Agent with respect to the issuance and distribution of the Settlement Shares. Neither any of the Released Defendant Parties which are Settling Parties hereto nor AdaptHealth's Transfer Agent shall have any responsibility or liability regarding the accuracy or completeness of any information provided by Lead Counsel in respect to the issuance or distribution of the Settlement Shares, or any losses incurred in connection therewith.

h) During the period between the issuance of the Settlement Shares and the distribution thereof, in the event the Settlement Shares are sold or distributed to the Authorized Claimants, on any matter or at any meeting at which shareholders of AdaptHealth (or its successor entity's) common stock are entitled to vote, the Settlement Shares shall be deemed voted (and Lead

Counsel shall and shall cause its designee and AdaptHealth's Transfer Agent to vote the Settlement Shares) in the same manner in which the majority of the outstanding shares of AdaptHealth's common stock are actually voted.

4.7 The Settlement Amount represents the entirety of the financial obligations in connection with the Settlement, meaning that it is inclusive of any Fee and Expense Award, the attorneys' fees and expenses of Lead Plaintiffs' Counsel, all Notice and Administration Costs, and all Taxes and Tax Expenses. The Settlement Amount is the total, full, and final amount of all payments to be paid by, or on behalf of, Defendants to Lead Plaintiffs, Settlement Class Members, Lead Counsel, Lead Plaintiffs' Counsel, or any other person or entity acting or purporting to act for the benefit of the Settlement Class in this Action, in connection with this Stipulation and the Settlement embodied herein.

4.8 The deposit of both the AdaptHealth Settlement Amount and the McGee Settlement Amount into the Escrow Account shall fully discharge all financial obligations in connection with the Settlement, meaning that no Released Defendant Party shall have any obligation to pay, deliver, deposit, or otherwise provide any additional settlement consideration to the Escrow Account or to any Settlement Class Member under this Stipulation or in connection with the Settlement. For the avoidance of doubt, under no circumstances shall AdaptHealth or McGee be required to contribute more to the Settlement Fund than its/his respective portion of the Settlement Amount (*i.e.*, the AdaptHealth Settlement Amount and the McGee Settlement Amount, respectively) or make any other payments pursuant to this Stipulation or the Settlement. Furthermore, in the event the Settlement is approved and becomes Final, under no circumstances shall any Released Defendant Party be required to make any payment pursuant to this Stipulation or the Settlement or to otherwise provide any settlement consideration to the Escrow Account or the Settlement Fund.

4.9     Except as provided in this Stipulation, immediately upon deposit of any portion of the Settlement Amount into the Escrow Account, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the Settlement Fund, including: (a) any act, omission, or determination by Lead Plaintiffs' Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, Tax Expenses, legal fees, or any other costs or expenses incurred in connection with the Settlement Fund.

4.10    Upon the Effective Date, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class. If the Effective Date does not occur and the Settlement is terminated, the Settlement Fund shall be returned to AdaptHealth and/or McGee pursuant to ¶13.1 through ¶13.6 hereof.

4.11    In further consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendant Parties, AdaptHealth shall adopt the Corporate Governance Changes set forth in Exhibit C for a period of six (6) years from the date of enactment, the adoption of which shall occur no later than ninety (90) days following the date of entry by the Court of the Final Judgment finally approving the Settlement.

5.      **Use of Settlement Fund**

a.      **The Escrow Agent Responsibilities**

5.1     The Settlement Fund shall be held in the Escrow Account as provided in ¶4.2 through ¶4.6 hereof. Any portion of the Settlement Fund held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the

- 26 -

jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation or a further order of the Court.

5.2 The Escrow Agent shall invest the Settlement Cash deposited or any funds generated through the sale of Settlement Shares pursuant to ¶4.2 through ¶4.6 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for the actions of the Escrow Agent.

5.3 The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Stipulation or by an order of the Court. Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent. The Escrow Agent shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for any transaction executed by the Escrow Agent.

5.4 Subject to the terms and conditions of this Stipulation, the Escrow Agent is authorized to use the Settlement Fund to pay: (a) Taxes and Tax Expenses; (b) Notice and Administration Costs; and (c) any Fee and Expense Award. The balance remaining in the

Settlement Fund after payment of the aforementioned items is the Net Settlement Fund and shall be distributed to the Authorized Claimants as provided herein.

5.5     Prior to the Effective Date, Lead Counsel may pay Notice and Administration Costs actually and reasonably incurred from the Settlement Fund, without further approval from Defendants and/or order of the Court.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees incurred, if any, by the Escrow Account.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to AdaptHealth, AdaptHealth's Insurers and/or McGee in accordance with ¶13.1 through ¶13.6.  Defendants and other Released Defendant Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claim Administrator, Lead Plaintiffs' Counsel, or the Escrow Agent, or their respective agents with regard to any Notice and Administration Costs.

5.6     After the Effective Date, Notice and Administration Costs may be paid as incurred, without approval of Defendants or further order of the Court.  Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility, interest in, or liability whatsoever for any claims with respect thereto.  The Settlement Fund shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for any Notice and Administration Costs.

- 28 -

### b. Tax Treatment of Settlement Fund

5.7    The Settling Parties agree that the Settlement Fund is intended to be at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation §1.468B-1(c)(1).

5.8    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall be solely responsible for timely and properly filing or causing to be filed all informational and other federal, state, or local tax returns necessary or appropriate for the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the elections described herein) shall be consistent with this ¶5.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶5.11 hereof.  In addition, the Escrow Agent shall timely make such elections as necessary or appropriate to carry out the provisions of this ¶5.8, including, as necessary, making the "relation-back election" (as described in Treasury Regulation §1.468B-1) to cause the "qualified settlement fund" to come into existence at the earliest permitted date, and shall take or cause to be taken all action as may be necessary or appropriate in connection therewith.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.9     Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Stipulation and in all events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

5.10     The taxable year of the Settlement Fund shall be the calendar year in accordance with Treasury Regulation §1.468B-2(j).  The Settlement Fund shall use an accrual method of accounting within the meaning of §446(c) of the IRS Code.

5.11     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or the other Released Defendant Parties with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal, state, or local income tax purposes, and (b) Tax Expenses (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶5.8 herein) shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).

5.12     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶5.7 through ¶5.11.

5.13    In all events, Defendants and the other Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses or for the acts or omissions of the Escrow Agent or its agent with respect to Taxes or Tax Expenses.  The Escrow Agent shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

5.14    The Settlement is not a claims-made settlement.  As of the Effective Date, AdaptHealth and McGee shall not have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Losses (as will be defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  Nor shall AdaptHealth, McGee, or the other Released Defendant Parties have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.

### 6.    Plan of Allocation

6.1    Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the Plan of Allocation, provided that such Plan of Allocation, after appropriate notice thereof to the Settlement Class, has been approved by the Court in an order that has become Final.

6.2    The Plan of Allocation is a matter separate and apart from the Settlement between the Settling Parties as embodied in this Stipulation.  The Plan of Allocation is not a necessary or material term of this Stipulation, and it is not a condition of the Settlement that any Plan of Allocation be approved by the Court or that any order approving a Plan of Allocation becomes Final.  Any Plan of Allocation, including, but not limited to, any adjustments to an Authorized

Claimant's Claim set forth therein, is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.

6.3    Defendants and Defendants' Counsel shall have no role in the preparation of the Plan of Allocation and shall take no position with respect thereto.  No Defendant or any of the other Released Defendant Parties shall have any involvement with or liability, obligation, or responsibility whatsoever for the Plan of Allocation.

6.4    Any order or proceeding, whether in this Court or any appellate court, with respect to the Plan of Allocation shall not:  (a) operate to modify, terminate, or cancel this Stipulation or the Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiffs and the other Settlement Class Members), or any of their counsel, to cancel, terminate, or withdraw from this Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.  For the avoidance of doubt, this paragraph is not applicable to any Settlement Class Members who timely and validly request exclusion from the Settlement Class.

**7.     Attorneys' Fees and Litigation Expenses**

7.1    Lead Counsel may submit an application on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees or payment of Litigation Expenses and any interest earned on such amounts ("Fee and Expense Application").  Lead Counsel's Fee and Expense Application may also include a request for reimbursement to Lead Plaintiffs in connection with their representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for attorneys' fees and/or Litigation Expenses incurred in connection

with this Action.  Lead Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

7.2     The amount of attorneys' fees and/or Litigation Expenses awarded to Lead Counsel by the Court ("Fee and Expense Award") is within the sole discretion of the Court.  Any Fee and Expense Award shall be paid to Lead Counsel solely from (and out of) the Settlement Fund, as ordered, immediately following the Court's execution of an order approving the Settlement and the Fee and Expense Award, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to repayment obligations set forth in ¶13.5(e).  Lead Counsel may thereafter allocate the awarded attorneys' fees among Lead Plaintiffs' Counsel in a manner in which it believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

7.3     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application and/or Fee and Expense Award is a matter separate and apart from the Settlement between the Settling Parties as embodied in this Stipulation and is not a necessary or material term of this Stipulation or a condition of the Settlement.

7.4     With the sole exception of AdaptHealth's and McGee's obligations to deposit or cause to be deposited their respective portions of the Settlement Amount as provided for in ¶¶4.2, 4.3, 4.4, and 4.6, neither Defendants nor any of the other Released Defendant Parties shall have any involvement with or liability, obligation, or responsibility whatsoever with respect to, any Fee and Expense Award or any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' Counsel, or the Settlement Class Members.  Furthermore, Defendants and the other Released Defendant Parties shall have no involvement with or liability, obligation, or responsibility whatsoever with respect to the allocation

among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Action.

7.5 Any order or proceeding, whether in this Court or any appellate court, with respect to the award, payment, or allocation of attorneys' fees and/or Litigation Expenses in connection with this Action shall not: (a) operate to modify, terminate, or cancel this Stipulation or the Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' Counsel, and the Settlement Class Members), or any of their counsel, to cancel, terminate, or withdraw from this Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.

**8. Notice and Settlement Administration**

8.1 The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation approved by the Court in an order that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

8.2 Lead Counsel shall be solely responsible, subject to Court approval, for notice to the Settlement Class, administration of the Settlement, and the allocation of the Settlement Amount among Settlement Class Members. Such allocation, or changes to the Plan of Allocation, shall not affect the finality of the Settlement. Other than AdaptHealth's obligation to use its best efforts to provide or make available transfer records as provided in ¶10.2 and to issue the Settlement Shares

as provided in ¶4.6 above, Defendants and the other Released Defendant Parties shall have no involvement with or liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no involvement with or liability, obligation, or responsibility whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Settlement Class Members, Lead Counsel, or Lead Plaintiffs' Counsel, with respect to such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund; (c) the distribution of the Net Settlement Fund; (d) the Plan of Allocation; (e) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (f) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (g) the payment or withholding of any Taxes or Tax Expenses.

8.3     The Settlement Fund shall be applied as follows:

a)     to pay all Notice and Administration Costs;

b)     to pay the Taxes and Tax Expenses;

c)     to pay any Fee and Expense Award; and

d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Court-approved Plan of Allocation, and/or the orders of the Court.

8.4     The Claims Administrator shall mail the Notice to those Settlement Class Members who may be identified through the transfer records provided by AdaptHealth pursuant to ¶10.2, and to all other Settlement Class Members who can be reasonably identified, and shall publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order.

8.5     Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim Form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim Form.  The Claims Administrator, under the supervision of Lead Counsel, shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶8.9 below.

8.6     The Claims Administrator shall receive Claims and determine, first, whether the Claim is a valid Claim in whole or part and, second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court.  Neither Defendants nor any of the Released Defendant Parties shall be permitted to review, contest, or object to any Proof of Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Proof of Claim Form or Claim for payment by a Settlement Class Member.

8.7     All Settlement Class Members who fail to timely submit a valid Proof of Claim Form within the period specified in ¶8.5, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

8.8     Proof of Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim Form submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶8.9 below.

8.9     If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶8.8 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

8.10     Except as otherwise ordered by the Court, all Claimants shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proof of Claim Form, no discovery shall be allowed on the merits of the Action or the Settlement.  All

proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Settlement Class Members, other Claimants, and Settling Parties expressly waive their right to trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.11 Except as otherwise ordered by the Court, all Settlement Class Members who do not request to be excluded from the Settlement Class (including those who fail to submit a timely Claim, Claimants whose Claims are rejected, and Authorized Claimants) will, in all other respects, be subject to and bound by all of the terms of the Settlement, including the terms of the Judgment or the Alternate Judgment to be entered in this Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties concerning any Released Plaintiffs' Claims.

8.12 Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to the Investor Protection Trust.

8.13    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the administration or distribution of the Settlement Fund and the related matters set forth herein; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to such matters.

8.14    No Person shall have any claim against the Released Defendant Parties, the Releasing Plaintiff Parties, the Claims Administrator, or any other Person designated by Lead Counsel based on the administration, processing and determination of Claims made substantially in accordance with this Stipulation, the approved Plan of Allocation, or further order(s) of the Court.

8.15    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**9.      Objections and Requests for Exclusion**

9.1    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied herein should not be approved as fair, reasonable and adequate and in the best interests of the Settlement Class, or why the Judgment should not be entered thereon.  Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the Plan of Allocation or Lead Counsel's Fee and Expense Application should not be approved.  Any Settlement Class Member may appear at the Final

Approval Hearing to express support for the Settlement, Plan of Allocation, or Fee and Expense Application.

9.2 Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Settlement Class Member except Lead Plaintiffs may request to be excluded from the Settlement Class.

9.3 The Claims Administrator shall scan and electronically send copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to AdaptHealth's Counsel and to Lead Counsel as expeditiously as possible, and in any event, and not more than five (5) days after receipt by the Claims Administrator. However, if the Claims Administrator receives any requests for exclusion within fourteen (14) days of the Final Approval Hearing, it shall scan and electronically send copies of those requests to AdaptHealth's Counsel and to Lead Counsel as expeditiously as possible, and, in any event, not more than two (2) calendar days after receipt by the Claims Administrator.

**10. Preliminary Approval of the Settlement**

10.1 As soon as practicable following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with the Exhibits annexed hereto to the Court and shall move for preliminary approval of the Settlement embodied herein, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class, approval of the contents and method of distribution of the Notices and the Proof of Claim Form, and scheduling of the Final Approval Hearing after notice is given to the Settlement Class and no earlier than ninety (90) days following any deadline for Defendants to serve the CAFA Notice as set forth in ¶2.1 through ¶2.3. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

10.2    Within ten (10) business days after entry of the Preliminary Approval Order, AdaptHealth shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names, addresses, and email addresses (if available) relating to the identity of any purchasers of AdaptHealth common stock during the Settlement Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants or the other Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process made substantially in accordance with this Stipulation, or order(s) of the Court.

10.3    At or after the Final Approval Hearing, Lead Counsel will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**11.    Judgment Approving the Settlement**

11.1    If the Settlement embodied in this Stipulation is approved by the Court, Lead Counsel, with Defendants' consent, shall request that the Court enter the Judgment, substantially in the form attached hereto as Exhibit B.

**12.    Termination Rights**

12.1    Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement by providing written notice of their election to do so ("Termination Notice") to the other Settling Parties to this Stipulation within thirty (30) days of the date on which any of the following occur: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve this Stipulation or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of

- 41 -

Appeals for the Third Circuit or the United States Supreme Court; (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (f) the failure of the Effective Date to occur for any reason, and the provisions of ¶¶13.3, 13.5, and 13.6 below shall apply. Notwithstanding the foregoing, any order or proceeding, whether in this Court or any appellate court, with respect to a Fee and Expense Application or Fee and Expense Award shall not be considered necessary or material to the Settlement, shall not be considered a condition of Settlement, shall not affect the finality of any Judgment or the Alternate Judgment and shall not be grounds for termination of the Settlement.

12.2    In addition to the grounds set forth in ¶12.1 above, AdaptHealth shall have, in its sole and absolute discretion, the right to terminate the Settlement and render it null and void in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in a separate confidential agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and AdaptHealth, by and through their counsel concurrently herewith. Lead Plaintiffs and AdaptHealth agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notices, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and AdaptHealth concerning its interpretation or application; *provided, however*, that if the Supplemental Agreement is submitted to the Court, Lead Plaintiffs and AdaptHealth will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal. Notwithstanding the foregoing, AdaptHealth may include a redacted copy of the Supplemental Agreement with any CAFA Notice.

12.3     In addition to the grounds set forth in ¶12.1 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount is not timely deposited as provided for in ¶¶4.2, 4.3, 4.4, and 4.6, but only if:  (a) Lead Counsel has notified Defendants' Counsel in writing of its intention to terminate the Settlement, and (b) the entire Settlement Amount is not paid within five (5) business days after Lead Counsel has provided such written notice.

12.4     The termination rights set forth herein are not intended to limit or impair the Settling Parties' rights under the law of contracts of the Commonwealth of Pennsylvania with respect to any breach of this Stipulation.

**13.     Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

13.1     The Effective Date of the Settlement shall be deemed to have occurred upon the occurrence or waiver of all of the following events:

a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A;

b)     the Settlement Amount has been deposited into the Escrow Account;

c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation, including pursuant to the Supplemental Agreement, and the time to exercise such termination rights has expired;

d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation and the time to exercise their termination rights have expired;

e)     the Court has approved the Stipulation and the Settlement embodied herein, following the provision of notice to the Settlement Class and a Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

f) the Court has entered the Judgment, substantially in the form set forth in Exhibit B, and the Judgment has become Final; or the Court has entered an Alternate Judgment, and neither Lead Plaintiffs nor any Defendant seek to terminate the Settlement and the Alternate Judgment has become Final.

13.2 If the conditions specified in ¶13.1 hereof are met and the Effective Date has occurred, no portion of the Settlement Fund will be returned to AdaptHealth, McGee, or any other Person funding the Settlement Amount, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.3 If the conditions specified in ¶13.1 hereof are not met, then the Settlement shall be canceled and terminated pursuant to ¶12.1 through ¶12.4 hereof unless Defendants and Lead Plaintiffs mutually agree in writing to proceed with the Settlement.

13.4 Upon the Effective Date, any and all remaining interest or right of AdaptHealth, AdaptHealth's Insurers, or McGee in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

13.5 If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the Judgment or the Alternate Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

a) The Settlement and relevant portions of this Stipulation shall be canceled and terminated.

b) Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 25, 2023.

c)        The terms and provisions of this Stipulation, with the exception of ¶¶1.1-1.60, 5.1-5.3, 5.7-5.14, 13.1-13.5, 14.1-14.2, and 15.16 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding, litigation, or investigation for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d)        Within ten (10) business days after written notification of such event is sent by AdaptHealth's Counsel, McGee's Counsel, or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Costs actually incurred, paid, or payable pursuant to ¶5.5 and/or ¶5.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶5.5 and/or ¶5.11 hereof, shall be refunded by the Escrow Agent to AdaptHealth and McGee.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deducting any fees or expenses incurred in connection with such application(s), to AdaptHealth and McGee in the same manner as the Settlement Fund described in this ¶13.5.

e)        If any portion of the Fee and Expense Award has been paid out of the Settlement Fund, then Lead Counsel, including its partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and/or Lead Plaintiffs, to the extent they have received any portion of the Fee and Expense Award, shall, within ten (10) business days from receiving notice from AdaptHealth's Counsel or McGee's Counsel or from a court of appropriate jurisdiction, refund or repay to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon.  Any refunds or payment required pursuant to this ¶13.5(e) shall be the several obligation of Lead Plaintiffs' Counsel, including their partners, shareholders, and/or members, and/or Lead Plaintiffs, to the extent they have received any portion of the Fee and Expense Award, to make appropriate

refunds or repayments to the Settlement Fund. As a condition of receiving such fees and expenses, Lead Plaintiffs' Counsel, on behalf of themselves and their partners, shareholders, and/or members, and Lead Plaintiffs, agree that Lead Counsel and each of their partners, shareholders, and/or members, and Lead Plaintiffs are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund. Without limitation, Lead Plaintiffs' Counsel and their partners, shareholders, and/or members, and Lead Plaintiffs agree that the Court may, upon application of AdaptHealth or McGee and notice to Lead Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should they fail to timely repay fees and expenses pursuant to this paragraph.

13.6     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is cancelled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from AdaptHealth's Counsel, McGee's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Any refunds or payment required pursuant to this ¶13.6 shall be the several obligation of Lead Plaintiffs' Counsel, including their partners, shareholders, and/or members, and Lead

Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. As a condition of receiving such fees and expenses, Lead Plaintiffs' Counsel, on behalf of themselves and their partners, shareholders, and/or members, and Lead Plaintiffs, agree that Lead Counsel and each of their partners, shareholders, and/or members, and Lead Plaintiffs are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund. Without limitation, Lead Plaintiffs' Counsel and their partners, shareholders, and/or members, and Lead Plaintiffs agree that the Court may, upon application of AdaptHealth or McGee and notice to Lead Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should they fail to timely repay fees and expenses pursuant to this paragraph.

**14.     No Admission of Wrongdoing**

14.1    Defendants expressly deny any liability with respect to the matters alleged in the Consolidated Complaint. Defendants have denied and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class Members have suffered any damages; that Lead Plaintiffs or the Settlement Class Members were harmed by the conduct alleged in the Action or that could have been alleged in the Action; that the price of AdaptHealth Securities was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently in any way; that Defendants made any alleged material misrepresentations or omissions; that Defendants had or failed to comply with any disclosure obligations with respect to any alleged misrepresentations or omissions; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to class certification and all claims alleged in the Action. Nonetheless,

- 47 -

Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

14.2     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation, the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant

- 48 -

Party, or against any Releasing Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c)　　shall be offered or received against any of the Releasing Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiffs' or the Settlement Class's claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount;

(d)　　shall be offered or received against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Releasing Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

(e)　　shall be construed against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

(f)　　*provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Settling Parties and the other Released Defendant Parties and Releasing Plaintiff Parties may file or refer to this Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## 15.　Miscellaneous Provisions

15.1　The Settling Parties agree to fully cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation, including in seeking Court

approval of the Preliminary Approval Order. The Settling Parties further agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

15.2    Pending approval of the Court of the Settlement, all proceedings in this Action shall be stayed and Lead Plaintiffs and all Settlement Class Members shall be barred and enjoined from, other than for those matters necessary to implement and effectuate the Settlement itself: (a) taking any steps to prosecute any of the Released Plaintiffs' Claims against any of the Released Defendant Parties; and (b) initiating or participating in any proceedings asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties. Also, Lead Plaintiffs shall not take any discovery relating to the Settlement, often referred to as confirmatory discovery, including, but not limited to, document discovery and depositions, and will not seek Court permission or undertake other efforts to do so.

15.3    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Member against the Released Defendant Parties with respect to the Released Plaintiffs' Claims. The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. No Settling Party will deny that the Action was commenced, litigated, and resolved in good faith and in a manner that comports with Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). No Settling Party will assert any violation of Rule 11 or any similar law, rule or regulation relating to the litigation of the Action, including, but not limited to, the institution, prosecution, defense, or settlement of the Action. The Judgment will contain a finding that, during the course of the Action, the Settling Parties and their counsel at all times complied with the requirements of Rule 11. No Settling Party

will object to any finding by the Court in the Judgment, Alternate Judgment, or otherwise that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 in connection with the institution, prosecution, defense, and settlement of the Action. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

15.4    The Settling Parties agree to take no action with respect to the Settlement that is intended to, or that would be reasonably expected to, harm the reputation of the other Settling Party (including the Settling Party's officers, directors, employees, agents or attorneys) or that would reasonably be expected to lead to unfavorable publicity for any other Settling Party.

15.5    The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Action was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Action was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged, to the media or otherwise. The Settling Parties reserve their right to rebut, in a manner that such Settling Party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable

basis.  For the avoidance of doubt, the Defendants retain their right to deny that the claims and allegations asserted in the Action were meritorious.

15.6     This Stipulation and the Exhibits attached hereto together with the Supplemental Agreement constitute the entire agreement among the Settling Parties as to the subject matter hereof.     This Stipulation and the Supplemental Agreement supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

15.7     All of the Exhibits attached hereto and the Supplemental Agreement are fully incorporated by reference as if fully set forth herein and are material terms.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

15.8     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any and all Released Defendant Parties.

15.9     All time periods set forth in this Stipulation shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

15.10   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.11   The administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Settling Parties intend that the Court retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, *inter alia*, entering orders providing for any Fee and Expense Award, the approval of

the Plan of Allocation and enforcing the terms of the Settlement. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

15.12   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (b) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
   & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

*If to AdaptHealth, any AdaptHealth Defendant, AdaptHealth's Counsel or the*

*AdaptHealth Defendants' Counsel:*

WILLKIE FARR & GALLAGHER LLP
TODD G. COSENZA
787 Seventh Avenue
New York, NY 10019

*If to McGee or McGee's Counsel:*

KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
DANI R. JAMES
1177 Avenue of the Americas
New York, NY  10036

15.13   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

15.14   No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their

counsel nor is any representation or warranty in this regard made by virtue of this Stipulation. Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of this Stipulation, and the Settlement embodied herein, and any tax reporting obligations they might have with respect to it. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each Settlement Class Member, and the Released Defendant Parties shall have no liability for such taxes, penalties or interest.

15.15 All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

15.16 Except as otherwise provided herein, each Settling Party shall bear his, her, or its own fees and costs.

15.17 Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

15.18 This Stipulation, along with its Exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

15.19 The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

15.20   Any action arising under or to enforce this Stipulation, the Settlement or any portion of this Stipulation or the Settlement, shall be commenced and maintained only in the Court.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15.21   The Settling Parties may file this Stipulation and/or the Judgment or the Alternate Judgment in any action that may be brought to enforce the terms of this Stipulation, the Settlement and/or the Judgment or the Alternate Judgment.  Defendants and/or the other Released Defendant Parties may file this Stipulation and/or the Judgment or the Alternate Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

15.22   To the extent there are disputes regarding the interpretation of any term of this Stipulation, the Settling Parties will attempt to resolve any such dispute in good faith.  If the Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any non-breaching Settling Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be this Court.

15.23   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.  Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege

or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

15.24 This Stipulation, its Exhibits, the Supplemental Agreement, and all documents necessary to effectuate it shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

15.25 Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so, and that such Person has the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

15.26 This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

15.27 Whether or not the Settlement is approved by the Court and whether or not the Settlement is consummated, the Effective Date occurs, the Settling Parties and their counsel agree to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated February 26, 2024.

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)

_____
DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
klavelle@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ (PA #76554)
HELEN J. BASS (PA # 330646)
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
hbass@ktmc.com

Local Counsel for Lead Plaintiffs

- 57 -

WILLKIE FARR & GALLAGHER LLP
TODD G. COSENZA (admitted *pro hac vice*)
ZEH S. EKONO (admitted *pro hac vice*)
VINCENT P. IANNECE (admitted *pro hac vice*)

_____
TODD G. COSENZA

787 Seventh Avenue
New York, NY 10019-6099
Telephone: 212/728-8000
tcosenza@willkie.com
zekono@willkie.com
viannece@willkie.com

SAXTON & STUMP
STEVEN D. COSTELLO (PA #37822)
100 Deerfield Lane, Suite 240
Malvern, PA 19355
Telephone: 484/328-8500
sdc@saxtonstump.com

Attorneys for the AdaptHealth Defendants


KRAMER LEVIN NAFTALIS & FRANKEL LLP
DANI R. JAMES (admitted *pro hac vice*)
MARJORIE E. SHELDON (admitted *pro hac vice*)
RYAN GANDER (admitted *pro hac vice*)

_____
DANI R. JAMES

1177 Avenue of the Americas
New York, NY 10036
Telephone: 212/715-9100
djames@kramerlevin.com
msheldon@kramerlevin.com
rgander@kramerlevin.com

- 58 -

GRIESING MAZZEO LAW, LLC
FRANCINE FRIEDMAN GRIESING (PA #48982)
MELISSA HAZELL DAVIS (PA #318298)
1880 John F. Kennedy Boulevard, Suite 1800
Philadelphia, PA  19103
Telephone:  215/618-3720
fgriesing@griesingmazzeo.com
mdavis@ griesingmazzeo.com

Attorneys for Defendant Luke McGee

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 27, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="text-align: right;">

s/ Douglas R. Britton
DOUGLAS R. BRITTON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: dougb@rgrdlaw.com

</div>

# Mailing Information for a Case 2:21-cv-03382-HB DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM v. ADAPTHEALTH CORP. F/K/A DFB HEALTHCARE ACQUISITIONS CORP. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **MICHAEL ALBERT**
  malbert@rgrdlaw.com

- **NAUMON A. AMJED**
  namjed@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,4980043420@filings.docketbird.com,mswift@ktmc.com

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **ALLISON A. BERKOWITCH**
  ABERKOWITCH@WILKE.COM

- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Helen Jane Bass**
  hbass@ktmc.com

- **JENNIFER N. CARINGAL**
  jcaringal@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **STEVEN D. COSTELLO**
  sdc@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com,bkilgore@saxtonstump.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **Todd Cosenza**
  tcosenza@willkie.com,mao@willkie.com

- **MELISSA HAZELL DAVIS**
  mdavis@griesingmazzeo.com

- **Zeh S. Ekono**
  zekono@willkie.com

- **STEPHEN J. FLEURY , JR**
  sjf@saxtonstump.com,lk@saxtonstump.com,dmk@saxtonstump.com,bkilgore@saxtonstump.com

- **RYAN GANDER**
  RGander@KRAMERLEVIN.com

- **FRANCINE FRIEDMAN GRIESING**
  fgriesing@griesinglaw.com

- **VINCENT P. IANNECE**
  VIANNECE@WILLKIE.COM

- **DANI R. JAMES**
  djames@kramerlevin.com

- **CHRISTOPHER R. KINNON**
  ckinnon@rgrdlaw.com

- **KEVIN A. LAVELLE**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **MARGOT G. MOONEY**
  MMOONEY@WILLKIE.COM

- **MATTHEW MUSTOKOFF**
  mmustokoff@ktmc.com,5558085420@filings.docketbird.com,mswift@ktmc.com

- **DANIELLE S. MYERS**
  danim@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **JUAN CARLOS SANCHEZ**
  jsanchez@rgrdlaw.com

- **MARJORIE E. SHELDON**
  MSheldon@KRAMERLEVIN.com

- **JOSEPH J. TULL**
  jtull@rgrdlaw.com

- **ANDREW L. ZIVITZ**
  azivitz@ktmc.com,3949407420@filings.docketbird.com,rhrouda@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| Plaintiffs,<br><br>vs.<br><br>ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | EXHIBIT A<br><br>ELECTRONICALLY FILED |

WHEREAS, an action is pending before this Court entitled *Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-03382-HB (E.D. Pa.) (the "Action");

WHEREAS, the parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated February 26, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of this Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, who, during the course of the Action, also engaged an experienced and neutral third-party mediator;

(b) the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Settlement Class;

(d) the Settlement does not provide excessive compensation to counsel for Lead Plaintiffs; and

(e)       the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.       The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Final Approval Hearing described below.

2.       Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock between November 8, 2019 and July 16, 2021, inclusive.  Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion in accordance with the requirements set by the Court.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Bucks County Employees' Retirement System and Delaware County Employees Retirement System are preliminarily certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

5. The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

6. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2024, at ____ ___.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine: (a) whether the proposed Settlement of this Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a

- 3 -

Judgment, as provided in ¶1.26 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and (e) any such other matters as the Court may deem appropriate. The Court may adjourn or change the date and time of the Final Approval Hearing or decide to hold the Final Approval Hearing via remote means without further notice to Settlement Class Members, and may approve the proposed Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. All fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or the Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses. Notwithstanding the foregoing, AdaptHealth shall use its best efforts to provide or cause to be provided to the Claims Administrator (defined below) reasonably available transfer records in electronic searchable form, such as Excel, containing the names, addresses and email addresses (if available) relating to the identity of any purchasers of

AdaptHealth common stock during the Settlement Class Period for purposes of mailing notice to the Settlement Class pursuant to ¶10.2 of the Stipulation.

9. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than _____, 2024 (the "Notice Date") (a date thirty (30) calendar days after entry by this Court of this Order), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail (or email, where email addresses are available) to all potential Settlement Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on its website at www.AdaptHealthSecuritiesSettlement.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b) Not later than _____, 2024 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. Nominees who purchased or acquired AdaptHealth Securities during the Settlement Class Period for the beneficial ownership of potential Settlement Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of AdaptHealth Securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses or email addresses where available of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail or email the Notice

and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.     Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for in the Stipulation, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

12.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2024 (a date one hundred-twenty (120) calendar days from the Notice Date). Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

14.    Any Settlement Class Member except Lead Plaintiffs may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2024 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing). A Request for Exclusion must state: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of AdaptHealth Securities and date of each purchase or acquisition of such shares and/or exchange traded call or put options and the price paid for any purchase or acquisition of AdaptHealth Securities between November 8, 2019 and July 16, 2021, inclusive; and (iii) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired AdaptHealth Securities during the Settlement Class Period who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

15.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not more than five (5) calendar days after receipt by the Claims Administrator.

16.     Any Settlement Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of this Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon.  Any Settlement Class Member may file a written objection and show cause why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2024 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing), by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101; Willkie Farr & Gallagher LLP, Todd G. Cosenza, 787 Seventh Avenue, New York, NY  10019; and Kramer Levin Naftalis & Frankel LLP, Dani R. James, 1177 Avenue of the Americas, New York, NY  10036, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA  19106 on or before _____, 2024 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing).  Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written

objection their intention to appear at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

17. Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of AdaptHealth Securities during the Settlement Class Period, including the dates, the number of shares and/or exchange traded call or put options purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) identify all other class action settlements in the prior two years in which the objector and his, her, its, or their counsel has previously objected.

18. Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _____, 2024 (a date that is thirty-five (35) calendar days prior to the Final Approval Hearing).  Replies to any objections shall be filed and served by _____, 2024 (a date that is seven (7) calendar days prior to the Final Approval Hearing).

21.     Neither the Defendants, Defendants' Counsel, nor the other Released Defendant Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of this Action.

22.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶5.5 or 5.11 of the Stipulation.

24.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

25.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of May 25, 2023.

27.     Unless otherwise ordered by the Court, all proceedings in this Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

        IT IS SO ORDERED.

DATED: _____          _____
                               THE HONORABLE HARVEY BARTLE III
                               UNITED STATES DISTRICT JUDGE

- 11 -

Case 2:21-cv-04338-PHB   Document 1631519   Filed 02/23/24   Page 78 of 141

# EXHIBIT A-1

Case 2:21-cv-04338-PHB   Document 1631519   Filed 02/23/24   Page 78 of 141

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, <br><br> Defendants. | Civ. Action No. 2:21-cv-03382-HB <br><br> <u>CLASS ACTION</u> <br><br> NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION <br><br> EXHIBIT A-1 <br><br> ELECTRONICALLY FILED |

**TO:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ADAPTHEALTH CORP. ("ADAPTHEALTH" OR THE "COMPANY") COMMON STOCK OR CALL OPTIONS ON ADAPTHEALTH COMMON STOCK OR SOLD PUT OPTIONS ON ADAPTHEALTH COMMON STOCK ("ADAPTHEALTH SECURITIES") BETWEEN NOVEMBER 8, 2019 AND JULY 16, 2021, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiffs Bucks County Employees' Retirement System and Delaware County Employees Retirement System ("Lead Plaintiffs") and Defendants AdaptHealth, Luke McGee, Stephen P. Griggs, Jason Clemens, Frank J. Mullen, Richard Barasch, Joshua Parnes, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, "Defendants") and the proposed settlement, which provides $51 million in cash, one (1) million freely-tradable shares of AdaptHealth common stock, and corporate governance reforms to be enacted by AdaptHealth (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, Lead Plaintiffs' Counsel's application for fees and expenses, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). This Notice describes what steps you may take in relation to the Settlement and this Action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims asserted against or the defenses asserted by the Defendants. This Notice is solely to advise you of the pending and proposed Settlement of the Action and of your rights in connection therewith.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated February 26, 2024 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.AdaptHealthSecuritiesSettlement.com.

- 1 -

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2024**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Settlement Class Member. **Objections must be *received* by the Court and counsel on or before _____, 2024. If you submit a written objection, you may (but do not have to) attend the hearing**. |
| **GO TO THE HEARING ON _____, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2024**. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a settlement of $51 million in cash and one (1) million Settlement Shares has been established. Based on Lead Plaintiffs' estimate of the number of shares of AdaptHealth common stock eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation for the Settlement Cash is approximately $0.63 and the average distribution per underlying share with respect to an allegedly damaged option contract is $0.79 before deduction of any taxes on the income earned on the Settlement Amount thereof, Notice and Administration Costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates**. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proof of Claim forms. An individual Settlement Class Member

may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages __ below for more information on the calculation of your claim.

## Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of AdaptHealth Securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the prices of AdaptHealth Securities were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the price of AdaptHealth Securities at various times during the Settlement Class Period; (6) the extent to which external factors influenced the price of AdaptHealth Securities at various times during the Settlement Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of AdaptHealth Securities at various times during the Settlement Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of AdaptHealth Securities at various times during the Settlement Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that, if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Lead Plaintiffs' Counsel not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $800,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per AdaptHealth common share for the Settlement Cash will be approximately $0.16 and average cost per underlying share with respect to an allegedly damaged option contract for the Settlement Cash will be approximately $0.21. In addition, Lead Plaintiffs may seek an award pursuant to 15 U.S.C. §78u-4(a)(4) not to exceed $60,000 in the aggregate in connection with their representation of the Settlement Class.

## Further Information

For further information regarding the Action, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-_____, or visit the website www.AdaptHealthSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash and stock benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further conduct of this Action could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock during the period from November 8, 2019 through and including July 16, 2021 (the "Settlement Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-03382-HB. The case has been assigned to the Honorable Harvey Bartle III. The entities representing the Settlement Class are the "Lead Plaintiffs," and the company and individuals they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Lead Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"), filed on November 22, 2021, alleged that (i) defendant AdaptHealth, in addition to McGee, Griggs, and Clemens (the "Officer Defendants"), violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); (ii) the Officer Defendants violated Section 20(a) of the Exchange Act; (iii) Defendants violated Section 11 of the Securities Act of 1933 (the "Securities Act"); (iv) defendant AdaptHealth violated Section 12(a)(2) of the Securities Act; and (v) the Officer Defendants and Mullen, Barasch, Parnes, Quasha, Connors, Weaver, Wolf, Coppens, and Williams III violated Section 15 of the Securities Act. More specifically, Lead Plaintiffs alleged that throughout the putative class period (November 8, 2019 through July 16, 2021, inclusive), Defendants made numerous materially false and misleading statements and omissions regarding the

- 4 -

methodology used to calculated the Company's organic growth and defendant McGee's involvement in an alleged foreign tax fraud arising from certain past private activity, which caused the price of the Company's common stock to trade at artificially inflated prices, until the market learned of the false and misleading nature of the statements and omissions, and the Company's stock price declined on April 13, 2021 and July 19, 2021.

On January 20, 2022, Defendants moved to dismiss the Consolidated Complaint, arguing that the Consolidated Complaint failed to allege a material false or misleading statement or omission, failed to plead facts supporting scienter, and failed to allege loss causation. On March 21, 2022, Lead Plaintiffs filed their opposition to the motion to dismiss and opposed Defendants' request for judicial notice of certain exhibits attached to their motion to dismiss. Defendants filed their reply brief on April 15, 2022. On May 26, 2022, Lead Plaintiffs filed a Notice of Recent Authority relating to a decision from the Second Circuit Court of Appeals relevant to Lead Plaintiffs' opposition to Defendants' pending motion to dismiss. On June 1, 2022, Defendants filed a Response to Lead Plaintiffs' Notice of Recent Authority that mentioned that the Second Circuit case was distinguishable from the case at hand.

On June 9, 2022, the Court denied Defendants' motion to dismiss. The Court held that the allegations in the Consolidated Complaint adequately pled a claim under Sections 10(b) and 20(a) of the Exchange Act and Sections 11, 12(a)(2) and 15 of the Securities Act for purposes of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants answered the Consolidated Complaint on August 5, 2022. Defendants expressly denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever, including that they engaged in any conduct that constituted violations of Sections 10(b) and 20(a) of the Exchange Act or Sections 11, 12(a)(2) and 15 of the Securities Act and deny that Lead Plaintiffs have asserted any valid claims as to any of them.

Thereafter, the Settling Parties continued to vigorously litigate the Action. On July 15, 2022, the Court, after a conference with counsel, ordered the Settling Parties to proceed with class certification discovery and set deadlines for both class certification discovery and briefing of any class certification motion. With respect to merits discovery, the Court authorized such discovery to proceed but prohibited any merits-related depositions and declined to set any deadlines with respect to merits discovery. The Settling Parties thereafter engaged in extensive discovery of class certification issues, including (a) document productions by Lead Plaintiffs and Lead Plaintiffs' investment manager, (b) responses to written interrogatories by Lead Plaintiffs, (c) depositions of Lead Plaintiffs and Lead Plaintiffs' investment manager, and (d) expert discovery, with Lead Plaintiffs and Defendants submitting a total of eight expert reports from seven experts, and six of the Settling Parties' experts being deposed.

Defendants also produced documents and responded to written interrogatories on merits issues. In response to discovery requests, the AdaptHealth Defendants produced approximately 6,000 documents, totaling more than 35,000 pages, defendant McGee produced approximately 700 documents, totaling over 3,000 pages, and numerous third parties collectively produced approximately 53,000 documents totaling more than 427,000 pages.

In addition, on November 21, 2022, Lead Plaintiffs filed a motion to compel defendant McGee to produce documents regarding the tax scheme allegations pursuant to Lead Plaintiffs'

requests for production. On December 7, 2022, the Court granted Lead Plaintiffs' motion and ordered that the documents be produced by December 30, 2022.

On March 13 and 28, 2023, Lead Plaintiffs filed motions to compel AdaptHealth and certain other Defendants to comply with the Court's scheduling orders and respond to Lead Plaintiffs' interrogatories. After holding a conference with counsel, the Court denied those motions without prejudice on April 11, 2023, subject to further meet and confers between Lead Plaintiffs and Defendants.

On July 28, 2022, Lead Plaintiffs filed their motion for class certification. Defendants filed a seventy-five page opposition to class certification on March 30, 2023, supported by five expert reports. Lead Plaintiffs thereafter filed a fifty-page reply brief on May 22, 2023, supported by two expert reports. Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached their agreement-in-principle to engage in private mediation to settle the Action.

At that time, the Settling Parties engaged a nationally recognized neutral mediator and participated in settlement discussions on multiple occasions, which included the exchange of mediation briefs, responses, and exhibits. On February 14, 2024, the Settling Parties reached an agreement-in-principle to resolve the Action. The agreement included, among other things, the Settling Parties' agreement to settle the Action for releases and (i) a cash payment of $51,000,000, including a $1 million cash payment from defendant McGee not funded by insurance or corporate funds, for the benefit of the Settlement Class; (ii) one (1) million shares of Company common stock for the benefit of the Settlement Class; and (iii) the Corporate Governance Changes, all subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits attached thereto) reflects the final and binding agreement between the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock during the period from November 8, 2019, through and including July 16, 2021, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or

other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion in accordance with the requirements set forth in question 11 below. Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-_____, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $51 million in cash and AdaptHealth has agreed to contribute to the Settlement one (1) million shares of freely tradeable AdaptHealth common stock to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.[2] The Claims Administrator will have the discretion to distribute those shares to Settlement Class Members or to sell those shares and distribute the cash received from such sale to Settlement Class Members. The Plan of Allocation is described in more detail at the end of this Notice.

The Settlement also includes the following corporate governance reforms:

AdaptHealth will adopt the following corporate governance reforms for a period of six (6) years from the date of enactment, the adoption of which shall occur no later than 90 days following the Court's entry of the Judgment:

---

[2] Lead Counsel will have the right to sell the Settlement Shares prior to distribution of the Net Settlement Fund to Authorized Claimants and to distribute proceeds of such sale, *pro rata,* to Authorized Claimants.

1.  **Board declassification**: AdaptHealth's charter shall be amended (subject to shareholder approval) to eliminate the classified structure of its Board of Directors (the "Board"). The amendment would phase out the three-year staggered terms of its directors and transition to the annual election of all directors. Beginning with the 2024 annual meeting, the class of directors elected would be elected for one-year terms. By the 2026 annual meeting, the Board would be completely declassified and all directors would stand for election annually.

2.  **Executive compensation**: In future contracts with Company executive officers, AdaptHealth shall not include any single-trigger accelerated vesting provision (*i.e.*, a provision that allows vesting of equity awards solely as a result of a change in control without any employment termination or where the employee has a right to quit as a result of the transaction by itself).

3.  **Board Leadership**: AdaptHealth's Corporate Governance Guidelines shall provide that the Board may elect an independent director to serve as "Lead Independent Director" for a one-year term if the individual elected as chairperson is not an independent director. The Lead Independent Director, if one is appointed, shall (i) coordinate the activities of the non-management directors and independent directors, (ii) preside at and have the authority to call meetings of the non-management and/or independent directors, and (iii) perform such other duties as may be assigned from time to time by the Board.

4.  **Shareholder Nominations**: AdaptHealth's bylaws shall be amended to provide for access to AdaptHealth's proxy for shareowner-nominated director candidates. Specifically, this provision will allow access to management proxy materials for an investor or group of investors owning in the aggregate at least three percent of the Company's voting stock for at least three years to nominate the greater of (i) two director candidates in any given year, or (ii) the equivalent of 20% of the Board in any given year (once the Board is declassified), subject to satisfaction of eligibility and other requirements. AdaptHealth's proxy materials and related mailings should provide equal space and equal treatment of nominations by qualifying investors.

5.  **Voting Standard**: AdaptHealth will maintain a resignation policy requiring any director who receives more "Withheld" votes than "For" votes to offer his or her resignation, and the Board will determine whether to accept or reject such resignation.

---

**7.     How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

<div align="center">

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

</div>

---

**8.     How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.AdaptHealthSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of

<div align="center">- 8 -</div>

Claim form, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024**.  The Proof of Claim form may be submitted online at www.AdaptHealthSecuritiesSettlement.com.

| **9.** | **When would I get my payment?** |
|---|---|

**The Court will hold a Final Approval Hearing on _____, 2024, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against the Released Defendant Parties, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in Lead Plaintiffs' Consolidated Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, (c) could have been asserted, alleged, or set forth in the Consolidated Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) by Lead Plaintiffs, any Settlement Class Member, or any other Releasing Plaintiff Party arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition by any Settlement Class Member of AdaptHealth Securities during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories that were or could have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action.

    Notwithstanding the foregoing, Released Plaintiffs' Claims do not include, settle, or release any pending claims against the Released Defendant Parties relating to non-duplicative facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, and/or legal theories that were not and could not have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in

- 9 -

this Action ("Unique Claims"), even if any such Unique Claim is asserted by any Lead Plaintiff or any Settlement Class Member that received compensation in connection with the Settlement. For the avoidance of doubt, the Settlement is not intended to release any Unique Claims asserted in *Allegheny County Employees' Retirement System v. AdaptHealth Corp.*, No. 2:23-cv-04104 in the United States District Court for the Eastern District of Pennsylvania.

Released Plaintiffs' Claims also do not include any and all claims brought derivatively in *Hessler v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-05335 in the United States District Court for the Eastern District of Pennsylvania, or settle, or release any claims relating to the enforcement of the Stipulation or the Settlement.

- "Released Defendants' Claims" means any and all claims, rights, causes of action, or liabilities of every nature and description whatsoever, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, against a Releasing Plaintiff Party that are based upon, arise out of, concern, or relate in any way to the institution, prosecution, or settlement of the Action against Defendants. Released Defendants' Claims do not include, settle, or release any claims relating to the enforcement of the Stipulation or the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the following: (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Defendant Parties or decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Releasing Plaintiff Parties. With respect

- 10 -

to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into the Stipulation, but they are notwithstanding this potential entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and was a material element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *AdaptHealth Securities Settlement*." Your letter must include your purchases or acquisitions of AdaptHealth Securities during the Settlement Class Period, including the number of shares of AdaptHealth Securities and date of each purchase or acquisition of such shares and/or exchange traded call or put options, and the price paid for any purchase or acquisition of AdaptHealth Securities. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*AdaptHealth Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA  02021

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim form to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $800,000 in connection with the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiffs may seek up to $60,000 in the aggregate for their time and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's Fee and Expense Application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *AdaptHealth Securities Settlement*. Include your name, address, email address, telephone number, and your signature, even if you are represented by counsel, identify the date(s), the number of shares of AdaptHealth common stock and/or exchange traded call or put options on AdaptHealth common stock you purchased, acquired, or sold during the Settlement Class Period and price paid or received for each such purchase, acquisition, or sale, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or Fee and Expense Application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and must identify all class action settlements to which the objecting Settlement Class Member or your counsel filed objections in the past two years. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, **2024**:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA 92101 | WILLKIE FARR & GALLAGHER LLP TODD G. COSENZA 787 Seventh Avenue New York, NY 10019

KRAMER LEVIN NAFTALIS & FRANKEL LLP DANI R. JAMES 1117 Avenue of the Americas New York, NY 10036 |

- 13 -

---

**17.      What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

<div align="center">

**THE COURT'S FINAL APPROVAL HEARING**

</div>

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

---

**18.      When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Final Approval Hearing at **___ _.m., on _____, 2024**, in the Courtroom of the Honorable Harvey Bartle III, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and how much to award Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. In addition, there is a possibility that the Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AdaptHealthSecuritiesSettlement.com, before making any plans to attend the Final Approval Hearing.  Any updates regarding the Final Approval Hearing, including any changes to the date and time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.AdaptHealthSecuritiesSettlement.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Final Approval Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, www.AdaptHealthSecuritiesSettlement.com**.  If you want to attend the hearing, either in person or telephonically, if permitted, you should check with Lead Counsel or the Settlement website, www.AdaptHealthSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, including awards to the Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *AdaptHealth Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.  Your notice of intention to appear must be ***received* no later than _____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Plaintiffs' Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-_____.  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Action, which are posted on the Settlement website at www.AdaptHealthSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

| |
|---|
| **23.     How will my claim be calculated?** |

As discussed above, the Settlement provides $51,000,000 in cash and one (1) million shares of AdaptHealth common stock for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Proof of Claim forms in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AdaptHealthSecuritiesSettlement.com.

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

1.      The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any Orders regarding a modification to the Plan will be posted to www.AdaptHealthSecuritiesSettlement.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

2.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.

3.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for class member damages.  The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 97.5% of the Net Settlement Fund will be allocated collectively to AdaptHealth Common Stock; and (b) no more than 2.5% of the Net Settlement Fund will be allocated to call options and put options on AdaptHealth Common Stock.

4.      The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

- 16 -

**Exchange Act Loss Amounts**

5. In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of publicly traded AdaptHealth common stock ("AdaptHealth Common Stock") that was allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in AdaptHealth Common Stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

6. For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the AdaptHealth Common Stock or Options. In the Action, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from November 8, 2019 through July 16, 2021, inclusive, which had the effect of artificially inflating the price of AdaptHealth Common Stock and call Options and artificially deflating the price of AdaptHealth put Options. Lead Plaintiffs further allege that corrective information was released to the market through a series of corrective disclosures on April 13, 2021 and July 19, 2021, which partially removed artificial inflation from the prices of AdaptHealth Common Stock and Options on those dates.

7. Exchange Act loss amounts for transactions in AdaptHealth Common Stock or Options are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the price of AdaptHealth Common Stock or Options at the time of purchase and the time of sale or the difference between the actual purchase price and sale price. In order to have an Exchange Act Loss Amount under the Plan of Allocation, a Settlement Class Member who purchased or otherwise acquired AdaptHealth Common Stock or Options prior to the first alleged corrective disclosure, which occurred at 9:48 a.m. ET on April 13, 2021, must have held his, her, or its AdaptHealth Common Stock or Options through at least that time. A Settlement Class Member who purchased or otherwise acquired publicly traded AdaptHealth Common Stock or Options from 9:48 a.m. ET on April 13, 2021, through and including July 16, 2021, must have held those shares or Options through at least July 19, 2021, when additional allegedly corrective information was released before the open of regular market trading, which removed the remaining artificial inflation from the price of AdaptHealth Common Stock and Options, in order to have an Exchange Act Loss Amount.

**Securities Act Loss Amounts**

8. The statutory formula for the calculation of compensable losses under the Securities Act (at Section 11(e) thereof) serves as the basis for calculating Securities Act Loss Amounts under the Plan. Under this formula, November 22, 2021 (when the first federal complaint alleging Securities Act claims was filed) is deemed the "date of suit."

- 17 -

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

9.        Based on the formula stated below, a "**Recognized Loss Amount**" will be calculated for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period that is listed on the Proof of Claim and Release form and for which adequate documentation is provided.  The **Recognized Loss Amount** for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period shall be *the greater of* (a) the **Exchange Act Loss Amount** calculated under paragraph 10 below, if any, *or* (b) the **Securities Act Loss Amount** calculated under paragraph 12 or 13 below, if any.

**Exchange Act Loss Amounts**

**TRANSACTIONS IN ADAPTHEALTH COMMON STOCK**

10.        For each share of AdaptHealth Common Stock purchased or otherwise acquired during the period from November 8, 2019 through July 16, 2021, inclusive (including shares purchased in AdaptHealth's January 8, 2021 Secondary Public Offering), and:

(a)        sold before 9:48 a.m. ET on April 13, 2021, the **Exchange Act Loss Amount** is zero;

(b)        sold from 9:48 a.m. ET on April 13, 2021 through the close of trading on July 18, 2021, the **Exchange Act Loss Amount** is **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase price *minus* the sale price;

(c)        sold from July 19, 2021 through the close of trading on October 14, 2021, the **Exchange Act Loss Amount** is equal to **the least of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between July 19, 2021 and the date of sale as stated in Table B;

(d)        held as of the close of trading on October 14, 2021, the **Exchange Act Loss Amount** is equal to **the lesser of**: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $23.65.[3]

---

[3]        Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized loss amounts are reduced to an appropriate extent by taking into account the closing prices of AdaptHealth Common Stock during the "90-day look-back period," from July 19, 2021 through October 14, 2021.  The mean (average) closing price for AdaptHealth Common Stock during this period was $23.65.

- 18 -

**TRANSACTIONS IN ADAPTHEALTH OPTIONS CONTRACTS**

For call Options on AdaptHealth Common Stock purchased or otherwise acquired during the Settlement Class Period,[4] and:

      (a)     closed (through sale, exercise, or expiration) before 9:48 a.m. ET on April 13, 2021, the Recognized Loss Amount is $0.00;

      (b)     closed (through sale, exercise, or expiration) without being held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is $0.00;

      (c)     held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is the difference between the price paid for the call Option less the proceeds received upon the sale, exercise, or expiration of the call Option contract; or

      (d)     held as of the close of trading on July 16, 2021, the Recognized Loss Amount is the difference between (i) the price paid for the call Option and (ii) the Call Option Intrinsic Value of the Option on October 14, 2021.[5]

For call Options on AdaptHealth Common Stock written or otherwise sold, the Recognized Loss Amount is zero.

For put Options on AdaptHealth Common Stock written or otherwise sold during the Settlement Class Period, and:

      (a)     closed (via re-purchase, assignment, or expiration) before 9:48 a.m. ET on April 13, 2021, Recognized Loss Amount is $0.00;

      (b)     closed (via re-purchase, assignment, or expiration) without being held through at least one of the alleged corrective disclosures, the Recognized Loss Amount is zero;

      (c)     held through at least one of the corrective disclosures, the Recognized Loss Amount is the difference between the amount(s) paid upon re-purchase, assignment, or expiration of the put Option contract less the initial proceeds received upon the sale of the put Option contract; or

---

[4]    To participate in the Settlement, Claimants must provide adequate documentation to establish that each call Option and put Option purchased or sold remained open through at least one of the disclosures identified above.  With respect to shares of AdaptHealth Common Stock purchased or sold through the exercise of an Option, the purchase/sale date of the AdaptHealth Common Stock is the exercise date of the Option, and the purchase/sale price of the AdaptHealth Common Stock is the exercise price of the Option.

[5]    The Call Option Intrinsic Value on October 14, 2021 is equal to 100 multiplied by the difference between $24.73 and the Option exercise strike price (where $24.73 is the closing price of AdaptHealth Common Stock on October 14, 2021).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

- 19 -

(d)      held as of the close of trading on July 16, 2021, the Recognized Loss Amount is the difference between (a) the Put Option Intrinsic Value of the Option on October 14, 2021,[6] and (b) the initial proceeds received from the sale of the put Option contract.

11.      For put Options on AdaptHealth Common Stock purchased or otherwise acquired, the Recognized Loss Amount is zero.

**Securities Act Loss Amounts**

12.      Purchases of AdaptHealth Common Stock for $33.00 in the January 8, 2021 Secondary Public Offering ("SPO").  For each share of AdaptHealth Common Stock purchased for $33.00 directly in the January 8, 2021 SPO and:

(a)      sold before the close of trading on November 22, 2021, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $33.00) minus the sale price per share;

(b)      sold after the close of trading on November 22, 2021, or held or sold thereafter, the **Securities Act Loss Amount** is the purchase price per share (not to exceed $33.00) minus **the greater of**: (i) the sale price per share if sold; or (ii) $22.22 (the price of AdaptHealth Common Stock on November 22, 2021);

13.      As noted above, for each purchase or acquisition of AdaptHealth Common Stock during the Settlement Class Period, a **Recognized Loss Amount** will be calculated which is ***the greater of***: the Exchange Act Loss Amount, if any, or the Securities Act Loss Amount, if any.  If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

<div align="center">

**ADDITIONAL PROVISIONS**

</div>

14.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 20 below) is $10.00 or greater.

15.      **Calculation of a Claimant's "Recognized Claim"**: A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of AdaptHealth Common Stock and Options during the Settlement Class Period.  If a Claimant had a market gain with respect to their overall transactions in AdaptHealth Common Stock and Options during the Settlement Class Period, the value of the claimant's Recognized Claim will be zero.  If a Claimant suffered an overall market loss with respect to their overall transactions in AdaptHealth Common Stock and Options during the Settlement Class Period, but that market loss was less than the Claimants' total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall

---

[6]      The Put Option Intrinsic Value on October 14, 2021 is equal to 100 multiplied by the difference between the Option exercise/ strike price and $24.73 (where $24.73 is the closing price of AdaptHealth Common Stock on October 14, 2021).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

transactions of AdaptHealth Common Stock and call Options during the Settlement Class Period, the Claims Administrator will determine the difference between, the Claimant's (i) Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Holding Value.[9]  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to that Settlement Class Member's overall transactions in AdaptHealth put Options during the Settlement Class Period, the Claims Administrator will determine the difference between the Claimant's (i) total Put Proceeds[10] and (ii) the sum of the Total Covering Cost[11] and Holding Value.[12]  This difference will be deemed a Claimant's market gain or loss with respect to the Claimant's overall transactions in AdaptHealth put options during the Settlement Class Period.

---

[7]     The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for AdaptHealth Common Stock and Options purchased or otherwise acquired during the Class Period.

[8]     The Claims Administrator will match any sales of AdaptHealth Common Stock from the start of the Class period through and including the close of trading on July 16, 2021, first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of AdaptHealth Common Stock sold from the start of the Settlement Class Period through and including the close of trading on July 16, 2021 will be the "Total Sales Proceeds."

[9]     The Claims Administrator will ascribe a "Holding Value" equal to (i) $25.47 for each share of AdaptHealth Common Stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on July 16, 2021; (ii) the Call Option Intrinsic Value on July 16, 2021 for each call Option purchased during the Settlement Class Period and still held as of the close of trading on July 16, 2021.  The Call Option Intrinsic Value on July 16, 2021 is equal to 100 multiplied by the difference between $25.47 and the option exercise/strike price (where $25.47 is the closing price of AdaptHealth Common Stock on July 16, 2021).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

[10]     The "Total Put Proceeds" is the total amount the Claimant received (excluding commissions and other charges) for writing put options on AdaptHealth Common Stock during the Settlement Class Period.

[11]     The "Total Covering Cost" is the total amount the claimant paid (excluding commissions and other charges) to close the written put Option position.

[12]     The Claims Administrator will ascribe a "Holding Value" equal to the Put Option Intrinsic Value on July 16, 2021 for each put Option written or sold during the Settlement Class Period and still held as of the close of trading on July 16, 2021.  The Put Option Intrinsic Value on July 16, 2021 is equal to 100 multiplied by the difference between the Option exercise/strike price and $25.47 (where $25.47 is the closing price of AdaptHealth Common Stock on July 16, 2021).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

16. **FIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of AdaptHealth Common Stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

17. **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

18. **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of AdaptHealth Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Moreover, the receipt or grant by gift, inheritance, or operation of law of AdaptHealth Common Stock during the Settlement Class Period shall not be deemed an eligible purchase, acquisition, or sale, nor shall the receipt or grant be deemed an assignment of any claim relating to the shares unless (i) the donor or decedent purchased or acquired the AdaptHealth Common Stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

19. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the AdaptHealth Common Stock. The date of a "short sale" is deemed to be the date of sale of the AdaptHealth Common Stock. "Short sales" and the purchases covering "short sales" shall not be entitled to recovery under the Plan of Allocation.

20. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

21. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculations and no distribution will be made to that Authorized Claimant.

22. Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals were resolved. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in

consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective.  At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

23.    Please contact the Claims Administrator or Lead Counsel if you disagree with determinations made by the Claims Administrator regarding your Proof of Claim form.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Plaintiffs' Counsel, or Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**Table A**
**Estimated Artificial Inflation in AdaptHealth**
**Common Stock from November 8, 2019 through July 19, 2021**

| Date Range | Artificial Inflation Per Share |
|---|---|
| November 8, 2019 – 9:47 a.m. ET on April 13, 2021 | $8.58 |
| 9:48 a.m. ET on April 13, 2021 – July 18, 2021 | $1.26 |
| July 19, 2021 and later | $0.00 |

**Table B**
**90-Day Look-Back Table for AdaptHealth Common Stock**
**(Average Closing Price: July 19, 2021 - October 14, 2021**

- 23 -

| Sale Date | Average Closing Price from July 19, 2021 through Date | Sale Date | Average Closing Price from July 19, 2021 through Date |
|---|---|---|---|
| 7/19/2021 | $23.96 | 9/1/2021 | $23.48 |
| 7/20/2021 | $23.41 | 9/2/2021 | $23.52 |
| 7/21/2021 | $23.43 | 9/3/2021 | $23.55 |
| 7/22/2021 | $23.21 | 9/7/2021 | $23.60 |
| 7/23/2021 | $23.03 | 9/8/2021 | $23.64 |
| 7/26/2021 | $22.87 | 9/9/2021 | $23.67 |
| 7/27/2021 | $22.77 | 9/10/2021 | $23.67 |
| 7/28/2021 | $22.69 | 9/13/2021 | $23.68 |
| 7/29/2021 | $22.63 | 9/14/2021 | $23.68 |
| 7/30/2021 | $22.60 | 9/15/2021 | $23.70 |
| 8/2/2021 | $22.53 | 9/16/2021 | $23.70 |
| 8/3/2021 | $22.45 | 9/17/2021 | $23.71 |
| 8/4/2021 | $22.39 | 9/20/2021 | $23.72 |
| 8/5/2021 | $22.59 | 9/21/2021 | $23.71 |
| 8/6/2021 | $22.76 | 9/22/2021 | $23.70 |
| 8/9/2021 | $22.90 | 9/23/2021 | $23.70 |
| 8/10/2021 | $23.00 | 9/24/2021 | $23.68 |
| 8/11/2021 | $23.13 | 9/27/2021 | $23.69 |
| 8/12/2021 | $23.24 | 9/28/2021 | $23.68 |
| 8/13/2021 | $23.34 | 9/29/2021 | $23.67 |
| 8/16/2021 | $23.39 | 9/30/2021 | $23.67 |
| 8/17/2021 | $23.42 | 10/1/2021 | $23.66 |
| 8/18/2021 | $23.42 | 10/4/2021 | $23.66 |
| 8/19/2021 | $23.39 | 10/5/2021 | $23.66 |
| 8/20/2021 | $23.39 | 10/6/2021 | $23.65 |
| 8/23/2021 | $23.40 | 10/7/2021 | $23.65 |
| 8/24/2021 | $23.41 | 10/8/2021 | $23.64 |
| 8/25/2021 | $23.43 | 10/11/2021 | $23.63 |
| 8/26/2021 | $23.43 | 10/12/2021 | $23.63 |
| 8/27/2021 | $23.43 | 10/13/2021 | $23.63 |
| 8/30/2021 | $23.44 | 10/14/2021 | $23.65 |
| 8/31/2021 | $23.46 | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or acquired AdaptHealth Securities during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to

- 24 -

the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such AdaptHealth Securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days of receipt, email or mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice and Proof of Claim form emailed or mailed by you, plus postage at the rate used by the Claims Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

<div align="center">

*AdaptHealth Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____
www.AdaptHealthSecuritiesSettlement.com

</div>

DATED: _____

<div style="margin-left:40%">

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

</div>

Case 2:23-cv-04043-JHB Document 61-47-3 Filed 02/23/24 Page 105 of 141

# EXHIBIT A-2

Case 2:23-cv-04043-JHB Document 61-47-3 Filed 02/23/24 Page 105 of 141

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III,<br><br>　　　　　　　　　　　Defendants. | Civ. Action No. 2:21-cv-03382-HB<br><br><u>CLASS ACTION</u><br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT A-2<br><br>ELECTRONICALLY FILED |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-03382-HB (E.D. Pa.) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.[1]

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS**:

> *AdaptHealth Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box _____
> _____
>
> Online Submissions:  www.AdaptHealthSecuritiesSettlement.com

4.    DO NOT mail or deliver your Proof of Claim to the Court, the Parties to the Action, or their counsel.  Submit your Proof of Claim only to the Claims Administrator at the address set forth above.  If you are NOT a member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

---

[1]    This Proof of Claim incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Stipulation"), which can be obtained at www. AdaptHealthSecuritiesSettlement.com.

- 1 -

5.      If you did not timely request exclusion and are a Settlement Class Member, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

6.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.    CLAIMANT IDENTIFICATION

1.      You are a member of the Settlement Class if you purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock ("AdaptHealth Securities") between November 8, 2019 and July 16, 2021, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion in accordance with the requirements set by the Court.

2.      If you purchased or acquired AdaptHealth Securities and held the certificate(s) in your name, you are the beneficial purchaser, acquirer, or seller as well as the record purchaser, acquirer, or seller.  If, however, you purchased or acquired AdaptHealth Securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, acquirer, or seller and the third party is the record purchaser, acquirer, or seller.

3.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser, acquirer, or seller of record ("nominee"), if different from the beneficial purchaser, acquirer, or seller of the AdaptHealth Securities that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRER(S), OR SELLER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S), OR SELLER(S) OF THE ADAPTHEALTH SECURITIES UPON WHICH THIS CLAIM IS BASED.

4.      All joint purchasers, acquirers, or sellers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this Proof of Claim form on behalf of persons represented by them and their authority must accompany this Proof of Claim form and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5.      One claim should be submitted for each separate legal entity.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that

entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

      6.     By submitting a signed Claim Form, you will be swearing that you:

      (a)     own or owned the AdaptHealth Securities you have listed in the Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

## III.    CLAIM FORM

      1.     Use Part II of this form entitled "Schedule of Transactions in AdaptHealth Common Stock" and Part III of this form entitled "Schedule of Transactions in AdaptHealth Options" to supply all required details of your transaction(s) in AdaptHealth Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

      2.     On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of AdaptHealth Securities which took place during the period between November 8, 2019 and October 14, 2021, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* AdaptHealth Securities you held at the close of trading on November 7, 2019, July 16, 2021, and October 14, 2021. Failure to report all such transactions may result in the rejection of your claim.

      3.     List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

      4.     For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of AdaptHealth common stock, and the date of a "short sale" is deemed to be the date of sale of AdaptHealth common stock.

- 4 -

5. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings AdaptHealth Securities set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in AdaptHealth Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENT. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents**.

6. The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

7. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

8. As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.

9. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator. Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@AdaptHealthSecuritiesSettlement.com, or by toll-free phone at _____, or you can visit the website, www.AdaptHealthSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

10. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.AdaptHealthSecuritiesSettlement.com. All claimants *must* submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

*Delaware County Employees Retirement System, et al. v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*,

No. 2:21-cv-03382-HB

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**_____, 2024**

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                              State or Province

_____    _____

Zip Code or Postal Code          Country

_____   _____   Individual

Last Four Digits of Social Security Number or   _____   Corporation/Other

Entire Taxpayer Identification Number

Area Code: _____    Telephone Number (work): _____

Area Code: _____    Telephone Number (home): _____

Email:    _____

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN ADAPTHEALTH COMMON STOCK

    A.    Number of shares of AdaptHealth common stock held at the close of trading on November 7, 2019: _____

    B.    Purchases or acquisitions of AdaptHealth common stock (November 8, 2019 – October 14, 2021, inclusive):[2]

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**

    (i)    If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

    (ii)    If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD YYYY  _____  _____
                   Merger Shares         Company

    C.    Sales of AdaptHealth common stock (November 8, 2019 – October 14, 2021, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    D.    Number of shares of AdaptHealth common stock held at the close of trading on July 16, 2021: _____

---

[2] Information requested about your purchases or acquisitions on July 17, 2021, through and including the close of trading on October 14, 2021, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Settlement Class Period.

E.  Number of shares of AdaptHealth common stock held at the close of trading on October 14, 2021: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and

print your name on each additional page.

PART III:  SCHEDULE OF TRANSACTIONS IN ADAPTHEALTH OPTIONS

### PURCHASES/REPURCHASES

**A.**  I made the following purchases/repurchases of options on AdaptHealth common stock between November 8, 2019 and July 16, 2021, inclusive:

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date |
|---|---|---|---|---|---|---|
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |

**B.** I sold/wrote the following options on AdaptHealth common stock between November 8, 2019 and July 16, 2021, inclusive:

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date | | |
|---|---|---|---|---|---|---|---|---|
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |
| Option Type: Put Call | | | | | | Proof of transaction enclosed? | Y | N |

- 10 -

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other AdaptHealth securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of AdaptHealth Securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V.  RELEASE

1.  Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties, as defined below.

2.  "Released Defendant Party" or "Released Defendant Parties" means each and all of the following: (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates,

- 11 -

professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

3. "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against the Released Defendant Parties, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in Lead Plaintiffs' Consolidated Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, (c) could have been asserted, alleged, or set forth in the Consolidated Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) by Lead Plaintiffs, any Settlement Class Member, or any other Releasing Plaintiff Party arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition by any Settlement Class Member of AdaptHealth Securities during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories

that were or could have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action.

Notwithstanding the foregoing, Released Plaintiffs' Claims do not include, settle, or release any pending claims against the Released Defendant Parties relating to non-duplicative facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, and/or legal theories that were not and could not have been alleged, set forth, referred to, or involved in this Action, the Consolidated Complaint, or any prior complaint filed in this Action ("Unique Claims"), even if any such Unique Claim is asserted by any Lead Plaintiff or any Settlement Class Member that received compensation in connection with the Settlement. For the avoidance of doubt, the Settlement is not intended to release any Unique Claims asserted in *Allegheny County Employees' Retirement System v. AdaptHealth Corp.*, No. 2:23-cv-04104 in the United States District Court for the Eastern District of Pennsylvania.

Released Plaintiffs' Claims also do not include any and all claims brought derivatively in *Hessler v. AdaptHealth Corp. f/k/a DFB Healthcare Acquisitions Corp., et al.*, No. 2:21-cv-05335 in the United States District Court for the Eastern District of Pennsylvania, or settle, or release any claims relating to the enforcement of the Stipulation or the Settlement.

4.      "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, or its release of the Released Defendant Parties or decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Releasing Plaintiff Parties. With respect to any and all Released Claims,

- 13 -

the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into the Stipulation, but they are notwithstanding this potential entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims were separately bargained for and was a material element of the Settlement.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in AdaptHealth Securities which are the subject of this

- 14 -

claim, which occurred during the Settlement Class Period, as well as the opening and closing positions in such shares held by me (us) on the dates requested in this Claim Form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
(Month/Year)                                      (City)

_____.
(State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

- 15 -

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS:**

*AdaptHealth Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____
www.AdaptHealthSecuritiesSettlement.com

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III,<br><br>     Defendants. | Civ. Action No. 2:21-cv-03382-HB<br><br>CLASS ACTION<br><br>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-3<br><br>ELECTRONICALLY FILED |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ADAPTHEALTH CORP ("ADAPTHEALTH" OR THE "COMPANY") COMMON STOCK OR CALL OPTIONS ON ADAPTHEALTH COMMON STOCK OR SOLD PUT OPTIONS ON ADAPTHEALTH COMMON STOCK ("ADAPTHEALTH SECURITIES") BETWEEN NOVEMBER 8, 2019 AND JULY 16, 2021, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2024, at __:__ _.m., before the Honorable Harvey Bartle III at the United States District Court, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106 to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Action as set forth in the Stipulation and Agreement of Settlement ("Stipulation")[1] for $51,000,000.00 in cash, one million shares of AdaptHealth common stock, and corporate governance reforms to be adopted by AdaptHealth, should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amounts; (4) to award Lead Plaintiffs for their costs and expenses in representing the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4) out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The Court may decide to conduct the Final Approval Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members must or may

---

[1] The Stipulation can be viewed and/or obtained at www.AdaptHealthSecuritiesSettlement.com.

participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www. AdaptHealthSecuritiesSettlement.com, before making any plans to attend the Final Approval Hearing. Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will also be posted to the Settlement website, www. AdaptHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Final Approval Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website, www. AdaptHealthSecuritiesSettlement.com.

IF YOU PURCHASED OR ACQUIRED ADAPTHEALTH SECURITIES BETWEEN NOVEMBER 8, 2019 AND JULY 16, 2021, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2024)** or electronically **(no later than _____, 2024)**. Your failure to submit your Proof of Claim by _____, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action. If you purchased or acquired AdaptHealth Securities between November 8, 2019 and July 16, 2021, inclusive, and do not request exclusion from the Settlement Class, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other

things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.AdaptHealthSecuritiesSettlement.com, or by writing to:

*AdaptHealth Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Greg Wood
Shareholder Relations
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900
www.settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE SETTLEMENT AMOUNT, WHICH IS COMPRISED OF $51,000,000 IN CASH AND ONE MILLION SHARES OF ADAPTHEALTH COMMON STOCK, AND EXPENSES NOT TO EXCEED $800,000, PLUS INTEREST, AND/OR THE AWARD TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) FOR THEIR COSTS AND EXPENSES NOT TO EXCEED $60,000 IN THE AGGREGATE. ANY OBJECTIONS MUST BE FILED WITH THE

- 3 -

COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY**

_____**, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   EASTERN DISTRICT OF PENNSYLVANIA

- 4 -

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | Civ. Action No. 2:21-cv-03382-HB |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| vs. | ) ) | EXHIBIT B |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ELECTRONICALLY FILED |
| Defendants. | ) ) ) | |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated February 26, 2024 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Order Preliminarily Approving Settlement and Providing for Notice and finally certifies, for purposes of the Settlement only, a Settlement Class defined as:  all Persons who purchased or otherwise acquired AdaptHealth common stock or call options on AdaptHealth common stock or sold put options on AdaptHealth common stock between November 8, 2019 and July 16, 2021, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are: (a) Defendants; (b) any Person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (f) any Person who would otherwise

be a Settlement Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit A hereto. Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other specifically excluded persons or entities.

4. The Court finds that for purposes of the Settlement only: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

6.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses this Action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

7.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs, each and every Releasing Plaintiff Party, and each of the Settlement Class Members (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Defendant Parties, in respect of any Released Plaintiffs' Claims. Claims to enforce the terms of the Stipulation and the Settlement are not released.

- 3 -

8.      Upon the Effective Date, and as provided in the Stipulation, Defendants and each and every Released Defendant Party (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever comprised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Plaintiff Parties in respect of any Released Defendants' Claims. Claims to enforce the terms of the Stipulation and the Settlement are not released.

9.      The Notice of Pendency and Proposed Settlement of Class Action provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement

- 4 -

and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b) shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against any Releasing Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c)     shall be offered or received against any of the Releasing Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiffs' or the Settlement Class's claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount;

(d)     shall be offered or received against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Releasing Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

(e)     shall be construed against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

(f)     provided, however, that, notwithstanding the foregoing, the Settling Parties and the other Released Defendant Parties and Releasing Plaintiff Parties may file or refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of this Settlement, *inter alia*, entering orders providing for any Fee and Expense Award, the approval of the Plan of Allocation and enforcing the terms of the Settlement; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

- 6 -

13. The Court finds that during the course of this Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants pursuant to Paragraph 13.5 of the Stipulation then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in this Action as of May 25, 2023, as provided in the Stipulation.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____
                                   THE HONORABLE HARVEY BARTLE III
                                   UNITED STATES DISTRICT JUDGE

- 7 -

# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM and BUCKS COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) Civ. Action No. 2:21-cv-03382-HB ) ) CLASS ACTION ) ) CORPORATE GOVERNANCE CHANGES ) |
| Plaintiffs, | ) EXHIBIT C ) |
| vs. | ) ELECTRONICALLY FILED ) |
| ADAPTHEALTH CORP. f/k/a DFB HEALTHCARE ACQUISITIONS CORP., LUKE MCGEE, STEPHEN P. GRIGGS, JASON CLEMENS, FRANK J. MULLEN, RICHARD BARASCH, JOSHUA PARNES, ALAN QUASHA, TERENCE CONNORS, DR. SUSAN WEAVER, DALE WOLF, BRADLEY COPPENS, and DAVID S. WILLIAMS III, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

AdaptHealth will adopt the following corporate governance reforms for a period of six (6) years from the date of enactment, the adoption of which shall occur no later than ninety (90) days following the Court's entry of the Judgment:[1]

1.      **Board declassification**:  AdaptHealth's charter shall be amended (subject to shareholder approval) to eliminate the classified structure of its board of directors (the "Board"). The amendment would phase out the three-year staggered terms of its directors and transition to the annual election of all directors.  Beginning with the 2024 annual meeting, the class of directors elected would be elected for one-year terms.  By the 2026 annual meeting, the Board would be completely declassified and all directors would stand for election annually.

2.      **Executive compensation**:  In future contracts with Company executive officers, AdaptHealth shall not include any single-trigger accelerated vesting provision (*i.e.*, a provision that allows vesting of equity awards solely as a result of a change in control without any employment termination or where the employee has a right to quit as a result of the transaction by itself).

3.      **Board Leadership**:  AdaptHealth's Corporate Governance Guidelines shall provide that the Board may elect an independent director to serve as "Lead Independent Director" for a one-year term if the individual elected as chairperson is not an independent director.  The Lead Independent Director, if one is appointed, shall (i) coordinate the activities of the non-management directors and independent directors, (ii) preside at and have the authority to call meetings of the non-management and/or independent directors, and (iii) perform such other duties as may be assigned from time to time by the Board.

---

[1]    Unless otherwise stated, defined terms used herein have the same meaning as in the Stipulation and Agreement of Settlement.

4. **Shareholder Nominations**: AdaptHealth's bylaws shall be amended to provide for access to AdaptHealth's proxy for shareowner-nominated director candidates. Specifically, this provision will allow access to management proxy materials for an investor or group of investors owning in the aggregate at least three percent of the Company's voting stock for at least three years to nominate the greater of (i) two director candidates in any given year, or (ii) the equivalent of 20% of the Board in any given year (once the Board is declassified), subject to satisfaction of eligibility and other requirements. AdaptHealth's proxy materials and related mailings should provide equal space and equal treatment of nominations by qualifying investors.

5. **Voting Standard**: AdaptHealth will maintain a resignation policy requiring any director who receives more "Withheld" votes than "For" votes to offer his or her resignation, and the Board will determine whether to accept or reject such resignation.