# Exhibit 59



Unified Program Integrity Contractor
Western Jurisdiction (UPIC W)

Delivery Method: Federal Express

June 25, 2020

Choice Medical Healthcare, Inc.
56 E. Broadway, Suite 600
Salt Lake City Utah 84111

**Re:** Notice of Suspension of Medicare Payments
**Provider/Supplier Medicare ID Number(s):** 4794850001
**Provider/Supplier NPI:** 1730163981
**PSP Number:** PSP-200514-00007

Dear Choice Medical Healthcare, Inc.:

The purpose of this letter is to notify you of our determination to suspend your Medicare payments in all jurisdictions pursuant to 42 C.F.R. § 405.371(a)(2). The suspension of your Medicare payments took effect on June 25, 2020. Prior notice of this suspension was not provided, because giving prior notice would place additional Medicare funds at risk and hinder our ability to recover any determined overpayment. *See* 42 C.F.R. § 405.372(a)(3).

The decision to suspend your Medicare payments was made by the Centers for Medicare & Medicaid Services (CMS), through its Central Office. *See* 42 C.F.R. § 405.372(a)(4)(iii). This suspension is based on credible allegations of fraud. *See* 42 C.F.R. § 405.371(a)(2). CMS regulations define credible allegations of fraud as an allegation from any source including, but not limited to, fraud hotline complaints, claims data mining, patterns identified through provider/supplier audits, civil false claims cases, and law enforcement investigations. Allegations are considered to be credible when they have indicia of reliability. *See* 42 C.F.R. § 405.370. This suspension may last until the resolution of the investigation, as defined under 42 C.F.R. § 405.370, and may be extended under certain circumstances. *See* 42 C.F.R. § 405.372(d)(3). Specifically, the suspension of your Medicare payments is based on, but not limited to, information that you misrepresented services billed to the Medicare program. More particularly, beneficiary interviews and data analysis were conducted and it was determined that you have billed for services that were not rendered and/or medically unnecessary. In addition, beneficiaries were solicited.

The following list of sample claims provide evidence of our findings and serve as a basis for the determination to suspend your Medicare payments:

| Claim Control Number (CCN) | Date(s) of Service | Amount Paid | Basis for Selected Claims |
|---|---|---|---|
| 20077809972000 | 01/21/2020 | $88.72 | Services billed were not rendered and/or medically unnecessary. |

Page 1 of 3



28464 Marlboro Avenue • Easton, Maryland 21601-2732
866.269.3494 • www.qlarant.com

| Claim Control Number (CCN) | Date(s) of Service | Amount Paid | Basis for Selected Claims |
|---|---|---|---|
| 20049808166000 | 02/17/2020 | $99.29 | Services billed were not rendered and/or medically unnecessary. |
| 20066814097000 | 02/28/2020 | $145.98 | Services billed were not rendered and/or medically unnecessary. |
| 19246806514000 | 08/28/2019 | $178.21 | Services billed were not rendered and/or medically unnecessary. |
| 19280838636000 | 10/04/2019 | $170.06 | Services billed were not rendered and/or medically unnecessary. |

This list is not exhaustive or complete in any sense, as the investigation into this matter is continuing. The information is provided by way of example in order to furnish you with adequate notice of the basis for the payment suspension noticed herein.

Pursuant to 42 C.F.R. § 405.372(b)(2), you have the right to submit a rebuttal statement in writing to us indicating why you believe the suspension should be removed. We request that you submit this rebuttal statement to us within fifteen (15) days. You may include with this statement any evidence you believe is pertinent to your reasons why the suspension should be removed. Your rebuttal statement and any pertinent evidence should be sent to:

**Qlarant Integrity Solutions, LLC**
**UPICW Rebuttal and Suspension Department**
**28464 Marlboro Avenue**
**Easton, Maryland 21601-2732**
**Attention: Donna Knobloch**

If you timely submit a rebuttal statement, we will review that statement (and any supporting documentation), along with other materials associated with the case. Based on a careful review of the information you submit and all other relevant information known to us, we will determine whether the suspension should be removed or should remain in effect within fifteen (15) days of receipt of the complete rebuttal package. See 42 C.F.R. § 405.375(a). However, the suspension of your Medicare funds will continue while your rebuttal package is being reviewed. See 42 C.F.R. § 405.375(a). Thereafter, we will notify you in writing of our determination to continue or remove the suspension, and provide specific findings on the conditions upon which the suspension may be continued or removed, as well as an explanatory statement of the determination. See 42 C.F.R. § 405.375(b)(2). This determination is not appealable. See 42 C.F.R. § 405.375(c).

If the suspension is continued, we will review additional evidence during the suspension period to determine whether claims are payable and/or whether an overpayment exists and, if so, the amount of the overpayment. See 42 C.F.R. § 405.372(c). We may need to contact you with specific requests for further information. You will be informed of developments and will be promptly notified of any overpayment determination. Claims will continue to be processed during the suspension period, and you

will be notified about bill/claim determinations, including appeal rights regarding any bills/claims that are denied. The payment suspension applies to both current and future payments.

In the event that an overpayment is determined and it is determined that a recoupment of payments under 42 C.F.R. § 405.371(a)(3) should be put into effect, you will receive a separate written notice of the intention to recoup and the reasons therefore, and will be given an opportunity for rebuttal in accordance with 42 C.F.R. § 405.374 from National Supplier Clearinghouse. When the payment suspension has been removed, any money withheld as a result of this action shall first be applied to reduce or eliminate the determined overpayment, and then to reduce any other obligation to CMS or to the U.S. Department of Health and Human Services, in accordance with 42 C.F.R. § 405.372(e). In the absence of a legal requirement that the excess be paid to another entity, the excess will be released to you.

If you have any questions, please contact Donna Knobloch at 562-263-5289.

Sincerely,

Jaysen Eisengrein, MBA, PgC, BS
Senior Vice President, Program Director – UPICW
Qlarant Integrity Solutions, LLC

cc: Centers for Medicare & Medicaid Services