**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |
| | **ORAL ARGUMENT REQUESTED** |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendants AdaptHealth Corp. ("AdaptHealth" or the "Company"), Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Alan Quasha, Frank J. Mullen, Richard Barasch, Terrence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, David S. Williams III, Deutsche Bank Securities Inc., Jefferies LLC, BofA Securities, Inc., Truist Securities, Inc., Robert W. Baird & Co. Incorporated, RBC Capital Markets, LLC, Stifel, Nicolaus & Company, Incorporated, UBS Securities LLC, Canaccord Genuity LLC, and Leerink Partners LLC (collectively, the "Defendants") respectfully request that the Court, in connection with Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion to Dismiss"), consider and take judicial notice of certain documents attached as exhibits to the Declaration of Todd G. Cosenza in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Cosenza Declaration"; and the exhibits, the "RJN Exhibits" or "RJN Ex."). The RJN Exhibits are subject to judicial notice and are properly considered by the Court on a motion to dismiss.

## THE RJN EXHIBITS

| Exhibit Number | Exhibit To Be Judicially Noticed |
|---|---|
| *AdaptHealth's SEC Filings* | |
| 1 | November 8, 2019 Press Release filed with the SEC on November 14, 2019 |
| 14 | November 7, 2022 Schedule 13D/A |
| 18 | May 1, 2023 Definitive Proxy Statement |
| 24 | August 28, 2023 Schedule 13D/A |
| *AdaptHealth's Investor Materials* | |
| 32 | September 16, 2022 Capital Markets Day Presentation |
| *Judicial and Administrative Materials – Public Court Filings* | |
| 33 | August 9, 2022 *CALPERS* Complaint |
| 34 | July 31, 2006 *Rubke* Complaint |
| 35 | November 19, 2007 *Vonage* Complaint |
| 36 | January 27, 2010 *Rigel* Complaint |
| 37 | February 27, 2024 *Delaware County* Settlement Agreement |
| 38 | July 10, 2024 *Delaware County* Memorandum ISO Final Settlement Approval |
| 39 | July 10, 2024 *Delaware County* Judgment Approval Final Settlement |
| *Judicial and Administrative Materials* | |
| 41 | December 7, 2004 SEC Rule 17 C.F.R. Part 240, Release No. 34-50758A |
| 43 | March 2020 CMS-1744-IFC |
| 44 | April 2020 CMS-5531-IFC |
| 45 | June 19, 2020 Medicare Integrity Manual |
| 46 | April 20, 2023 COVID-19 FAQ |
| 47 | April 1, 2024 Glucose Monitors LCD |
| 48 | "CMS Regional Offices" |
| 49 | "Medicaid Program History" |
| 50 | "Medicare Administrative Contractors" |
| *News Articles* | |
| 42 | July 27, 2020 Springer Article |
| 51 | May 11, 2020 DiaTribe Article |
| 52 | June 24, 2021 BeyondType1 Article |
| 53 | August 3, 2022 Revcycle Article |
| 54 | October 28, 2022 Edgepark Article |
| 58 | March 20, 2023 Modern Healthcare Article |
| *Informational Summary Documents* | |
| 61 | Individual Defendants' Employment/Service Dates |
| 62 | Diabetes Company Acquisitions |
| 63 | Challenged Statements |
| 64 | Alleged Exchange Act Statement "Makers" |
| 65 | Revenue Disclosures |
| 66 | Summary of Innocuous Events |

## LEGAL STANDARD

It is well-settled that on a motion to dismiss, a court "*must consider* . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added).[1] Under Federal Rule of Evidence 201, courts may take judicial notice of "a fact that is not subject to reasonable dispute because it (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). On a motion to dismiss, courts "will . . . take judicial notice of certain matters of public record" outside the pleadings as long as the records are noticed to "show what was in the public realm at the time, not whether the contents of those documents are true." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (cleaned up); *Sapir v. Averback*, No. 14–cv–7331 (JLL), 2016 WL 554581, at *11 n.7 (D.N.J. Feb. 10, 2016) (judicial review of SEC filings and press releases outside the pleadings suitable on motion to dismiss where court considered them "for their existence," because "what these documents state[d], regardless of truth, [wa]s relevant to the Court in considering [plaintiff's allegations of] scienter"). Critically, a court "*must* take judicial notice if a party requests it and supplies the court with the necessary information." Fed. R. Evid. 201(c).[2]

---

[1] All other exhibits attached to the Cosenza Declaration are relied upon by and incorporated by reference into in the Lead Plaintiffs' Amended Class Action Complaint ("Amended Complaint" or "A.C."), and as such, the Court "must" consider them "not only for [their] existence, but also for [their] truth" in adjudicating Defendants' Motion to Dismiss. *See Tellabs*, 551 U.S. at 322; s*ee also In re Merck Co., Sec., Derivative & "Erisa" Litig*., No. 05–cv–1151 (SRC), 2006 WL 8460903, at *3 (D.N.J. Jan. 20, 2006).

[2] To adequately supply the court with "necessary information," the requesting party must at least provide some factual basis to support judicial notice and enough information about the document for the court to identify it. *Compare Novartis Pharms., Corp. v. Wockhardt USA LLC*, No. 12–cv–3967 (SDW), 2013 WL 5770539, at *4 (D.N.J. Oct. 23, 2023) (necessary information supplied where defendant provided document and explained relevancy to motion to dismiss arguments), with *DiPietro v. Gilmore*, No. 13–cv–6438 (JRP), 2015 WL 3970911, at *13, n.15 (E.D. Pa. Apr. 14, 2015) (requesting party failed to supply necessary information where he provided no factual basis to support judicial notice); *United States v. Van Horn*, No. 3:09–cv–2088 (ARC), 2010 WL 4853887, at *2 n.4 (M.D. Pa. Nov. 22, 2010) (requesting party failed to supply necessary information where defendant did not provide court with copy of document or any other identifying information sufficient for court to locate document itself).

Defendants respectfully request that the Court take judicial notice of the following categories of documents:  (i) AdaptHealth's SEC filings; (ii) AdaptHealth's Investor Materials; (iii) Judicial and Administrative Materials, including Public Court Filings, SEC Releases, and CMS Administrative Materials; (iv) News Articles; and (v) Informational Summary Documents compiling allegations in the Amended Complaint, documents incorporated into the Amended Complaint by reference, and publicly available information.[3]  For the reasons described below, the Court should grant Defendants' request and take judicial notice of the RJN Exhibits.

## ARGUMENT

The Court should take judicial notice of the RJN Exhibits.  Judicial notice of the RJN Exhibits is warranted because (i) courts routinely take judicial notice of the five categories of documents for which Defendants seek judicial notice and unanimously agree that these types of documents are matters of public record whose authenticity raise no dispute, and (ii) the RJN Exhibits establish the existence of information necessary for the Court to properly consider Defendants' Motion to Dismiss.

## I.      AdaptHealth's SEC Filings

Courts universally agree they may take judicial notice of documents filed publicly with the Securities and Exchange Commission ("SEC") because they "are required by law to be filed with the SEC, and no serious questions as to their authenticity can exist."  *See Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 572 n.20 (E.D. Pa. 2009) ("We are permitted to take judicial notice of SEC filings in evaluating the allegations in the [ ] Complaint.");

---

[3]  Judicial notice is not required for "matters of public record . . . [such as] SEC filings and published reports of administrative bodies."  *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496 (E.D. Pa. 2018) *aff'd sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020) (internal quotations and citations omitted).  Nevertheless, Defendants request judicial notice out of an abundance of caution as to categories (i) and (iii).

*see, e.g.*, *FTC v. Shire ViroPharma, Inc.*, 917 F.3d 147, 151, n.5 (3d Cir. 2019) (taking judicial notice of documents filed with the SEC); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("SEC filings . . . are mattes of public record of which the court can take judicial notice."); *In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 615 n.21 (E.D. Pa. 2009) (same); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (finding "no reversible error and completely accept[ing] the district court's" reliance on "documents filed with the SEC, but not relied upon in the Complaint").

RJN Exhibits 1, 14, 18, and 24 are documents that were publicly filed with the SEC, and are thus suitable for judicial notice. They also offer the Court a fuller picture of the context necessary for the Court to properly evaluate Lead Plaintiffs' allegations, particularly in light of their reliance on cherry-picked quotes and mischaracterizations of Defendants' statements to support their misrepresentation allegations. (*See* A.C. § VIII.H.) For example, the SEC filings establish when AdaptHealth began publicly trading, Mr. Quasha's ownership of AdaptHealth stock, and net revenue for the diabetes service line at the end of the Putative Class Period. Accordingly, RJN Exhibits 1, 14, 18, and 24 are judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

## II.     AdaptHealth's Investor Materials

Like SEC Filings, courts also agree that they may judicially notice investor materials, such as investor presentations. *See W. Penn Allegheny Health Sys., Inc. v. UPMC*, No. 09–cv–0480 (AJS), 2009 WL 3601600, at *27 n.12 (W.D. Pa. Oct. 29, 2009) (taking judicial notice of company's investor conference call presentation) (judgment reversed and vacated in part on other grounds); *Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) (taking judicial notice of conference call transcript); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19–cv–06601

(BRM), 2021 WL 1171669, at *11 (D.N.J. Mar. 29, 2021) (same) *Sapir*, 2016 WL 554581, at *1 n.7 (taking judicial notice of press releases and earnings call transcripts).

RJN Exhibit 32 is an investor presentation that AdaptHealth used when certain E.A. Challenged Statements were made and is thus suitable for judicial notice as investor material.[4] This investor presentation is necessary to establish the full context in which certain statements were made and thus is relevant to the Court's evaluation of Lead Plaintiffs' allegations. For example, the investor presentation establishes that AdaptHealth made statements about its compliance program's effectiveness, statements that are omitted from the Amended Complaint in favor of statements that merely describe AdaptHealth's aspirational goals regarding its compliance program. (A.C. ¶ 222.) This information is relevant to the Court's evaluation of Lead Plaintiffs' allegations (and by extension, are relevant to their theory of falsity) and they illustrate that Lead Plaintiffs selectively included certain statements in their Amended Complaint to mislead, misrepresent, and distort AdaptHealth's statements. (A.C. ¶¶ 220–22, 226, 229, 232.) Accordingly, RJN Exhibit 32 is judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

## III.    Judicial and Administrative Materials

Courts also uniformly agree they may take judicial notice of publicly available administrative materials and records from judicial proceedings because their authenticity cannot be questioned. *See, e.g.*, *Sturgeon*, 438 F. Supp. 3d at 257–58 (holding courts may take judicial notice of "records and reports of administrative bodies" such as Center for Medicare & Medicaid Services ("CMS") guidance manuals and "records from other judicial proceedings" such as complaints submitted in other cases); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping*

---

[4] RJN Exhibit 32 is inherently relied upon by and incorporated by reference in the Amended Complaint, but Defendants are requesting judicial notice of that RJN Exhibit out an abundance of caution.

*Grp.*, 181 F.3d 410, 427 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 273 n.11 (3d Cir. 2007) (taking judicial notice of agency documents in Federal Register); 44 U.S.C.A. § 1507 ("The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."); *In re Merck Co., Sec., Derivative & "Erisa" Litig.*, No. 05–cv–1151 (SRC), 2006 WL 8460903, at *4 (D.N.J. Jan. 20, 2006) (judicially noticing FDA materials, including "supporting documentation to administrative agencies"); *Cohen v. Telsey*, No. 09–cv–2033 (DRD), 2009 WL 3747059, at *6 (D.N.J. Nov. 2, 2009) (taking judicial notice of court filing). "Information found on government websites," for example, "Frequently Asked Questions" pages, "is [also] widely consider to be both self-authenticating and subject to judicial notice." *Sturgeon*, 438 F. Supp. 3d at 259.

**Public Court Filings.** RJN Exhibits 33–39 are publicly available complaints and other documents publicly filed in other court proceedings. These court filings are relevant to the Court's evaluation of Lead Plaintiffs' allegations because they provide contextual information as to comparable complaints in putative securities class actions and a class action settlement involving Lead Plaintiffs Allegheny County Employees' Retirement System and City of Tallahassee Pension Plan. Accordingly, RJN Exhibits 33–39 are judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

**SEC Releases.** RJN Exhibit 41 is a final SEC rule published in the Federal Register. This SEC rule is important to the Court's evaluation of Lead Plaintiffs' allegations as it pertains to the complexities of modern (electronic) trading that are ignored by Lead Plaintiffs but nevertheless

implicate Lead Plaintiffs' requirement to plead statutory standing. Accordingly, RJN Exhibit 41 is judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

***CMS Administrative Materials.*** RJN Exhibits 43–50 are CMS manuals, guidance documents and materials, and information published on the CMS website. These administrative guidance materials are important because they establish a full picture of the context necessary for the Court to properly evaluate Lead Plaintiffs' allegations, including but not limited to the fact that Medicaid and Medicare's billing requirements and guidance changed multiple times over during the Putative Class Period. This is necessary for the Court to consider in evaluating the sufficiency of Lead Plaintiffs' allegations that AdaptHealth intentionally used incorrect billing codes. (A.C. ¶¶ 90–99.). Accordingly, RJN Exhibits 43–50 are judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

## IV. <u>News Articles</u>

Courts routinely take judicial notice of news articles because "[t]heir publication is not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Benak v. Alliance Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (quotation marks and citation omitted) (affirming district court decision to judicially notice publicly available news articles "notwithstanding their absence from the Complaint" because they "serve[d] only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *see also Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 623 F.Supp.3d 470, 498, n.13 (E.D. Pa. 2022) (taking judicial notice of publicly available news articles); *Turnofsky v. electroCore, Inc.*, No. 19–cv–18400 (AET), 2021 WL 3579057, at *3 (D.N.J. Aug. 13, 2021) (same); *In re Processed Egg Prods. Antitrust Litig.*, MDL No. 2002 (GEP), 2011 WL 5980001, at *6 (E.D. Pa. Nov. 30, 2011) (same); *Theia Techs.*

*LLC v. Theia Grp., Inc.*, No. 20–cv–97 (GEP), 2021 WL 291313, at *10 (E.D. Pa. Jan. 28, 2021) (same).

RJN Exhibits 42, 51–54, and 58 are publicly available news articles, and are thus suitable for judicial notice.  The fact that these articles all reported on the changing billing landscape and were published between May 2020 and May 2023—the prime years of the COVID-19 pandemic— helps establish the shifting, complex, and uncertain nature of billing requirements and guidance for not only Medicare and Medicaid but also private commercial insurance during the Putative Class Period.  This reality is necessary for the Court to consider in evaluating Lead Plaintiffs' allegations that AdaptHealth intentionally used incorrect billing codes during this time period. (A.C. ¶¶ 90–99.)  Accordingly, RJN Exhibits 42, 51–54 and 58 are judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

## V.      **Informational Summary Documents**

Numerous courts have held that documents prepared by defendants summarizing allegations in an operative pleading, documents incorporated into the complaint, or matters a court may judicially notice, are themselves suitable for judicial notice.  *See Pitman v. Immunovant, Inc.*, No. 21–cv–918 (KAM), 2024 WL 964258, at *1 n.3 (E.D.N.Y. Feb. 25, 2024), *report and recommendation adopted*, 2024 WL 1342737 (E.D.N.Y. Mar. 29, 2024) (taking judicial notice of chart appended to defendants' motion to dismiss that "catalogu[ed] each of the statements challenged in Plaintiff's third amended complaint and contain[ed] certain of Immunovant Defendants' responsive arguments" and rejecting plaintiff's argument appendices were an attempt to exceed page limits because "[t]he document [wa]s provided for the Court's convenience to assess the text of the statements at issue with Immunovant Defendant's arguments" and was thus appropriate to consider); *In re Merck Co., Secs., Derivative & "Erisa" Litig.*, No. 05–cv–1151

(SRC), 2006 WL 8460903, *4–5 (D.N.J. Jan. 20, 2006) (taking judicial notice of chart created by defendants containing compiled publicly available information from SEC forms); *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 134 n.1 (S.D.N.Y. 2023) (taking judicial notice of chart prepared by defendants summarizing Form 4 statements).

RJN Exhibits 61–66 are informational summary documents prepared by Defendants that collate certain information alleged in the Amended Complaint and publicly available information drawn from documents either relied on in the Amended Complaint or accounted for in this request for judicial notice. These documents merely compile Lead Plaintiffs' *own words* and information from "sources whose accuracy cannot reasonably be questioned" and are "provided for the Court's convenience to assess the text of the statements at issue with [Defendants'] arguments." *Pitman*, 2024 WL 964258, at *1 n.3. Accordingly, RJN Exhibits 61–66 are judicially noticeable and appropriate for the Court's consideration on this Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and take judicial notice of the RJN Exhibits in deciding the Defendants' Motion to Dismiss.

Dated: July 23, 2024

**WILLKIE FARR & GALLAGHER LLP**

By*: /s/ Todd G. Cosenza*
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
Michaela A. Connolly (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728–8000
tcosenza@willkie.com
zekono@willkie.com
viannece@willkie.com
mconnolly@willkie.com

**SAXTON & STUMP**
Steven D. Costello (No. 37288)
Kathryn Diane Maza Courtney (No. 330883)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania  19355
Telephone:  (484) 328–8500
sdc@saxtonstump.com
kmc@saxtonstump.com

*Counsel for Defendants AdaptHealth Corp., Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Alan Quasha, Frank J. Mullen, Richard Barasch, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III*

**ALLEN OVERY SHEARMAN STERLING US LLP**

By*:* /s/ Adam S. Harkin
Adam S. Hakki (admitted *pro hac vice*)
Daniel Lewis (admitted *pro hac vice*)
Elizabeth J. Stewart (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848–4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
elizabeth.stewart@aoshearman.com

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Daniel Segal (No. 26218)
Andrew M. Erdlen (No. 320260)
One Logan Square, 27th Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 568–6200
dsegal@hangley.com
aerdlen@hangley.com

- 11 -

*Counsel for Defendants Deutsche Bank Securities Inc., Jefferies LLC, BofA Securities, Inc., Truist Securities, Inc., Robert W. Baird & Co. Incorporated, RBC Capital Markets, LLC, Stifel, Nicolaus & Company, Incorporated, UBS Securities LLC, Canaccord Genuity LLC and Leerink Partners LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Todd G. Cosenza, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

/s/ Todd G. Cosenza
Todd G. Cosenza

Dated: July 23, 2024