**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 1

II. LEGAL STANDARD......................................................................................... 3

III. ARGUMENT ..................................................................................................... 4

      A. The Court Should Not Take Judicial Notice Of The Extraneous Documents To The Extent That They Are Offered For The Truth Of Their Contents.............. 4

      B. Defendants Cannot Rely on Documents Incorporated By Reference In Order To Dispute The Complaint's Well-Pled Facts............................................... 8

IV. Conclusion ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alsaidi v. City of Paterson*,
2024 WL 4053085 (D.N.J. Sept. 5, 2024) ..................................................................4

*Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*,
503 F.3d 256 (3d Cir. 2007)........................................................................................5

*Benak v. Alliance Cap. Mgmt. L.P.*,
435 F.3d 396 (3d Cir. 2006)........................................................................................5

*Castillo-Flores v. Soltz*,
2008 WL 5158178 (E.D. Pa. Dec. 9, 2008).............................................................1, 3

*Chan v. UBS AG*,
2019 WL 6825747 (C.D. Cal. Aug. 5, 2019)............................................................5, 6

*Deblasio v. Cent. Metals, Inc.*,
2014 WL 2919557 (D.N.J. June 27, 2014) ..................................................................3

*Doe v. Princeton Univ.*,
30 F.4th 335 (3d Cir. 2022) .................................................................................2, 8, 9

*In re Egalet Corp. Sec. Litig.*,
340 F. Supp. 3d 479 (E.D. Pa. 2018), *aff'd sub nom.* 802 Fed. App'x 738 (3d
Cir. 2020) .....................................................................................................................8

*Frater v. Hemispherx Biopharma, Inc.*,
996 F. Supp. 2d 335 (E.D. Pa. 2014) ..........................................................................3

*Gewirtz v. Opko Health, Inc.*,
230 F. Supp. 3d 440 (E.D. Pa. 2017) .......................................................................5, 8

*In re Grasso*,
2014 WL 3389119 (E.D. Pa. July 11, 2014)...............................................................4

*Hall v. Johnson & Johnson*,
2019 WL 7207491 (D.N.J. Dec. 27, 2019)......................................................4, 5, 6, 7

*Hargus v. Ferocious & Impetuous, LLC*,
2015 WL 1743049 (D.V.I. Apr. 14, 2015) ..................................................................5

*Howard v. Arconic Inc.*,
395 F. Supp. 3d 516 (W.D. Pa. 2019)..........................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ..................................................................................1, 2, 9

*Lepore v. SelectQuote Ins. Servs., Inc.*,
  2023 WL 8469761 (3d Cir. Dec. 7, 2023) ...............................................................7

*Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*,
  2011 WL 1540199 (E.D. Pa. Apr. 21, 2011) ........................................................2, 4

*In re Merck Co.*, *Sec., Derivative & "Erisa" Litig.*,
  2006 WL 8460903 (D.N.J. Jan. 20, 2006) ...............................................................9

*In re Navient Corp. Sec. Litig.*,
  2019 WL 7288881 (D.N.J. Dec. 30, 2019).................................................................4

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000)......................................................................................5

*Sanders v. Realreal, Inc.*,
  2021 WL 1222625 (N.D. Cal. Mar. 31, 2021)..........................................................7

*Sapir v. Averback*,
  2016 WL 554581 (D.N.J. Feb. 10, 2016) .................................................................5

*Schneider v. Natera, Inc.*,
  2023 WL 9958265 (W.D. Tex. Sept. 11, 2023)..........................................................6

*Sturgeon v. Pharmerica Corp.*,
  438 F. Supp. 3d 246 (E.D. Pa. 2020) ....................................................................3, 4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007).................................................................................................9

*Tomaszewski v. Trevena, Inc.*,
  482 F. Supp. 3d 317 (E.D. Pa. 2020) .............................................................1, 2, 8, 9

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007), *as amended* (Nov. 20, 2007)......................................4

*Walkup v. Santander Bank, N.A.*,
  147 F. Supp. 3d 349 (E.D. Pa. 2015) .......................................................................8

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(6)....................................................................................................3

Fed. R. Evid. 201(b)..........................................................................................................5

Plaintiffs Allegheny County Employees' Retirement System ("ACERS"), International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and City of Tallahassee Pension Plan ("Tallahassee") (collectively, "Plaintiffs") file this brief in opposition to Defendants' Request for Judicial Notice (ECF No. 67) (the "RJN").[1]

## I.    INTRODUCTION

Ignoring the principle that "[a] 12(b)(6) motion, with limited exceptions, cannot rely on matters outside the complaint," *Castillo-Flores v. Soltz*, 2008 WL 5158178, at *3 (E.D. Pa. Dec. 9, 2008), Defendants have submitted **66 Exhibits** in support of their Motion to Dismiss the Amended Class Action Complaint (ECF No. 65) (the "Motion to Dismiss" or "MTD").[2] Defendants' introduction of so many Exhibits fits into what this Court and others have recognized as a "concerning pattern in securities cases" wherein Defendants "exploit" the judicial notice and incorporation by reference doctrines to "improperly . . . defeat what would otherwise constitute adequately stated claims at the pleading stage." *Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020)*; Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). These courts have explained that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja,* 899 F.3d at 998. To prevent such a "premature dismissal" in this case, the Court should carefully scrutinize each of Defendants' Exhibits and how they are utilized in Defendants' Motion to Dismiss.

Defendants' voluminous Exhibits that are subject to this brief fall into two broad

---

[1] Capitalized terms not otherwise defined have the same meaning as set forth in Plaintiffs' Amended Class Action Complaint for Violations of the Securities Laws (the "Complaint"). Unless otherwise stated, all emphasis is added, and all quotations are removed.

[2] For the Court's convenience, a chart showing each Exhibit and whether it is cited in the Complaint is attached hereto as Exhibit A.

categories. ***First***, Defendants submit 27 documents not cited anywhere in the Complaint, consisting of news articles, an investor presentation, administrative materials, SEC filings, and filings from other litigations (the "Extraneous Documents"), for judicial notice.[3] As the Third Circuit has "regularly held," a court "can only consider" such materials "to establish the truth of their existence, ***not*** the truth of their ***contents***." *Lupin Atlantis Holdings v. Ranbaxy Lab'ys, Ltd.*, 2011 WL 1540199, at *3 n. 8 (E.D. Pa. Apr. 21, 2011). Despite this well-established rule, a review of AdaptHealth's Motion to Dismiss and the RJN itself confirms that in many instances, Defendants impermissibly cite the Extraneous Documents to claim that the facts cited therein are true. *See, e.g.,* Motion to Dismiss (ECF No. 65-1) at 6-7 (citing three news articles for the proposition that "loosened documentation restrictions 'reduce the amount of paperwork and bureaucracy for healthcare providers'"). To the extent that any of the Extraneous Documents are offered for the "truth of their contents," *Lupin*, 2011 WL 1540199, at *3 n.8, this Court should decline to take judicial notice of those Exhibits.

***Second***, Defendants cite 33 documents that they claim are "relied upon by and incorporated by reference" into the Complaint. RJN at 3 n.1.[4] In the RJN, Defendants assert that because these documents are referenced in the Complaint, the Court "must" consider them for their "truth" as well as their "existence." *Id.* But it is well-established in the Third Circuit and elsewhere that it is "improper to [utilize the incorporation by reference doctrine] only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 343 n. 8 (3d Cir. 2022) (quoting *Khoja*, 899 F.3d at 1014 ); *see also Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 329 (E.D. Pa. 2020) (holding that "[a]lthough the incorporation-by-

---

[3] Exhibits 1, 14, 18, 24, 32-39, 41-54, and 58.

[4] Exs. 2-13, 15-17, 19-23, 25-31, 40, 55-57, 59-60.

reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim"). Because multiple Exhibits that Defendants claim are incorporated by reference have been submitted for that improper purpose, they should not be credited against the Complaint's allegations.

The RJN should be granted **only** to the extent that Defendants seek to demonstrate the existence of matters of public record and should otherwise be denied. Further, when reviewing documents incorporated by reference, the Court should only credit their contents to the extent that they are consistent with the Complaint's allegations.

## II.      LEGAL STANDARD

As the Eastern District of Pennsylvania has held, "[a] 12(b)(6) motion, with limited exceptions, cannot rely on matters outside the complaint." *Castillo-Flores*, 2008 WL 5158178, at *3. "Given that a motion under Rule 12(b)(6) tests the **legal** sufficiency of the complaint, [] the competing offerings of the defendant are impertinent in evaluating the plaintiffs' claims at this stage." *Frater v. Hemispherx Biopharma, Inc.*, 996 F. Supp. 2d 335, 338 n.1 (E.D. Pa. 2014). Courts have held that to "consider extraneous materials," they would have to convert the motion to dismiss "into one for summary judgment," which "would be wholly improper" "given the early stage of [the] litigation and the lack of notice to the parties." *Deblasio v. Cent. Metals, Inc.*, 2014 WL 2919557, at *4 (D.N.J. June 27, 2014).

Despite that rule, "[a]court may take judicial notice of facts that are not subject to reasonable dispute because they are either 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (quoting Fed. R. Evid. 201(b)(2)). The Third Circuit has cautioned that "[w]hile the rules allow a court to take judicial notice at any stage of the proceedings . . . it should be done sparingly

3

at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007); *see also Sturgeon*, 438 F. Supp. 3d at 257 (same). Specifically, "[c]ourts may take judicial notice of public records and prior proceedings to establish the existence of those materials, but not for the truth of the facts asserted in them." *In re Grasso*, 2014 WL 3389119, at *3 (E.D. Pa. July 11, 2014). In addition to documents subject to judicial notice, a court may deem documents incorporated by reference; the "essential question" in determining whether to do so "is whether the claims in the complaint are based on an extrinsic document, and not merely whether the extrinsic document was explicitly cited." *In re Navient Corp. Sec. Litig.*, 2019 WL 7288881, at *5 (D.N.J. Dec. 30, 2019).

## III.   ARGUMENT

### A.   The Court Should Not Take Judicial Notice Of The Extraneous Documents To The Extent That They Are Offered For The Truth Of Their Contents

Defendants ask the Court to take judicial notice of 27 documents not cited anywhere in the Complaint. *See* Exs. 1, 14, 18, 24, 32-39, 41-54, 58. As the documents were not attached to, relied on, or even cited in the Complaint, they can be referenced by Defendants, if at all, "to establish the truth of their existence, ***not*** the truth of their contents." *Lupin*, 2011 WL 1540199, at *3 n.8. Courts in the Third Circuit have applied that rule in the case of ***every*** type of document for which Defendants seek judicial notice. *See Alsaidi v. City of Paterson,* 2024 WL 4053085, at *7 (D.N.J. Sept. 5, 2024) ("[t]he Court also declines to take judicial notice of the NJ Monitor, N.Y. Times, Paterson Press, and the NJ.com articles, as it is not required to judicially notice facts stated in news articles"); *Howard v. Arconic Inc.,* 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) ("the Court will consider the Transcript not for the truth of its contents"); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (taking judicial notice of "publicly available authentic

records, or documents issued by government and public agencies" but holding that "to the extent Defendants attempt to rely on those documents to create a defense to the Complaint's otherwise well-pled allegations, and suggest that this Court should assume the factual assertions in those documents to be true, the Court finds it inappropriate to do so, at this juncture"); *Gewirtz v. Opko Health, Inc.*, 230 F. Supp. 3d 440, 445 (E.D. Pa. 2017) ("[t]he parties agree that the Court may take judicial notice of the Form S–8 because it is a matter of public record, but as Plaintiffs note, SEC filings may not be considered for the truth of their contents on a motion to dismiss"); *Hargus v. Ferocious & Impetuous, LLC*, 2015 WL 1743049, at \*5 (D.V.I. Apr. 14, 2015) ("the fact that a court document exists falls within the scope of Rule 201(b). . . . Judicial notice of the **contents of court records**, however, is improper").[5]

As explained in further detail below, the Request for Judicial Notice should be denied or limited for the Extraneous Documents.

**<u>*The News Articles (Exs. 42, 51-54, 58).*</u>**  Defendants ask the Court to take judicial notice of multiple news articles that they cite in order to establish their own preferred facts. Courts in securities cases are clear that news articles are subject to judicial notice to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Chan v.*

---

[5] Defendants' own cases support the same point. *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (SEC filings were "relevant not to prove the truth of their contents but only to determine what the documents stated"); *Sapir v. Averback*, 2016 WL 554581, at \*11 n.7 (D.N.J. Feb. 10, 2016) ("the Court makes clear that it is not relying on them for the truth of their contents, but only for their existence"); *Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 273 n.11 (3d Cir. 2007) (taking judicial notice of FDA announcement but "[n]ot for the truth of its contents"); *Benak v. Alliance Cap. Mgmt. L.P.,* 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming district court decision to judicially notice publicly available news articles "only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true").

*UBS AG*, 2019 WL 6825747, at \*3 (C.D. Cal. Aug. 5, 2019) (denying judicial notice as to news articles); *see also Schneider v. Natera, Inc.*, 2023 WL 9958265, at \*5 (W.D. Tex. Sept. 11, 2023) (holding that "taking judicial notice of investment analyst reports for the truth of the assertions contained in the reports is not proper" because "courts consider newspaper articles and analyst reports [only] as an indication of the information available to the public at the time"). Defendants make no pretense that they are introducing these articles to show what was in the "public realm" during the Class Period, or indeed for any purpose other than establishing the facts contained in the articles. *See, e.g.*, MTD at 6 (citing Ex. 53, an article entitled "Coding Drives Up Billing Costs In the US," for the proposition that "understanding and complying with the complex maze of ever-changing rules, guidelines, and requirements that vary *by payor* . . . is critical"); *id.* at 6-7 (asking the Court to credit the statements in Ex. 51 that CMS's "'loosened' documentation restrictions 'reduce the amount of paper work and bureaucracy for healthcare providers . . .'" and to credit Exhibits 52 and 54 for the same proposition); *id.* at 7 (citing Exs. 42 and 58, two articles about Medicaid billing, for the portions of their contents showing that "billing requirements and guidance for Medicaid and commercial insurance were also subject to many changes during the same time period"). The Court should decline to take judicial notice of any of the news articles.

**<u>The CMS and SEC Materials (Exs. 41, 43-50).</u>** To the extent Defendants merely cite these documents to show that certain rules existed, Plaintiffs do not object to judicial notice. However, a review of Defendants' arguments confirms that Defendants "suggest that [the] Court should assume the factual assertions in those documents to be true," which is "inappropriate" at the motion to dismiss stage. *Hall*, 2019 WL 7207491, at \*10; *see, e.g.,* MTD at 7 (citing Exhibits 47 and 45 for the propositions that "CMS reviewed claims prior to payment, including for accurate billing codes . . . , and periodically audited claims to identify and claw back overpayments," not merely

that documents claiming CMS did so existed); *id.* at 42 (citing Exhibit 41 for the proposition that "the AdaptHealth stock trading in the market and the stock issued in the Secondary Offering were held by the DTC in 'fungible bulk' and were thus commingled and not capable of being distinguished from one another"). The Court should not take judicial notice of the assertions made in these documents.

      ***The Investor Presentation (Exhibit 32)****.* While Defendants claim that the motion to dismiss uses the presentation to "establish the full context in which certain statements were made" (RJN at 6), the Motion to Dismiss itself clearly relies on this Exhibit at least in part for the truth asserted. Specifically, Defendants cite the exhibit as evidence of the "compliance program's effectiveness," claiming that the presentation "explained that an independent auditing firm commissioned in 2021 had concluded that AdaptHealth's compliance program was well designed." MTD at 21. While the presentation is subject to judicial notice for the "limited purpose of identifying what statements were available to the market," the "statements contained" in it should "not be considered for their truth." *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021).

      Indeed, perhaps recognizing that the document cannot be judicially noticed for the purpose they want to use it for, Defendants claim that the presentation "is inherently relied upon by and incorporated by reference in the Amended Complaint." RJN at 6 n.4. But while Defendants' oral statements made at the same conference are quoted, Exhibit 32 (a presentation) is not "relied upon in the Complaint"; indeed, Defendants complain that its contents were "notably omitted" from the Complaint (MTD at 21) and, not being the source of any statements, it is not "integral to the Complaint or to the claims asserted therein." *Lepore v. SelectQuote Ins. Servs., Inc.*, 2023 WL 8469761, at *2 (3d Cir. Dec. 7, 2023). Given that the presentation was not incorporated by reference, it cannot be used, as Defendants attempt, for the truth of its contents. Even if it was

incorporated (which it is not), as discussed below, it cannot be used as Defendants attempt to do so here—to contradict the well-pled allegations of the Complaint.

**_The SEC Filings (Exs. 1, 14, 18, 24)._** All four of these Exhibits are being offered for the truth of their contents. Indeed, Defendants do not seek to hide that fact, telling the Court that "the SEC filings establish when AdaptHealth began publicly trading, Mr. Quasha's ownership of AdaptHealth stock, and net revenue for the diabetes service line at the end of the Putative Class Period." RJN at 5. The Court should therefore not take judicial notice of these SEC filings. *Gewirtz*, 230 F. Supp. 3d at 445.[6]

**_The Court Filings (Exs. 33-39)._** Plaintiffs do not object to judicial notice for Exs. 33-36, which are introduced solely to show their existence. However, Plaintiffs do object to the extent that Defendants rely on Exhibits 37-39 for the truth of matters averred therein. *See* MTD at 4 n.2 (citing status of opt outs to prior case); *see Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 354 n.1 (E.D. Pa. 2015) (while courts may "take judicial notice of prior court proceedings, it is not proper to take judicial notice of the truth of facts averred in those proceedings").

### B. Defendants Cannot Rely on Documents Incorporated By Reference In Order To Dispute The Complaint's Well-Pled Facts

The Third Circuit has carefully delineated the limits of incorporation by reference, explaining that "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Doe*, 30 F.4th at 342. The

---

[6] Defendants argue in a footnote that "[j]udicial notice is not required for 'matters of public record . . . [such as] SEC filings and published reports of administrative bodies,'" RJN at 4 n.3, but that proposition is almost the opposite of what the case they cite holds. *See In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496 (E.D. Pa. 2018) ("documents qualifying as public records *may be judicially noticed by courts*"), *aff'd sub nom.* 802 Fed. App'x 738 (3d Cir. 2020). That case also followed the well-established rule "[s]uch notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true." *Id.* at 497.

incorporation by reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim" and it is "improper" to use the doctrine "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint.'" *Tomaszewski*, 482 F. Supp. 3d at 329; *Doe*, 30 F.4th at 343 n.8 (quoting *Khoja, Inc.*, 899 F.3d at 1014).

Despite this rule, Defendants claim that "all" Exhibits not specified in the RJN are "incorporated by reference into the Complaint" and therefore "the Court 'must' consider them 'not only for [their] existence, but also for [their] truth' in adjudicating Defendants' Motion to Dismiss." RJN at 3 n.1.[7] For example, Defendants cite Exhibits 6, 10, and 17 for the proposition that, contrary to Plaintiffs' claim that revenue figures were inflated by the illicit billing practices, AdaptHealth's "billing methodology . . . forecloses any possibility that the Isolated Billing Allegations could have affected diabetes revenue or overall revenue in the manner that Lead Plaintiffs have alleged." MTD at 7-8, 17, and n.28. As Plaintiffs discuss in their opposition to Defendants' Motion to Dismiss, these documents at best create an issue of fact (to be later resolved by expert testimony) by describing a method by which the overbilling scheme ***could*** have been minimized—they do not establish that it actually did not impact revenue. *See* Plaintiffs' Motion to Dismiss Opposition at 28-30.  However, to the extent that there is any conflict between these and other documents cited and the facts pled in the Complaint, contrary to what Defendants claim, under Third Circuit law "the facts in the complaint must prevail." *Doe*, 30 F.4th at 342.

---

[7] Defendants purport to rely on *Tellabs, Inc. v. Makor Issues & Rts., Ltd.* for this proposition, but the cited page does not contain the "not only for [their] existence, but also for [their] truth language. 551 U.S. 308, 322 (2007). Rather, the language appears in their *see also* cite, *In re Merck Co., Sec., Derivative & "Erisa" Litig.*, 2006 WL 8460903, at *3 (D.N.J. Jan. 20, 2006).

## IV.    CONCLUSION

For all of the reasons stated, Defendants' Request for Judicial Notice should be granted only for the few documents being offered to show their contents existed, not that the contents were true, and the RJN should otherwise be denied. For the Court's convenience, a chart detailing Defendants' exhibits and Plaintiffs' objections is produced below. Moreover, while documents incorporated by reference can be referenced for the facts therein, wherever the documents are used to conflict with the well-pled facts in the Complaint, the Complaint controls.

DATED: October 1, 2024.                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

/s/ *Katherine M. Sinderson*

Hannah Ross
John Rizio-Hamilton (*pro hac vice*)
Katherine M. Sinderson (*pro hac vice*)
John J. Esmay (*pro hac vice*)
Timothy Fleming (*pro hac vice*)
Sarah K. Schmidt (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
johnr@blbglaw.com
katiem@blbglaw.com
john.esmay@blbglaw.com
timothy.fleming@blbglaw.com
sarah.schmidt@blbglaw.com

*Counsel for Lead Plaintiffs*

**KASKELA LAW LLC**

D. Seamus Kaskela (No. 204351)
Adrienne Bell (No. 202231)
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Telephone: (484) 258-1401

skaskela@kaskelalaw.com
abell@kaskelalaw.com

*Liaison Counsel for Lead Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I, Katherine M. Sinderson, hereby certify that on October 1, 2024, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson
