**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'**
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO**
**DISMISS THE AMENDED CLASS ACTION COMPLAINT**

November 15, 2024

Defendants submit this reply in further support of their Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Judicial Notice Request" and the motion to dismiss, "Motion to Dismiss" or "Mot.").[1]

## INTRODUCTION

Lead Plaintiffs' Opposition to Defendants' Judicial Notice Request ("Opposition" or "Opp.") is cut from the same cloth as its sister submission:  It mischaracterizes Defendants' contentions, relies on unfounded assumptions, and rebuts phantom arguments that Defendants never made.  Case in point:  Lead Plaintiffs take issue not only with certain exhibits Defendants request that the Court judicially notice, but also exhibits that Defendants *do not seek* to judicially notice.  Lead Plaintiffs also incorrectly construe Defendants' use of certain exhibits as raising factual disputes when they do not.  Judicial notice of all RJN Exhibits is warranted because each is offered for a proper purpose, and Lead Plaintiffs' efforts to argue otherwise lack merit. Accordingly, the Court should grant Defendants' Judicial Notice Request in its entirety.[2]

## ARGUMENT

**I.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE AGREED-UPON RJN EXHIBITS.**

The first category of RJN Exhibits either briefly addressed or entirely overlooked in the Opposition are Exhibits 33–36 and 61–66 (the "Agreed-Upon Exhibits").  (Opp. at 1–2, 8.)  The Opposition does not challenge the Agreed-Upon Exhibits, and thus Lead Plaintiffs have conceded Defendants' arguments in support of their Judicial Notice Request.  *See Sköld v. Galderma Labs.,*

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Judicial Notice Request and Defendants' Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Class Action Complaint ("Reply").

[2] Exhibits 67–72, attached to the Cosenza Declaration, are analyst reports that are relied upon and incorporated by reference into the Amended Complaint.  Accordingly, the Court "must" consider them.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

*L.P.*, 99 F. Supp. 3d 585, 598 (E.D. Pa. 2015) (Lead Plaintiffs' failure to contest Defendants' arguments concerning RJN Exhibits 61–66 "is considered waived or abandoned").  Accordingly, the Court can and should take judicial notice of the Agreed-Upon Exhibits.

## II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE CHALLENGED RJN EXHIBITS.

The second category of RJN Exhibits addressed in the Opposition are RJN Exhibits 1, 14, 18, 24, 32, 37–39, 41–54, and 58 (the "Challenged RJN Exhibits").  (Opp. at 4.)  The Challenged RJN Exhibits are offered in support of the Motion to Dismiss for a proper purpose.  Accordingly, the Court can and should take judicial notice of the Challenged RJN Exhibits.

***Investor Presentation (RJN Exhibit 32).***  Lead Plaintiffs' challenge to RJN Exhibit 32 (Opp. at 7) defies logic.  Exhibit 31 (the Investor Day Presentation Transcript) and RJN Exhibit 32 (the Investor Day Presentation) are part and parcel of each other.  As illustrated by the numerous references to RJN Exhibit 32 in Exhibit 31, the same audience that heard the E.A. Challenged Statement quoted in the Amended Complaint *simultaneously viewed the slide presentation as those remarks were made.*  (*See, e.g.*, Ex. 31 at 12 ("I'm going to talk about OTL a little bit more *on the next slide*." (emphasis added)); *id*. at 15 ("And then we also participated in an independent assessment of our compliance program, and *we'll talk more about that in the future slides*." (emphasis added)).)  Judicial notice is not technically required for RJN Exhibit 32, but it is more than appropriate because, like Exhibit 31, RJN Exhibit 32 allows the Court to review the entire statement being challenged, as well as other information that existed at that time.  *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)  (district court properly considered extrinsic annual report where complaint "d[id] not explicitly refer to or cite" the report but did allege claims "based" on it, and looking to the report allowed court to examine the alleged misrepresentations "in the full context of the document").

***Court Filings (RJN Exhibits 37–39).*** Lead Plaintiffs do not dispute that Defendants submit RJN Exhibits 37–39 to show the existence of a settlement that affects Lead Plaintiffs' rights to pursue this action. (Mot. at 4 n.2); *see Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, 2017 WL 5668053, at *9–10 (E.D. Pa. Nov. 27, 2017) (courts may take judicial notice of judicially approved settlements).

***News Articles (RJN Exhibits 42, 51–54, 58).*** Lead Plaintiffs contend that RJN Exhibits 42, 51–54, and 58 are offered to "establish[] the facts contained in the articles" rather than to "show what was in the 'public realm.'" (Opp. at 6.) But Defendants do no such thing.[3] These articles reflect what information the market had about the complexities of medical billing during the COVID-19 pandemic *and* affirm the well-known, common-sense understanding that medical billing is complex. Both points relate directly to Lead Plaintiffs' failure to plead a plausible fraud and failure to plead an actionable misrepresentation or omission. (Reply at 14–19.) *See Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009) (unpublished) ("[A] court may consider matters of which judicial notice may be taken, including '*the fact that press coverage . . . contained certain information*, without regard to the truth of their contents.'" (emphasis added) (citation omitted)); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 902 (E.D. La. 2014) (newspaper articles, analyst reports, and earnings call transcripts may be considered "as an indication of the information available to the public at the time"); *see also Vrakas v. U.S. Steel Corp.*, 2018 WL 4680314, at *6 (W.D. Pa. Sept. 29, 2018) (taking judicial notice of news articles for "generally known or incontestable facts").

***Agency Materials (RJN Exhibits 41, 43–50).*** Lead Plaintiffs' arguments regarding RJN Exhibits 41 and 43–50 mirror their arguments regarding the News Articles. Lead Plaintiffs are

---

[3] To be clear, Defendants' arguments in the Motion to Dismiss do not hinge on disputing Lead Plaintiffs' allegations regarding which diabetes code should have been used by AdaptHealth's diabetes service line.

wrong with respect to RJN Exhibits 43–50 for the same reasons set forth above.  (*See supra* at 3); *see also In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*, 701 F. Supp. 2d 356, 368 (E.D.N.Y. 2010) (taking judicial notice of agency materials where they "provid[ed] context and a means of measuring defendant's conduct"); *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 220 (D.N.J. 2022) (same).  Lead Plaintiffs are also wrong with respect to RJN Exhibit 41, which is a final rule promulgated by the SEC that affirms the widely accepted and common-sense understanding that trading in the United States operates through an electronic system (an indisputable fact that countless courts have recognized in similar contexts) and thus has implications for Lead Plaintiffs' failure to plausibly plead standing.  (Reply at 23–26.)

**SEC Filings (RJN Exhibits 1, 14, 18, 24).**  Lead Plaintiffs' conclusory assertion that "[a]ll four of these Exhibits are being offered for the truth of their contents" (Opp. at 8) cannot withstand scrutiny.  RJN Exhibit 1 confirms the month that AdaptHealth Stock began trading, which is an indisputable fact that is also reflected in several documents containing E.A. Challenged Statements.  (*See, e.g.*, Exs. 2 at 2, 16; 3 at 2, 19; 6 at 72.)  RJN Exhibit 18 reports the 2021 cash bonuses that are described in the Amended Complaint, which the Court can consider based on the incorporation by reference doctrine and because the Exhibit reflects information that existed at the time and is not alleged to be false.  Finally, RJN Exhibits 14 and 24 pertain to Mr. Quasha's AdaptHealth Stock holdings and reflect blatant contradictions of matters of public record.  *See In re Wash. Mut. Inc.*, 741 F. App'x 88, 91 n.3 (3d Cir. 2018) (a court "need not . . . credit factual allegations contradicted by matters of which [it] may take judicial notice"); *Keeling v. Wetzel*, 2020 WL 13735052, at *1 (M.D. Pa. Mar. 16, 2020) ("Nor is [a court] required to credit factual allegations contradicted by . . . matters of public record[.]").

### III. THE COURT SHOULD NOT TAKE ANY ACTION REGARDING THE AMENDED COMPLAINT EXHIBITS.

The third and final category of exhibits addressed in the Opposition are Exhibits 2–13,15–17, 19–23, 25–31, 40, 55–57, and 59–60 (the "Amended Complaint Exhibits") (Opp. at 2 n.4), none of which are at issue in the Judicial Notice Request. This is wholly improper. It is axiomatic that, when a party files a motion, the only issue before the court—and by extension the only relief to be considered by the presiding court—is the subject of the motion. *See Burdyn v. Old Forge Borough*, 2017 WL 382304, at *2 (M.D. Pa. Jan. 26, 2017) ("The purpose of a brief in opposition to another party's motion is not to make a separate motion, albeit tangentially related to the original party's motion."); *Thompson v. Peak Energy Servs. USA, Inc.*, 2013 WL 5511319, at *4 n.1 (W.D. Pa. Oct. 4, 2013) ("A party cannot expect relief to be granted when it is contained within a brief or a response to another party's motion."). In other words, a party cannot use an opposition brief to seek relief or raise issues outside the scope of the motion. *Id*.

Yet that is exactly what Lead Plaintiffs seek to do here. The Judicial Notice Request clearly identified the RJN Exhibits in a table, as well as throughout the Argument section. To the extent that Lead Plaintiffs had any concerns with other documents (such as the Amended Complaint Exhibits), those should have been raised by separate motion or within their opposition to Defendants' Motion to Dismiss. Having failed to do either, this issue is not properly before the Court. *See Jumpp v. Jerkins*, 2010 WL 715678, at *19 n.11 (D.N.J. Mar. 1, 2010) (party's entitlement to relief raised in opposition brief not properly before court where request not lodged as a separate motion); *Burdyn*, 2017 WL 382304, at *2 (request within brief in response to party's motion "inappropriate manner in which to request a ruling by the Court").

In any event, Lead Plaintiffs' attempt to limit the Court's ability to consider the Amended Complaint Exhibits has no basis in fact or law. For one thing, *Lead Plaintiffs themselves quote*

*and rely on* these very documents throughout their Amended Complaint.  That alone is sufficient for the Court to consider these documents in their entirety.  *See In re Horsehead Holding Corp. Sec. Litig.*, 2018 WL 4838234, at *10 (D. Del. Oct. 4, 2018), *report and recommendation adopted*, 2019 WL 1409454 (D. Del. Mar. 28, 2019) ("[I]f a plaintiff's complaint explicitly relies upon a document, *or* the document is integral to the complaint, then so long as the document is undisputedly authentic, a reviewing court may take into account *the full contents of the document*." (emphasis added)).  No separate request for judicial notice is required.  *See In re Burlington Coat Factory*, 114 F.3d at 1426 ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."); *cf. Tellabs*, 551 U.S. at 322 (a court "must consider . . . documents incorporated into the complaint by reference").

For another, Lead Plaintiffs mischaracterize how Defendants have used these documents. The Amended Complaint Exhibits are not offered "to resolve factual disputes."  (Opp. at 9.) Rather, as confirmed by Exhibit 63, Defendants rely on the Amended Complaint Exhibits for the very reason the incorporation doctrine exists:  To "prevent[] [P]laintiffs from selecting only portions of documents that support their claims while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *In re Burlington Coat Factory*, 114 F.3d at 1426 ("What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." (cleaned up)).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and take judicial notice of the RJN Exhibits in deciding the Defendants' Motion to Dismiss.

Dated: November 15, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: _/s/ Todd G. Cosenza_

Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
Michaela A. Connolly (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 728–8000
tcosenza@willkie.com
zekono@willkie.com
viannece@willkie.com
mconnolly@willkie.com

**SAXTON & STUMP**
Steven D. Costello (No. 37288)
Kathryn Diane Maza Courtney (No. 330883)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania  19355
Telephone:  (484) 328–8500
sdc@saxtonstump.com
kmc@saxtonstump.com

*Counsel for Defendants AdaptHealth Corp., Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Alan Quasha, Frank J. Mullen, Richard Barasch, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III*

**ALLEN OVERY SHEARMAN STERLING US LLP**


By*: /s/ Adam S. Hakki*
Adam S. Hakki (admitted *pro hac vice*)
Daniel Lewis (admitted *pro hac vice*)
Elizabeth J. Stewart (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848–4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
elizabeth.stewart@aoshearman.com

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Daniel Segal (No. 26218)
Andrew M. Erdlen (No. 320260)
One Logan Square, 27th Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 568–6200
dsegal@hangley.com
aerdlen@hangley.com

*Counsel for Defendants Deutsche Bank Securities Inc., Jefferies LLC, BofA Securities, Inc., Truist Securities, Inc., Robert W. Baird & Co. Incorporated, RBC Capital Markets, LLC, Stifel, Nicolaus & Company, Incorporated, UBS Securities LLC, Canaccord Genuity LLC and Leerink Partners LLC*

- 8 -

## **CERTIFICATE OF SERVICE**

I, Todd G. Cosenza, Esquire, hereby certify that on this date, a true and correct copy of the foregoing was served electronically via the Court's ECF system, where this document is available for downloading and viewing.

*/s/ Todd G. Cosenza*

Todd G. Cosenza

Dated: November 15, 2024