# Exhibit 1

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |

**<u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>**

This Stipulation and Agreement of Settlement, dated as of December 18, 2025 (the "Stipulation") is entered into by and among the following:  (a) Lead Plaintiffs Allegheny County Employees' Retirement System ("ACERS"), International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and City of Tallahassee Pension Plan ("Tallahassee") ( "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants AdaptHealth Corp. ("AdaptHealth" or the "Company"), Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Alan Quasha, Frank J. Mullen, Richard Barasch, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, the "Individual Defendants," and, together with AdaptHealth, the "AdaptHealth Defendants"), and Deutsche Bank Securities Inc., Jefferies LLC, BofA Securities, Inc., Truist Securities, Inc., Robert W. Baird & Co. Incorporated, RBC Capital Markets, LLC, Stifel, Nicolaus & Company, Incorporated, UBS Securities LLC, Canaccord Genuity LLC, and Leerink Partners LLC (collectively, the "Underwriter Defendants," and, together with the AdaptHealth Defendants, "Defendants"), by and through their respective undersigned counsel.  Subject to the approval of the United States District Court for the Eastern District of Pennsylvania pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the terms and conditions expressly provided herein, Lead Plaintiffs and Defendants (together, the "Settling Parties") state this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the above-captioned action (the "Action") and all Released Plaintiffs' Claims as against Defendants and Released Defendant Parties.[1]

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

- 1 -

## I.    THE ACTION

The Action is currently pending before the Honorable Mia R. Perez in the United States District Court for the Eastern District of Pennsylvania (the "Court").  The initial complaint in the Action was filed on October 24, 2023 by ACERS (ECF No. 1), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").   On January 23, 2024, pursuant to the Private Securities Litigation Reform Act of 1995, the Court appointed ACERS, Local 793, and Tallahassee as Lead Plaintiffs for the Action and approved their selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel (ECF No. 33).

On May 23, 2024, Lead Plaintiffs filed the Amended Class Complaint for Violations of the Federal Securities Laws (ECF No. 59) (the "Amended Complaint"), alleging that (a) AdaptHealth and individual defendants Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, and Rodney Carson (collectively, the "Individual Exchange Act Defendants") violated Section 10(b) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5(a)–(c) thereunder; (b) the Individual Exchange Act Defendants and Alan Quasha violated Section 20(a) of the Exchange Act; (c) AdaptHealth, individual defendants Luke McGee, Joshua Parnes, Jason A. Clemens, Frank Mullen, Richard Barasch, Alan Quasha, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III (collectively, the "Individual Securities Act Defendants"), and the Underwriter Defendants violated Section 11 of the Securities Act; (d) the Underwriter Defendants violated Section 12(a)(2) of the Securities Act; and (e) and the Individual Securities Act Defendants violated Section 15 of the Securities Act.

More specifically, Lead Plaintiffs alleged that from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period"), Defendants made numerous

materially false and misleading statements and omissions generally regarding AdaptHealth's (i) billing practices, (ii) compliance systems and technology, (iii) ability to integrate its acquisitions into AdaptHealth's existing compliance program and systems, and (iv) revenues and EBITDA, which caused the price of the Company's common stock to trade at artificially inflated prices until the market learned of the allegedly false and misleading nature of Defendants' statements and omissions, and the Company's stock price declined on five dates between March 1, 2022 and November 7, 2023.  Lead Plaintiffs ACERS and Tallahassee alleged that similar false and misleading statements were made in connection with AdaptHealth's secondary offering of common stock that closed on January 5, 2021 (the "Secondary Offering").

On July 23, 2024, Defendants moved to dismiss the Amended Complaint and for judicial notice of certain exhibits attached to their motion to dismiss.  On October 1, 2024, Lead Plaintiffs filed their opposition to both motions.  On November 14, 2024, Defendants filed their reply brief.  Defendants' motion to dismiss was pending at the time that the Settling Parties reached their agreement to settle.

On May 27, 2025, the Settling Parties agreed to mediate and the following day jointly filed a letter with the Court requesting any decision on the pending motion to dismiss be held in abeyance as the Settling Parties attempted to resolve the Action.

On October 8, 2025, the Settling Parties participated in a mediation session before a nationally recognized neutral mediator and engaged in further settlement discussions following the mediation.  Following the mediation, the Settling Parties participated in additional settlement negotiations with the mediator's assistance.

On October 23, 2025, the Settling Parties reached an agreement-in-principle to settle the Action for releases and a cash payment of $35,000,000, subject to negotiation of the terms of a

stipulation of settlement and approval by the Court.  This Stipulation (together with the Exhibits attached hereto) reflects the final and binding agreement between the Settling Parties.

## II.    LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and other Settlement Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have expressly denied, and continue to deny, any and all of the allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants have also expressly denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or other Settlement Class Members have suffered any damages; that Lead Plaintiffs or other Settlement Class Members were harmed by the conduct alleged in the Action or that could have been alleged in the Action; that the price of AdaptHealth common stock was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently in any way; that Defendants made any alleged material misrepresentations or omissions; that Defendants had or failed to comply with any disclosure obligations with respect to any alleged misrepresentations or omissions; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations

or omissions.  Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth below in ¶ 14.1 through ¶ 14.2, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and each and every Settlement Class Member) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, the Action and the Released Claims shall be finally and fully compromised, resolved, discharged, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.    Definitions

As used in this Stipulation and any exhibits attached hereto and made part hereof, the following capitalized terms shall have the meanings specified below.

1.1    "Action" means the securities class action pending in this Court under the caption *In re AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP.

1.2    "AdaptHealth" or the "Company" means AdaptHealth Corp.

1.3    "AdaptHealth Defendants" means, collectively, AdaptHealth, Luke McGee, Stephen P. Griggs, Joshua Parnes, Jason A. Clemens, Shaw Rietkerk, Wendy Russalesi, Rodney Carson, Alan Quasha, Frank J. Mullen, Richard Barasch, Terence Connors, Dr. Susan Weaver, Dale Wolf, Bradley Coppens, and David S. Williams III.

1.4    "AdaptHealth's Counsel" or "AdaptHealth Defendants' Counsel" means the law firm of Willkie Farr & Gallagher LLP.

1.5    "AdaptHealth's Insurers" means, collectively, AdaptHealth insurance carriers that are paying that portion of the Settlement Amount that is in excess of AdaptHealth's self-insured retention.

1.6    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate the Settlement by reason of such variance.

1.7    "Amended Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on May 23, 2024 (ECF No. 59).

1.8    "Authorized Claimant" means any Settlement Class Member who submits a valid Proof of Claim Form to the Claims Administrator that satisfies all the requirements set forth on

the Proof of Claim Form in accordance with the requirements established by the Court and that is accepted for payment from the Net Settlement Fund.

1.9    "Claim" means a Proof of Claim Form submitted by a Settlement Class Member, or on his, her, or its behalf, to the Claims Administrator.

1.10    "Claimant" means a Settlement Class Member that submits a Claim to the Claims Administrator.

1.11    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.12    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.13    "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.14    "Defendant" or "Defendants" means individually and collectively the AdaptHealth Defendants and the Underwriter Defendants.

1.15    "Defendants' Counsel" means, collectively, the AdaptHealth Defendants' Counsel and the Underwriter Defendants' Counsel.

1.16    "Effective Date," with respect to the Settlement, means the first date by which all of the events and conditions specified in ¶ 13.1 of this Stipulation have been met and have occurred or have been waived.

1.17    "ERISA" means the Employee Retirement Income Security Act of 1974.

1.18    "Escrow Account" means an account wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel acting as agent for Lead Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and remain subject

to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

1.19    "Escrow Agent" means Citibank, N.A.

1.20    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.21    "Final," with respect to any order or judgment of the Court, including the proposed Judgment or the Alternate Judgment, means that such order or judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or judgment becomes Final when:  (a) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the order or judgment; or (b) if there is an appeal from the order or judgment, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to  (a) any Fee and Expense Award (as defined in ¶ 7.2), (b) the Plan of Allocation (as submitted or subsequently modified), or (c) the procedures for determining Authorized Claimants' Recognized Claims (as will be defined in the Plan of Allocation) shall not in any way delay, affect, or preclude the time set forth above for the Judgment

or the Alternate Judgment to become Final, or otherwise preclude the Judgment or the Alternate Judgment from becoming Final.

1.22    "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order to consider, among other things, approval of the Settlement embodied herein.

1.23    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, wife, or partner in a state-recognized domestic relationship or civil union.

1.24    "Investment Vehicle" means any investment company, separately managed account, collective investment trust, or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds, hedge funds, and retirement accounts and employee benefit plans in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor or manager, but in which any Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.25    "Judgment" means the proposed order and final judgment to be entered by the Court approving the Settlement embodied herein, which shall be substantially in the form attached hereto as Exhibit B.

1.26    "Lead Counsel" means the law firm Bernstein Litowitz Berger & Grossmann LLP.

1.27    "Lead Plaintiffs" means Allegheny County Employees' Retirement System, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, and City of Tallahassee Pension Plan.

1.28    "Lead Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

1.29    "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

1.30    "Net Settlement Fund" means the Settlement Fund less:  (a) any attorneys' fees awarded by the Court; (b) any Litigation Expenses awarded by the Court; (c) any Notice and Administration Costs; (d) any Taxes and Tax Expenses; and (e) any other costs or fees approved by the Court.

1.31    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1, which is to be sent to Settlement Class Members.

1.32    "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably incurred by the Claims Administrator, as described herein and in the Preliminary Approval Order, in connection with (a) providing notice of the Settlement by mail, email, publication, and other means to the Settlement Class, (b) locating potential Settlement Class Members, (c) assisting with the submission of Claims, (d) processing Proof of Claim Forms, (e) administering the Settlement, and (f) paying fees, costs, and expenses in connection with the Escrow Account.

1.33    "Person(s)" means a natural person, individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, general or limited

partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, personal or legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.34    "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund to the Authorized Claimants prepared by Lead Counsel and set forth in the Notice (or any other plan for the allocation of the Net Settlement Fund that Lead Counsel may propose).

1.35    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement embodied herein, which shall be substantially in the form attached hereto as Exhibit A.

1.36    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

1.37    "Proof of Claim Form" or "Claim Form" means the Proof of Claim and Release Form for submitting a Claim to be approved by the Court, which shall be substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.38    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

1.39    "Released Defendant Party" or "Released Defendant Parties" means each and all of the following:  (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs,

- 11 -

estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers (including AdaptHealth's Insurers), co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

1.40    "Released Defendants' Claims" means any and all claims, rights, causes of action, or liabilities of every nature and description whatsoever, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, against a Released Plaintiff Party that are based upon, arise out of, concern, or relate in any way to the institution, prosecution, or settlement of the Action against Defendants. Released Defendants' Claims do not include, settle, or release any claims relating to the enforcement of this Stipulation or the Settlement.

1.41    "Released Plaintiff Party" or "Released Plaintiff Parties" means each and all of the following: (a) Lead Plaintiffs; (b) Lead Plaintiffs' Counsel; (c) each and every Settlement Class Member; and (d) any and all of Lead Plaintiffs' and each Settlement Class Member's respective past, present, or future respective parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or

investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions.  A Released Plaintiff Party does not include any Person who would otherwise be a Settlement Class Member but who requests, and is granted by the Court, exclusion from the Settlement Class.

1.42    "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against a Released Defendant Party, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in the Amended Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, or (c) could have been asserted, alleged, or set forth in the Amended Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition of AdaptHealth common stock during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories that were alleged, set forth, referred to, or involved in this Action, the Amended Complaint, or any prior complaint filed in this Action (or that could have been alleged based on the same nucleus of facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories alleged in the Action).  Released Plaintiffs' Claims do not include any ERISA or shareholder derivative claims asserted on behalf of AdaptHealth or any claims relating to the enforcement of this Stipulation or the Settlement.

1.43    "Releases" means the releases set forth in ¶¶ 3.1–3.4 of this Stipulation.

1.44    "Settlement" means the resolution of the Action between the Settling Parties in accordance with the terms and conditions of this Stipulation.

1.45    "Settlement Amount" means $35,000,000.

1.46    "Settlement Class" means all Persons who purchased or otherwise acquired AdaptHealth common stock during the Settlement Class Period.  Excluded from the Settlement Class are:  (a) Defendants; (b) any person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of the Individual Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded Person has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded Person, in their capacities as such; and (f)  any Person who would otherwise be a Settlement Class Member but who requests, and is granted by the Court, exclusion from the Settlement Class, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other excluded persons or entities.

1.47    "Settlement Class Member" means a member of the Settlement Class.

1.48    "Settlement Class Period" means the period between August 4, 2020 and November 7, 2023, inclusive.

1.49     "Settlement Fund" means the Settlement Amount plus any and all interest or income earned thereon after it is deposited into the Escrow Account.

1.50    "Settlement Notices" means, collectively, the Notice and Summary Notice.

1.51    "Settling Parties" means, collectively, Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

1.52    "Stipulation" means this Stipulation and Agreement of Settlement.

1.53    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.54    "Taxes" means any and all federal, state, or local taxes, fees, levies, duties, tariffs, imposts, and other similar charges (including any estimated taxes, withholdings, interest, penalties, additions to tax and additional amounts imposed with respect thereto) on any income earned by the Settlement Fund.

1.55    "Tax Expenses" means any expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and/or other advisors and expenses relating to the filing of or failure to file all necessary or advisable tax returns).

1.56    "Underwriter Defendants" means Deutsche Bank Securities Inc., Jefferies LLC, BofA Securities, Inc., Truist Securities, Inc., Robert W. Baird & Co., Incorporated, RBC Capital Markets, LLC, Stifel, Nicolaus & Company, Incorporated, UBS Securities LLC, Canaccord Genuity LLC, and Leerink Partners LLC.

1.57    "Underwriter Defendants' Counsel" means the law firm of Allen Overy Shearman Sterling US LLP.

1.58    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any Lead Plaintiff or Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Defendant Parties or

decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Plaintiff Parties. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Settlement Class Member shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into this Stipulation, but they are notwithstanding this potential entering into this Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Settlement Class Member shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

**2.    CAFA Notice**

2.1    Defendants shall serve any notice of Settlement required pursuant to the Class Action Fairness Act of 2005 (the "CAFA Notice"), 28 U.S.C. § 1715(b), within the time period set forth in said statute.  Defendants are solely responsible for the reasonable costs and expenses related to the creation and service of any CAFA Notice.

2.2    Lead Plaintiffs will request that the Final Approval Hearing be scheduled for no earlier than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph.  Should Defendants serve any CAFA Notice, at least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause the CAFA Notice to be served on Lead Counsel and filed with the Court.

2.3    The Settling Parties further agree that any delay by Defendants in timely serving the CAFA Notice will not provide grounds for delay of the Final Approval Hearing or entry of the Judgment or the Alternate Judgment.

**3.    Releases**

3.1    The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of this Action as against Defendants; and (b) the releases provided for herein.

3.2    Pursuant to the Judgment or the Alternate Judgment, without further action by anyone, upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; and (b) shall forever be barred and enjoined from

- 17 -

commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties.  Claims to enforce the terms of this Stipulation and the Settlement are not released.

3.3    Pursuant to the Judgment or the Alternate Judgment, without further action by anyone, upon the Effective Date, Defendants, on behalf of themselves and their legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties; and (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties.  Claims to enforce the terms of this Stipulation and the Settlement are not released.

3.4    Notwithstanding ¶ 3.1 through ¶ 3.3, nothing in the Judgment or the Alternate Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation, the Settlement, or the Judgment or the Alternate Judgment.

**4.    Settlement Consideration**

4.1    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendant Parties, AdaptHealth has agreed to pay the Settlement Amount to the Settlement Fund using primarily its D&O insurance.  No other Defendant shall pay, or be liable to pay, any part of the Settlement Amount.

4.2    AdaptHealth shall pay or cause to be paid $1 million of the Settlement Amount into the Escrow Account no later than fourteen (14) business days after the later to occur of:  (a) the date of entry of the Preliminary Approval Order; or (b) the date on which Lead Counsel provides to Defendants' Counsel (collectively) all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (i) wire transfer instructions (including bank name and ABA routing number, address, account name and number), (ii) payment address, and (iii) a complete and executed Form W-9 that reflects a valid taxpayer identification number for the Settlement Fund in which the Settlement Amount is to be deposited.

4.3    In addition, AdaptHealth shall cause one or more of AdaptHealth's Insurers to deposit the remainder of the Settlement Amount ($34 million) into the Escrow Account by check or wire within thirty (30) calendar days after the later to occur of:  (a) the date of entry of the Preliminary Approval Order; or (b) the date on which Lead Counsel provides to Defendants' Counsel (collectively) and AdaptHealth's Insurers all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (i) payment instructions (including bank name and ABA routing number, address, account name and number, and the contact information for an individual to provide verbal confirmation of same), (ii) payment address, and (iii) a complete and executed Form W-9 that reflects a valid taxpayer identification number for the Settlement Fund in which the Settlement Amount is to be deposited.  AdaptHealth's sole obligation with respect to the Settlement Amount shall be to cause AdaptHealth's Insurers to make this payment.  To the extent that any AdaptHealth Insurer opts to make a deposit into the Escrow Account by check, such check shall be sent via overnight mail so that it is received within thirty (30) calendar days of the aforementioned deadline.

4.4    The Settlement Amount is the total, full, and final amount of all payments to be paid by, or on behalf of, Defendants to Lead Plaintiffs, Settlement Class Members, Lead Counsel,

Lead Plaintiffs' Counsel, or any other person or entity acting or purporting to act for the benefit of the Settlement Class in this Action, in connection with this Stipulation and the Settlement embodied herein. The Settlement Amount is inclusive of any Fee and Expense Award, the attorneys' fees and expenses of Lead Plaintiffs' Counsel, all Notice and Administration Costs, and all Taxes and Tax Expenses. Nothing in this Stipulation constitutes or may be deemed to constitute a release of any action, suit, cause of action, claim or demand that Defendants have or may have against AdaptHealth's Insurers.

4.5     The deposit of AdaptHealth's portion of the Settlement Amount into the Escrow Account as set forth under ¶ 4.2 shall fully discharge AdaptHealth of all financial obligations in connection with the Settlement, meaning that no Released Defendant Party shall have any obligation to pay, deliver, deposit, or otherwise provide any additional settlement consideration to the Escrow Account or to any Settlement Class Member under this Stipulation or in connection with the Settlement. For the avoidance of doubt, under no circumstances shall AdaptHealth or AdaptHealth's Insurers be required to contribute more to the Settlement Fund than their respective portions of the Settlement Amount (as set forth in ¶ 4.1) or shall any other Defendant (excluding AdaptHealth) be required to make any payment pursuant to this Stipulation or the Settlement. Furthermore, in the event the Settlement is approved and becomes Final, under no circumstances shall any Defendant or other Released Defendant Party be required to make any payment pursuant to this Stipulation or the Settlement or to otherwise provide any settlement consideration to the Escrow Account or the Settlement Fund.

4.6     Immediately upon deposit of the entire Settlement Amount into the Escrow Account, Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the Settlement Fund, including: (a) any act, omission, or determination by Lead Plaintiffs' Counsel, the Escrow Agent, or the Claims

Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, Tax Expenses, legal fees, or any other costs or expenses incurred in connection with the Settlement Fund.

4.7    Upon the Effective Date, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class.  If the Effective Date does not occur and the Settlement is terminated, the Settlement Fund shall be returned to AdaptHealth, pursuant to ¶ 13.5 through ¶ 13.6 hereof.

**5.    Use of Settlement Fund**

**a.    The Escrow Agent Responsibilities**

5.1    The Settlement Fund shall be held in the Escrow Account as provided in ¶ 4.2 through ¶ 4.5 hereof.  Any portion of the Settlement Fund held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation or a further order of the Court.

5.2    The Escrow Agent shall invest the Settlement Amount deposited in United States Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government, or fully insured by the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed

by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for the actions of the Escrow Agent.

5.3    The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Stipulation or by an order of the Court.  Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.  The Escrow Agent shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for any transaction executed by the Escrow Agent.

5.4    Subject to the terms and conditions of this Stipulation, the Escrow Agent is authorized to use the Settlement Fund to pay:  (a) Taxes and Tax Expenses; (b) Notice and Administration Costs; and (c) any Fee and Expense Award.  The balance remaining in the Settlement Fund after payment of the aforementioned items is the Net Settlement Fund and shall be distributed to the Authorized Claimants as provided herein.

5.5    Prior to the Effective Date, Lead Counsel may pay Notice and Administration Costs actually and reasonably incurred from the Settlement Fund, without further approval from Defendants and/or order of the Court.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees incurred, if any, by the Escrow Account.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to AdaptHealth or AdaptHealth's Insurers

in accordance with ¶ 13.5 through ¶ 13.6 hereof.  Defendants and other Released Defendant Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claim Administrator, Lead Plaintiffs' Counsel, or the Escrow Agent, or their respective agents with regard to any Notice and Administration Costs.

5.6    After the Effective Date, Notice and Administration Costs may be paid as incurred, without approval of Defendants or further order of the Court.  Defendants and the other Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility, interest in, or liability whatsoever for any claims with respect thereto.  The Settlement Fund shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for any Notice and Administration Costs.

### b.    Tax Treatment of Settlement Fund

5.7    The Settling Parties agree that the Settlement Fund is intended to be at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, and the regulations promulgated thereunder.  The Settling Parties further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation § 1.468B-1(c)(1).

5.8    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund (as defined in Treasury Regulation § 1.468B-2(k)(3)) shall be Lead Counsel.  Lead Counsel shall be solely responsible for timely and properly filing or causing to be filed all informational and other federal, state, or local tax returns necessary or appropriate for the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as

the elections described herein) shall be consistent with this ¶ 5.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 5.11 hereof.  In addition, Lead Counsel shall timely make such elections as necessary or appropriate to carry out the provisions of this ¶ 5.8, including, as necessary, making the "relation-back election" (as described in Treasury Regulation § 1.468B-1) to cause the "qualified settlement fund" to come into existence at the earliest permitted date, and shall take or cause to be taken all action as may be necessary or appropriate in connection therewith.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  It shall be the responsibility of the Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.9     Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Stipulation and in all events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

5.10     The taxable year of the Settlement Fund shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j).  The Settlement Fund shall use an accrual method of accounting within the meaning of § 446(c) of the IRS Code.

5.11     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or the other Released Defendant Parties with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount,

during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal, state, or local income tax purposes, and (b) Tax Expenses (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 5.8 herein) shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court.  Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).

5.12     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶ 5.7 through ¶ 5.11.

5.13     In all events, Defendants and the other Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses or for the acts or omissions of the Escrow Agent or its agent with respect to Taxes or Tax Expenses.  The Escrow Agent shall indemnify and hold each Defendant and each of the other Released Defendant Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

5.14     The Settlement is not a claims-made settlement.  As of the Effective Date, AdaptHealth and AdaptHealth's Insurers shall not have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims (as will be defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be

paid to Authorized Claimants from the Net Settlement Fund.  Nor shall AdaptHealth or the other Released Defendant Parties have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.

**6.      Plan of Allocation**

6.1      Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the Plan of Allocation, provided that such Plan of Allocation, after appropriate notice thereof to the Settlement Class, has been approved by the Court in an order that has become Final.

6.2      The Plan of Allocation is a matter separate and apart from the Settlement between the Settling Parties as embodied in this Stipulation.  The Plan of Allocation is not a necessary or material term of this Stipulation, and it is not a condition of the Settlement that any Plan of Allocation be approved by the Court or that any order approving a Plan of Allocation becomes Final.  Any Plan of Allocation, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.

6.3      Defendants and Defendants' Counsel shall have no role in the preparation of the Plan of Allocation and shall take no position with respect thereto.  No Defendant or any of the other Released Defendant Parties shall have any involvement with or liability, obligation, or responsibility whatsoever for the Plan of Allocation.

6.4      Any order or proceeding, whether in this Court or any appellate court, with respect to the Plan of Allocation shall not:  (a) operate to modify, terminate, or cancel this Stipulation or the Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other

orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiffs and the other Settlement Class Members), or any of their counsel, to cancel, terminate, or withdraw from this Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.  For the avoidance of doubt, this paragraph is not applicable to any Settlement Class Members who timely and validly request exclusion from the Settlement Class.

### 7.    Attorneys' Fees and Litigation Expenses

7.1    Lead Counsel may submit an application on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees or payment of Litigation Expenses and any interest earned on such amounts ("Fee and Expense Application").  Lead Counsel's Fee and Expense Application may also include a request for reimbursement to Lead Plaintiffs in connection with their representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for attorneys' fees and/or Litigation Expenses incurred in connection with this Action.  Lead Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

7.2    The amount of attorneys' fees and/or Litigation Expenses awarded to Lead Counsel by the Court ("Fee and Expense Award") is within the sole discretion of the Court.  Any Fee and Expense Award shall be paid to Lead Counsel solely from (and out of) the Settlement Fund, as ordered, immediately following the Court's execution of an order approving the Settlement and the Fee and Expense Award, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to repayment obligations set forth in ¶ 13.5 through ¶ 13.6 hereof.  Lead Counsel may thereafter allocate the awarded attorneys' fees among Lead Plaintiffs' Counsel in a

manner in which it believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

7.3     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application and/or Fee and Expense Award is a matter separate and apart from the Settlement between the Settling Parties as embodied in this Stipulation and is not a necessary or material term of this Stipulation or a condition of the Settlement.

7.4     With the sole exception of AdaptHealth's obligations to deposit or cause to be deposited the Settlement Amount as provided for in ¶ 4.1, neither Defendants nor any of the other Released Defendant Parties shall have any involvement with or liability, obligation, or responsibility whatsoever with respect to, any Fee and Expense Award or any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' Counsel, or the Settlement Class Members.  Furthermore, Defendants and the other Released Defendant Parties shall have no involvement with or liability, obligation, or responsibility whatsoever with respect to the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Action.

7.5     Any order or proceeding, whether in this Court or any appellate court, with respect to the award, payment, or allocation of attorneys' fees and/or Litigation Expenses in connection with this Action shall not:  (a) operate to modify, terminate, or cancel this Stipulation or the Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' Counsel, and the Settlement Class Members), or any of their counsel, to cancel,

terminate, or withdraw from this Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.

### 8. Notice and Settlement Administration

8.1    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation approved by the Court in an order that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

8.2    Lead Counsel shall be solely responsible, subject to Court approval, for notice to the Settlement Class, administration of the Settlement, and the allocation of the Settlement Amount among Settlement Class Members. Such allocation, or changes to the Plan of Allocation, shall not affect the finality of the Settlement. Other than AdaptHealth's obligation to use its best efforts to provide or make available transfer records as provided in ¶ 10.2, Defendants and the other Released Defendant Parties shall have no involvement with or liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no involvement with or liability, obligation, or responsibility whatsoever to the Released Plaintiff Parties, including Lead Plaintiffs, any other Settlement Class Members, Lead Counsel, or Lead Plaintiffs' Counsel, with respect to such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund; (c) the distribution of the Net

- 29 -

Settlement Fund; (d) the Plan of Allocation; (e) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (f) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (g) the payment or withholding of any Taxes or Tax Expenses.

8.3     The Settlement Fund shall be applied as follows:

> a)     to pay all Notice and Administration Costs;
>
> b)     to pay the Taxes and Tax Expenses;
>
> c)     to pay any Fee and Expense Award; and
>
> d)     after the Effective Date, to distribute the Net Settlement Fund to

Authorized Claimants as provided by this Stipulation, the Court-approved Plan of Allocation, and/or the orders of the Court.

8.4     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Claims Administrator shall mail the Notice and Proof of Claim Form to those Settlement Class Members who may be identified through the transfer records provided by AdaptHealth pursuant to ¶ 10.2, and to all other Settlement Class Members who can be reasonably identified, and shall publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order.

8.5     By the date set by the Court in the Preliminary Approval Order, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim Form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim Form.   The Claims Administrator, under the supervision of Lead Counsel, shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶ 8.9 below.

8.6     The Claims Administrator shall receive Claims and determine, first, whether the Claim is a valid Claim in whole or part and, second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court.  Neither Defendants nor any of the Released Defendant Parties shall be permitted to review, contest, or object to any Proof of Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Proof of Claim Form or Claim for payment by a Settlement Class Member.

8.7     All Settlement Class Members who fail to timely submit a valid Proof of Claim Form within the period specified in ¶ 8.5, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

8.8     Proof of Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim Form submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim

is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 8.9 below.

8.9    If any Claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 8.8 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

8.10    Except as otherwise ordered by the Court, all Claimants shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proof of Claim Form, no discovery shall be allowed on the merits of the Action or the Settlement.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, other Claimants, and Settling Parties expressly waive their right to trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.11    Except as otherwise ordered by the Court, all Settlement Class Members who do not request to be excluded from the Settlement Class (including those who fail to submit a timely Claim, Claimants whose Claims are rejected, and Authorized Claimants) will, in all other respects, be subject to and bound by all of the terms of the Settlement, including the terms of the Judgment or the Alternate Judgment to be entered in this Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties concerning any Released Plaintiffs' Claims.

8.12    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

8.13    Following the Effective Date and entry of the Class Distribution Order, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until a further redistribution is not economically feasible.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to

- 33 -

reallocate, shall be donated to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

8.14    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the administration or distribution of the Settlement Fund and the related matters set forth herein; and the Released Defendant Parties shall be released from any and all liability and claims arising from or with respect to such matters.

8.15    No Person shall have any claim against the Released Defendant Parties, the Released Plaintiff Parties, the Claims Administrator, or any other Person designated by Lead Counsel based on the administration, processing and determination of Claims made substantially in accordance with this Stipulation, the approved Plan of Allocation, or further order(s) of the Court.

8.16    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**9.    Objections and Requests for Exclusion**

9.1    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied herein should not be approved as fair, reasonable and adequate, or why the Judgment should not be entered thereon.  Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the Plan of

Allocation or Lead Counsel's Fee and Expense Application should not be approved. Any Settlement Class Member may appear at the Final Approval Hearing to express support for the Settlement, Plan of Allocation, or Fee and Expense Application.

9.2    Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Settlement Class Member except Lead Plaintiffs may request to be excluded from the Settlement Class.

9.3    The Claims Administrator shall scan and electronically send copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to AdaptHealth's Counsel and to Lead Counsel as expeditiously as possible, and in any event, and not more than five (5) days after receipt by the Claims Administrator. However, if the Claims Administrator receives any requests for exclusion within fourteen (14) days of the Final Approval Hearing, it shall scan and electronically send copies of those requests to AdaptHealth's Counsel and to Lead Counsel as expeditiously as possible, and, in any event, not more than two (2) business days after receipt by the Claims Administrator.

## 10.    Preliminary Approval of the Settlement

10.1    As soon as practicable following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with the Exhibits annexed hereto to the Court and shall move for preliminary approval of the Settlement embodied herein, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class, approval of the contents and method of distribution of the Notices and the Proof of Claim Form, and scheduling of the Final Approval Hearing after notice is given to the Settlement Class and no earlier than ninety (90) days following any deadline for Defendants to serve the CAFA Notice as set forth in ¶ 2.1 through ¶ 2.3. Concurrently with the motion for preliminary approval, Lead

Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

10.2    Within ten (10) business days after entry of the Preliminary Approval Order, AdaptHealth shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names, addresses, and email addresses (if available) relating to the identity of any purchasers of AdaptHealth common stock during the Settlement Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants or the other Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process made substantially in accordance with this Stipulation, or order(s) of the Court.

10.3    At or after the Final Approval Hearing, Lead Plaintiffs will request that the Court approve the proposed Plan of Allocation and Lead Counsel will request that the Court approve the Fee and Expense Application.

**11.    Judgment Approving the Settlement**

11.1    If the Settlement embodied in this Stipulation is approved by the Court, Lead Counsel, with Defendants' consent, shall request that the Court enter the Judgment, substantially in the form attached hereto as Exhibit B.

**12.    Termination Rights**

12.1    Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement by providing written notice of their election to do so ("Termination Notice") to the other Settling Parties to this Stipulation within thirty (30) days of the date on which any of the following occur: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the

Court's final refusal to approve this Stipulation or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (f) the failure of the Effective Date to occur for any reason, and the provisions of ¶¶ 13.3. 13.5, and 13.6 below shall apply. Notwithstanding the foregoing, any order or proceeding, whether in this Court or any appellate court, with respect to a Fee and Expense Application, Fee and Expense Award, or the Plan of Allocation shall not be considered necessary or material to the Settlement, shall not be considered a condition of Settlement, shall not affect the finality of any Judgment or the Alternate Judgment and shall not be grounds for termination of the Settlement.

12.2    In addition to the grounds set forth in ¶ 12.1 above, AdaptHealth shall have, in its sole and absolute discretion, the right to terminate the Settlement and render it null and void in the event that Settlement Class Members requesting exclusion from the Settlement Class meet the conditions set forth in a separate confidential agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and AdaptHealth, by and through their counsel concurrently herewith. Lead Plaintiffs and AdaptHealth agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notices, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and AdaptHealth concerning its interpretation or application; *provided, however*, that if the Supplemental Agreement is submitted to the Court, Lead Plaintiffs and AdaptHealth will seek

to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal. Notwithstanding the foregoing, AdaptHealth may include a redacted copy of the Supplemental Agreement with any CAFA Notice.

12.3    In addition to the grounds set forth in ¶ 12.1 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount is not timely deposited as provided for in ¶ 4.1, but only if: (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Plaintiffs' intention to terminate the Settlement, and (b) the entire Settlement Amount is not paid within five (5) business days after Lead Counsel has provided such written notice.

12.4    The termination rights set forth herein are not intended to limit or impair the Settling Parties' rights under the law of contracts of the Commonwealth of Pennsylvania with respect to any breach of this Stipulation.

**13.    Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

13.1    The Effective Date of the Settlement shall be deemed to have occurred upon the occurrence or waiver of all of the following events:

a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A;

b)    the Settlement Amount has been deposited into the Escrow Account;

c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation, including pursuant to the Supplemental Agreement, and the time to exercise such termination rights has expired;

d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation and the time to exercise their termination rights have expired;

- 38 -

e)      the Court has approved the Stipulation and the Settlement embodied herein, following the provision of notice to the Settlement Class and a Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

f)      the Court has entered the Judgment, substantially in the form set forth in Exhibit B, and the Judgment has become Final; or the Court has entered an Alternate Judgment, and neither Lead Plaintiffs nor any Defendant seek to terminate the Settlement and the Alternate Judgment has become Final.

13.2    If the conditions specified in ¶ 13.1 hereof are met and the Effective Date has occurred, no portion of the Settlement Fund will be returned to AdaptHealth or any other Person funding the Settlement Amount, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.3    If the conditions specified in ¶ 13.1 hereof are not met, then the Settlement shall be canceled and terminated pursuant to ¶ 12.1 through ¶ 12.4 hereof unless Defendants and Lead Plaintiffs mutually agree in writing to proceed with the Settlement.

13.4    Upon the Effective Date, any and all remaining interest or right of AdaptHealth or AdaptHealth's Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

13.5    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the Judgment or the Alternate Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

a) The Settlement and relevant portions of this Stipulation shall be canceled and terminated.

b) Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of October 23, 2025.

c) The terms and provisions of this Stipulation, with the exception of ¶¶ 1.1–1.57, 5.1-5.3, 5.5, 5.7-5.14, 13.1-13.5, 14.1-14.2, 15.19, and 15.30 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding, litigation, or investigation for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d) Within ten (10) business days after written notification of such event is sent by AdaptHealth's Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Costs actually incurred, paid, or payable pursuant to ¶ 5.5 and/or ¶ 5.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶ 5.5 and/or ¶ 5.11 hereof, shall be refunded by the Escrow Agent to AdaptHealth and AdaptHealth's Insurers. Lead Counsel shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deducting any fees or expenses incurred in connection with such application(s), to AdaptHealth and AdaptHealth's Insurers in the same manner as the Settlement Fund described in this ¶ 13.5.

e) If any portion of the Fee and Expense Award has been paid out of the Settlement Fund, then Lead Counsel, including its partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and/or Lead Plaintiffs, to the extent they have received any portion of the Fee and Expense Award, shall, within fifteen (15) business days from receiving notice from AdaptHealth's Counsel or from a court of

appropriate jurisdiction, refund or repay to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon. Any refunds or payment required pursuant to this ¶ 13.5(e) shall be the several obligation of Lead Plaintiffs' Counsel, including their partners, shareholders, and/or members, and/or Lead Plaintiffs, to the extent they have received any portion of the Fee and Expense Award, to make appropriate refunds or repayments to the Settlement Fund. As a condition of receiving such fees and expenses, Lead Plaintiffs' Counsel, on behalf of themselves and their partners, shareholders, and/or members, and Lead Plaintiffs, agree that Lead Counsel and each of their partners, shareholders, and/or members, and Lead Plaintiffs are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund. Without limitation, Lead Plaintiffs' Counsel and their partners, shareholders, and/or members, and Lead Plaintiffs agree that the Court may, upon application of AdaptHealth and notice to Lead Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should they fail to timely repay fees and expenses pursuant to this paragraph.

13.6    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is cancelled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Lead Plaintiffs who have received any portion of the Fee and Expense Award shall, within fifteen (15) business days from receiving notice from AdaptHealth's Counsel or from a court of appropriate

jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Any refunds or payment required pursuant to this ¶ 13.6 shall be the several obligation of Lead Plaintiffs' Counsel, including their partners, shareholders, and/or members, and Lead Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  As a condition of receiving such fees and expenses, Lead Plaintiffs' Counsel, on behalf of themselves and their partners, shareholders, and/or members, and Lead Plaintiffs, agree that Lead Counsel and each of their partners, shareholders, and/or members, and Lead Plaintiffs are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund.  Without limitation, Lead Plaintiffs' Counsel and their partners, shareholders, and/or members, and Lead Plaintiffs agree that the Court may, upon application of AdaptHealth and notice to Lead Plaintiffs' Counsel, issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should they fail to timely repay fees and expenses pursuant to this paragraph.  Similarly, Defendants agree that the Court may, upon application of Lead Plaintiffs, issue orders and may make appropriate findings of or sanctions for contempt, should Defendants fail to comply with their obligations under this Stipulation.

### 14.    No Admission of Wrongdoing

14.1    Defendants expressly deny any liability with respect to the matters alleged in the Amended Complaint.  Defendants have denied and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class Members have suffered any damages; that Lead Plaintiffs or the Settlement Class Members were harmed by the conduct alleged in the Action or that could have been alleged in the Action; that the price of AdaptHealth common stock was

artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently in any way; that Defendants made any alleged material misrepresentations or omissions; that Defendants had or failed to comply with any disclosure obligations with respect to any alleged misrepresentations or omissions; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to class certification and all claims alleged in the Action. Nonetheless, Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

14.2    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation, the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could

have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b)      shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against any Released Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c)      shall be offered or received against any of the Released Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiffs' or the Settlement Class's claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount;

(d)      shall be offered or received against any of the Released Defendant Parties or Released Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Released Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

(e)      shall be construed against any of the Released Defendant Parties or Released Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

(f)    *provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Settling Parties and the other Released Defendant Parties and Released Plaintiff Parties may file or refer to this Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## 15.    Miscellaneous Provisions

15.1    The Settling Parties agree to fully cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation, including in seeking Court approval of the Preliminary Approval Order.  The Settling Parties further agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

15.2    Pending approval of the Court of the Settlement, all proceedings in this Action shall be stayed and Lead Plaintiffs and all Settlement Class Members shall be barred and enjoined from, other than for those matters necessary to implement and effectuate the Settlement itself:  (a) taking any steps to prosecute any of the Released Plaintiffs' Claims against any of the Released Defendant Parties; and (b) initiating or participating in any proceedings asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.  Also, Lead Plaintiffs shall not take any discovery relating to the Settlement, often referred to as confirmatory discovery, including, but not limited to, document discovery and depositions, and will not seek Court permission or undertake other efforts to do so.

15.3    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

15.4    AdaptHealth warrants that, as to the payments made or to be made on behalf of it, at the time of entering into this Stipulation and at the time of such payment it, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by AdaptHealth and not by its counsel.

15.5    In the event of the entry of a final order of a court of competent jurisdiction determining any portion of AdaptHealth's payment to the Settlement Fund on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, then, at the election of Lead Plaintiffs, Lead Plaintiffs may move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 13.5 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 13.5 above.

15.6    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Member against the Released Defendant Parties with respect to the Released Plaintiffs' Claims. The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  No Settling Party will deny that the Action was commenced, litigated, and resolved in good faith and in a manner that comports with Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").  No Settling Party will

assert any violation of Rule 11 or any similar law, rule or regulation relating to the litigation of the Action, including, but not limited to, the institution, prosecution, defense, or settlement of the Action.  The Judgment will contain a finding that, during the course of the Action, the Settling Parties and their counsel at all times complied with the requirements of Rule 11.  No Settling Party will object to any finding by the Court in the Judgment, Alternate Judgment, or otherwise that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 in connection with the institution, prosecution, defense, and settlement of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

15.7    The Settling Parties agree to take no action with respect to the Settlement that is intended to, or that would be reasonably expected to, harm the reputation of any other Settling Party (including the Settling Party's officers, directors, employees, agents, attorneys, or insurers) or that would reasonably be expected to lead to unfavorable publicity for any other Settling Party; provided however it is understood that Lead Plaintiffs' recitation of the allegations that were asserted against Defendants in the Action, including in the Notices and in their motions for preliminary and final approval of the Settlement, shall not constitute a violation of the provision..

15.8    The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Action was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Action was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, the

Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defenses and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged, to the media or otherwise.  The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.  For the avoidance of doubt, the Defendants retain their right to deny that the claims and allegations asserted in the Action were meritorious.

15.9    This Stipulation and the Exhibits attached hereto together with the Supplemental Agreement constitute the entire agreement among the Parties as to the subject matter hereof.  This Stipulation and the Supplemental Agreement supersede any prior or contemporaneous written or oral agreements or understandings between the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

15.10   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any and all Released Defendant Parties.

15.11   All time periods set forth in this Stipulation shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

15.12   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.13   The administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Settling Parties intend that the

Court retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, *inter alia*, entering orders providing for any Fee and Expense Award, the approval of the Plan of Allocation and enforcing the terms of the Settlement.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

15.14   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (b) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

### *If to Lead Plaintiffs or to Lead Counsel:*

BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP
KATHERINE M. SINDERSON
JOHN RIZIO-HAMILTON
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email:  katiem@blbglaw.com
        johnr@blbglaw.com

### *If to AdaptHealth, any AdaptHealth Defendant, or the AdaptHealth Defendants' Counsel:*

WILLKIE FARR & GALLAGHER LLP
TODD G. COSENZA
ZEH S. EKONO
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Email:  tcosenza@willkie.com
        zekono@willkie.com

***If to any Underwriter Defendant or Underwriters Defendants' Counsel:***

> ALLEN OVERY SHEARMAN
> STERLING US LLP
> ADAM S. HAKKI
> DANIEL LEWIS
> 599 Lexington Avenue
> New York, New York 10022
> Telephone: (212) 848-4000
> Facsimile: (212) 848-7179
> Email: adam.hakki@aoshearman.com
>           daniel.lewis@aoshearman.com

15.15   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

15.16   No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel nor is any representation or warranty in this regard made by virtue of this Stipulation. Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of this Stipulation, and the Settlement embodied herein, and any tax reporting obligations they might have with respect to it.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each Settlement Class Member, and the Released Defendant Parties shall have no liability for such taxes, penalties or interest.

15.17   All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

15.18   Except as otherwise provided herein, each Settling Party shall bear his, her, or its own fees and costs.

15.19   Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class

pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

15.20  This Stipulation, along with its Exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

15.21  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

15.22  Any action arising under or to enforce this Stipulation, the Settlement or any portion of this Stipulation or the Settlement, shall be commenced and maintained only in the Court.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15.23  The Settling Parties may file this Stipulation and/or the Judgment or the Alternate Judgment in any action that may be brought to enforce the terms of this Stipulation, the Settlement and/or the Judgment or the Alternate Judgment.  Defendants and/or the other Released Defendant Parties may file this Stipulation and/or the Judgment or the Alternate Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

15.24  To the extent there are disputes regarding the interpretation of any term of this Stipulation, the Settling Parties will attempt to resolve any such dispute in good faith.  If the

Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any non-breaching Settling Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be this Court.

15.25 This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation. Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

15.26 This Stipulation, its Exhibits, the Supplemental Agreement, and all documents necessary to effectuate it shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

15.27 Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so, and that such Person has the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

15.28  This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

15.29  Whether or not the Settlement is approved by the Court and whether or not the Settlement is consummated, the Effective Date occurs, the Settling Parties and their counsel agree to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated December 18, 2025.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____

Katherine M. Sinderson (admitted *pro hac vice*)
Hannah Ross
John Rizio-Hamilton (admitted *pro hac vice*)
John J. Esmay (admitted *pro hac vice*)
Timothy Fleming (admitted *pro hac vice*)
Sarah K. Schmidt (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 554–1400
katiem@blbglaw.com
hannah@blbglaw.com
johnr@blbglaw.com
john.esmay@blbglaw.com
timothy.fleming@blbglaw.com
sarah.schmidt@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**KASKELA LAW LLC**
D. Seamus Kaskela (No. 204351)
Adrienne Bell (No. 202231)
18 Campus Boulevard, Suite 100
Newtown Square, PA 19073
Telephone: (484) 258-1401
skaskela@kaskelalaw.com
abell@kaskelalaw.com

*Liaison Counsel for Lead Plaintiffs and the Settlement Class*

**WILLKIE FARR & GALLAGHER LLP**

By: _____
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Allison A. Berkowitch (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 728–8000
tcosenza@willkie.com
zekono@willkie.com
aberkowitch@willkie.com


**SAXTON & STUMP**
Steven D. Costello (No. 37288)
Kathryn Diane Maza Courtney (No. 330883)
100 Deerfield Lane, Suite 240
Malvern, Pennsylvania  19355
Telephone:  (484) 328–8500
sdc@saxtonstump.com
*kmc@saxtonstump.com*

*Counsel for the AdaptHealth Defendants*

**ALLEN OVERY SHEARMAN STERLING US LLP**

By*:*

Adam S. Hakki (admitted *pro hac vice*)
Daniel Lewis (admitted *pro hac vice*)
Elizabeth J. Stewart (admitted *pro hac vice*)
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848-4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
elizabeth.stewart@aoshearman.com


**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
Daniel Segal (No. 26218)
Andrew M. Erdlen (No. 320260)
One Logan Square, 27th Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 568–6200
dsegal@hangley.com
aerdlen@hangley.com

*Counsel for the Underwriter Defendants*

# Exhibit A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *In re AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP (E.D. Pa.) (the "Action");

WHEREAS, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated December 18, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto and the Supplemental Agreement, sets forth the terms and conditions for a proposed settlement of this Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court preliminarily finds that:

(a)     Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(b)     the Settlement resulted from informed, extensive arm's length negotiations between experienced counsel, who, during the course of the Action, also engaged an experienced and neutral third-party mediator;

(c)     the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions;

(d)     the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award;

(e)    the Settlement treats members of the Settlement Class equitably relative to each other; and

(f)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Final Approval Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired AdaptHealth common stock during the period from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are:  (a) Defendants; (b) any person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of the Individual Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded Person has, or had during the Settlement Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded Person, in their capacities as such; and (f) any Person who would otherwise be a Settlement Class Member but who requests, and is granted by the Court, exclusion from the Settlement Class, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth

3

employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other excluded persons or entities.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Allegheny County Employees' Retirement System, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, and City of Tallahassee Pension Plan are preliminarily certified as Class Representatives and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP is preliminarily certified as Class Counsel.

5.      The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.  The Court preliminarily finds that the proposed

4

Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed Settlement to Settlement Class Members.

6.      A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2026, at __:__ _m . (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine: (a) whether the proposed Settlement of this Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶ 1.25 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and to Lead Plaintiffs pursuant to 15 U.S.C. § 78u4(a)(4); and (e) any such other matters as the Court may deem appropriate.  The Court may adjourn or change the date and time of the Final Approval Hearing or decide to hold the Final Approval Hearing via remote means without further notice to Settlement Class Members, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner

and form set forth in ¶ 9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. All fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or the Released Plaintiff Parties bear any responsibility for such fees, costs, or expenses. Notwithstanding the foregoing, within ten (10) business days after entry of this Order, AdaptHealth shall use its best efforts to provide or cause to be provided to the Claims Administrator (defined below) reasonably available transfer records in electronic searchable form, such as Excel, containing the names, addresses, and email addresses (if available) relating to the identity of any purchasers of AdaptHealth common stock during the Settlement Class Period for purposes of mailing the Notice to the Settlement Class pursuant to ¶ 10.2 of the Stipulation.

9. The firm of Kroll Settlement Administration ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below: (a) Not later than _____, 2026 (the "Notice Date") (a date thirty (30) calendar days after entry by this Court of this Order), the Claims Administrator shall commence mailing the Notice and Proof of Claim Form, substantially in the forms annexed hereto, by First-Class Mail (or email, where email addresses are available) to all potential Settlement Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim Form on its website at www.AdaptHealth2025SecuritiesLitigation.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)  Not later than _____, 2026 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and (c) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    Nominees who purchased or acquired AdaptHealth common stock during the Settlement Class Period for the beneficial ownership of potential Settlement Class Members shall send the Notice and the Proof of Claim Form (the "Notice Packet") to all such beneficial owners of AdaptHealth common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses or email addresses where available of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.  Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet emailed; or $0.05 per mailing record provided to the Claims Administrator.

11.    Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for in the Stipulation, whether favorable or unfavorable to the Settlement Class, whether or not such

Settlement Class Members submit Proof of Claim Forms or otherwise seek or obtain by any means any distribution from the Settlement Fund.

12.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked or submitted electronically no later than _____, 2026 (a date one hundred-twenty (120) calendar days from the Notice Date). Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13.     Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Settlement Class Member except Lead Plaintiffs may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2026 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing). A Request for Exclusion must: (i) state the name, address, and telephone

8

number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP; (iii) state the number of shares of AdaptHealth common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on August 4, 2020 and (B) purchased/acquired and/or sold from August 4, 2020 through November 7, 2023, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  All Persons who submit Requests for Exclusion in the manner set forth in this paragraph and the Notice and are accepted by the Court shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired AdaptHealth common stock during the Settlement Class Period who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

15.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not more than five (5) calendar days after receipt by the Claims Administrator.

16.    Any Settlement Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of this Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered

9

thereon.  Any Settlement Class Member may file a written objection and show cause why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2026 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing), by Bernstein Litowitz Berger & Grossmann LLP, Katherine M. Sinderson, 1251 Avenue of the Americas, New York, NY 10020 and Willkie Farr & Gallagher LLP, Todd G. Cosenza, 787 Seventh Avenue, New York, NY 10019; and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, on or before _____, 2026 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing).  Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Final Approval Hearing.  Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

10

17.    Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of AdaptHealth common stock during the Settlement Class Period, including the dates, the number of shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) identify all other class action settlements in the prior two years in which the objector and his, her, its, or their counsel has previously objected.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

18.    Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

11

19.     All funds held by the Escrow Agent shall be deemed and considered to *be in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _____, 2026 (a date that is thirty-five (35) calendar days prior to the Final Approval Hearing).  Replies to any objections shall be filed and served by _____, 2026 (a date that is seven (7) calendar days prior to the Final Approval Hearing).

21.     Neither Defendants, Defendants' Counsel, nor the other Released Defendant Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of this Action.

22.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become

12

effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 5.5 or 5.11 of the Stipulation.

24.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing of any kind.

25.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of October 23, 2025.

27.     Unless otherwise ordered by the Court, all proceedings in this Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

13

14

SO ORDERED this _____ day of _____, 202__.


                                  _____

                                  THE HONORABLE MARIA R. PEREZ
                                  UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), if you purchased or acquired the common stock of AdaptHealth Corp. ("AdaptHealth" or the "Company") during the period from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs Allegheny County Employees' Retirement System ("ACERS"), International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and City of Tallahassee Pension Plan ("Tallahassee") (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for **$35,000,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims asserted against or the defenses asserted by the Defendants.  This Notice is solely to advise you of the pending Action and proposed Settlement of the Action and of your rights in connection therewith**.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, AdaptHealth, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 63 below).**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 18, 2025 (the "Stipulation"), which is available at www.AdaptHealth2025SecuritiesLitigation.com.

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging AdaptHealth, certain of AdaptHealth's senior officers and directors, and the underwriters of AdaptHealth's January 5, 2021 Secondary Public Offering of common stock violated federal securities laws by making material misrepresentations and omissions concerning certain aspects of AdaptHealth's business. A more detailed description of the Action is set forth in paragraphs 11-20 below. If the Court approves the proposed Settlement, the Action will be dismissed and the members of the Settlement Class (defined in paragraph 21 below) will settle and release all Released Plaintiffs' Claims (defined in ¶ 27 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $35,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes and Tax Expenses, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of AdaptHealth common stock purchased during the Settlement Class Period that may have been affected by the misstatements alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.27 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their AdaptHealth common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Settling Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Lead Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP will apply to the Court for an award of attorneys' fees for all Lead Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.[2] In addition, Lead Counsel will apply for payment of Litigation

---

[2] "Lead Plaintiffs' Counsel" means "Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action." In this Action, those firms are Lead Counsel Bernstein Litowitz Berger & Grossmann LLP; Liaison Counsel Kaskela Law LLC; and additional counsel for Lead Plaintiff Local No. 793, Koskie Minsky LLP.

Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of AdaptHealth common stock, if the Court approves Lead Counsel's fee and expense application, is $0.07 per share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Katherine M. Sinderson of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York., NY 10020, (800) 380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further defense of this Action would be protracted and distracting.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO A HEARING ON _____, 2026 AT __:00 __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Final Approval Hearing —currently scheduled for _____, 2026 at __:00 __.m. Eastern Time—is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, www.AdaptHealth2025SecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

Why Did I Get This Notice?                                                                 Page 5
What Is This Case About?                                                                    Page 5
How Do I Know If I Am Affected By The Settlement?
  Who Is Included In The Settlement Class?                                        Page 6
What Might Happen If There Were No Settlement?                                              Page 7
How Are Settlement Class Members Affected By The Action
  And The Settlement?                                                             Page 7
How Do I Participate In The Settlement? What Do I Need To Do?                               Page 10
How Much Will My Payment Be?                                                                Page 10
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                                   Page 11
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?                                                        Page 12
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing? May I Speak At The Hearing If I
  Don't Like The Settlement?                                                      Page 12
What If I Bought Shares On Someone Else's Behalf?                                           Page 14
Can I See The Court File? Whom Should I Contact If I Have Questions?                        Page 15
Appendix A: Plan of Allocation of the Net Settlement Fund                                   Page 16

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired AdaptHealth common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Final Approval Hearing").  *See* ¶¶ 52-53 below for details about the Final Approval Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    AdaptHealth is a home medical equipment supplier providing devices for diabetes, sleep apnea, and wound care.  AdaptHealth's common stock trades on NASDAQ under the symbol "AHCO."  In this Action, Lead Plaintiffs alleged that from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period"), Defendants made false and misleading statements generally regarding AdaptHealth's (i) billing practices; (ii) compliance systems and technology, (iii) ability to integrate its acquisitions into AdaptHealth's existing compliance program and systems, and (iv) revenues and EBITDA.

12.    On October 24, 2023, Lead Plaintiff Allegheny County Employees' Retirement System ("ACERS") filed the initial complaint in this Action, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").

13.    On January 23, 2024, pursuant to the Private Securities Litigation Reform Act of 1995, the Court appointed ACERS, Local 793, and Tallahassee as Lead Plaintiffs for the Action and approved their selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

14.    Lead Plaintiffs filed their operative Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") on May 23, 2024.  All Lead Plaintiffs brought claims under Sections 10(b) and 20(a) of the Exchange Act, and Lead Plaintiffs ACERS and Tallahassee brought claims under Sections 11, 12(a)(2), and 15 of the Securities Act.

15.    On July 23, 2024, Defendants moved to dismiss the Amended Complaint and for judicial notice of certain exhibits attached to their motion to dismiss.  On October 1, 2024, Lead Plaintiffs filed their opposition to both motions.  On November 14, 2024, Defendants filed their reply brief.  Defendants' motion to dismiss was pending at the time that the Settling Parties reached their agreement to settle.

16.    On May 27, 2025, the Settling Parties agreed to mediate and the following day jointly filed a letter with the Court requesting any decision on the pending motion to dismiss be held in abeyance as the Settling Parties attempted to resolve the Action.

17.    On October 8, 2025, the Settling Parties participated in a mediation session before a nationally recognized neutral mediator.

18.    On October 23, 2025, based on follow-up negotiations subsequent to the mediation, the Settling Parties reached an agreement in principle to settle and release all claims asserted in the Action against Defendants and Released Defendant Parties (defined below) in return for a cash payment of $35,000,000, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

19.    On December 18, 2025, the Settling Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at www.AdaptHealth2025SecuritiesLitigation.com.

20.    On _____, 202__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
|:---:|
| **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you request to be excluded and the Court approves that request.  The Settlement Class consists of:

> all Persons who purchased or otherwise acquired AdaptHealth common stock during the period from August 4, 2020 through November 7, 2023, inclusive.

Excluded from the Settlement Class are:  (a) Defendants; (b) any person who served as an officer or director of AdaptHealth during the Class Period; (c) the Immediate Family Members of the Individual Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded Person has, or had during the Class Period, a controlling interest; (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded Person, in their capacities as such; and (f)  any Person who would otherwise be a Settlement Class Member but who requests, and is granted by the Court, exclusion from the Settlement Class. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below. *Provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class.[3]  In addition, notwithstanding the foregoing, any AdaptHealth

---

[3] "Investment Vehicle" means any investment company, separately managed account, collective investment trust, or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds, hedge funds, and retirement accounts and employee benefit plans in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor or manager, but in which any

employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other excluded persons or entities.

**Please Note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2026.**

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

22.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either on the pending motion to dismiss, at summary judgment or trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|:---:|

23.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

24.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below.

25.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

26.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each

---

Underwriter Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

and every one of the Released Plaintiffs' Claims (as defined in ¶ 27 below) against each and every Defendant and any and all of the other Released Defendant Parties (as defined in ¶ 28 below), and (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties.

27.    "Released Plaintiffs' Claims" means any and all claims, causes of action, demands, losses, rights, or liabilities of every nature and description whatsoever against a Released Defendant Party, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class or individual in nature, that (a) were asserted, alleged, or set forth in the Amended Complaint or any prior complaint filed in the Action, (b) were asserted or alleged in the Action, or (c) could have been asserted, alleged, or set forth in the Amended Complaint or the Action or could in the future be asserted or alleged in any other action or in any other forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) arising out of, based upon, concerning, or relating in any way to both (i) the purchase and/or acquisition of AdaptHealth common stock during the Settlement Class Period, and (ii) the facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories that were alleged, set forth, referred to, or involved in this Action, the Amended Complaint, or any prior complaint filed in this Action (or that could have been alleged based on the same nucleus of facts, allegations, assertions, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, claims, and/or legal theories alleged in the Action).  Released Plaintiffs' Claims do not include any ERISA or shareholder derivative claims asserted on behalf of AdaptHealth or any claims relating to the enforcement of this Stipulation or the Settlement.

28.    "Released Defendant Party" or "Released Defendant Parties" means each and all of the following: (a) each and every Defendant; (b) any and all of Defendants' respective past, present, or future parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers (including AdaptHealth's Insurers), co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions; (c) any entity in which a Defendant has or had a controlling interest; and (d) Defendants' Counsel.

29.    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any Lead Plaintiff or Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Defendant Parties or decision(s) with respect to the Settlement, and (b) any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its release of the Released Plaintiff Parties. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive, and each Settlement Class Member shall, by operation of the Judgment or the Alternate Judgment, be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any

law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims that, had they known, may have affected their decision to enter into this Stipulation, but they are notwithstanding this potential entering into this Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in the Action. The Settling Parties acknowledge, and each Settlement Class Member shall, by operation of law, be deemed to have acknowledged, that the foregoing waiver and the inclusion of the "Unknown Claims" in the definition of the Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

30. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties; and (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties.

31. "Released Defendants' Claims" means any and all claims, rights, causes of action, or liabilities of every nature and description whatsoever, whether known claims or Unknown Claims, whether asserted or unasserted, whether arising under federal, state, common, or foreign law, against a Released Plaintiff Party that are based upon, arise out of, concern, or relate in any way to the institution, prosecution, or settlement of the Action against Defendants. Released Defendants' Claims do not include, settle, or release any claims relating to the enforcement of this Stipulation or the Settlement.

32. "Released Plaintiff Party" or "Released Plaintiff Parties" means each and all of the following: (a) Lead Plaintiffs; (b) Lead Plaintiffs' Counsel; (c) each and every Settlement Class Member; and (d) any and all of Lead Plaintiffs' and each Settlement Class Member's respective past, present, or future respective parents, affiliates, associates, subsidiaries, divisions, related entities and affiliates, professional corporations, general or limited partnerships, limited liability corporations, limited liability companies, joint ventures, associations, joint stock companies, personal or legal representatives, unincorporated associations, any other business or legal entities, controlling persons, directors, officers, shareholders, partners, principals, Immediate Family Members, heirs, estates, estate managers, trustees, trusts, executors, administrators, predecessors, successors, successors in interest, assigns, assignees, members, agents, employees, managers, representatives, indemnifiers, insurers, co-insurers, reinsurers, advisors (including financial or investment advisors), bankers, consultants, attorneys, accountants, auditors, underwriters, and entities providing fairness opinions. A Released Plaintiff Party does not include any Person who would otherwise be a Settlement Class Member but who requests, and is granted by the Court, exclusion from the Settlement Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

33.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at **www.AdaptHealth2025SecuritiesLitigation.com** **no later than _____, 2026**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.AdaptHealth2025SecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-___-___-____ or by emailing the Claims Administrator at info@AdaptHealth2025SecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in AdaptHealth common stock, as they will be needed to document your Claim.**  The Settling Parties and Claims Administrator do not have information about your transactions in AdaptHealth common stock.

34.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, AdaptHealth shall pay or cause to be paid $35,000,000 in cash (the "Settlement Amount") to be paid into an escrow account as set forth in the Stipulation.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

38.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class

Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against the Released Defendant Parties (as defined in ¶ 28 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Defendant Parties whether or not such Settlement Class Member submits a Claim Form.

41. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of AdaptHealth common stock purchased through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY shares of AdaptHealth common stock purchased during the Settlement Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases of AdaptHealth common stock during the Settlement Class Period may be made by the plan's trustees.

42. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

44. Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is AdaptHealth common stock.

45. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Final Approval Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

46. Lead Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Lead Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

47.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re AdaptHealth Corp. Securities Litigation*, EXCLUSIONS, c/o Kroll Settlement Administration, P.O. Box 5090, New York, NY 10150-5090.  The Request for Exclusion must be *received* **no later than _____, 2026**.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP; (iii) state the number of shares of AdaptHealth common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on August 4, 2020 and (B) purchased/acquired and/or sold from August 4, 2020 through November 7, 2023, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

48.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Parties.

49.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

50.     AdaptHealth has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and AdaptHealth.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

51.     **Settlement Class Members do not need to attend the Final Approval Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Final Approval Hearing**.

52.     **Please Note**:  The date and time of the Final Approval Hearing may change without further written notice to the Settlement Class.  The Court may decide to allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Settlement Class Members may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AdaptHealth2025SecuritiesLitigation.com, before making any plans to attend the Final Approval Hearing.  Any updates regarding the Final Approval Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website,**

**www.AdaptHealth2025SecuritiesLitigation.com.  If the Court allows Settlement Class Members to participate in the Final Approval Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.AdaptHealth2025SecuritiesLitigation.com.**

53.    The Final Approval Hearing will be held on _____, 2026 at __:00 __.m., before the Honorable Maria R. Perez of the United States District Court for the Eastern District of Pennsylvania, in Courtroom 10-B of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by telephone or videoconference in the discretion of the Court.  At the Final Approval Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

54.    Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania, at the address set forth below **on or before** _____, **2026**.  You must also serve the papers on Lead Counsel and on AdaptHealth's Counsel at the addresses set forth below so that the papers are *received* **on or before** _____, **2026.**

| **Clerk's Office** | **Lead Counsel** | **AdaptHealth's Counsel** |
|---|---|---|
| United States District Court Eastern District of Pennsylvania Clerk of the Court James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | **Bernstein Litowitz Berger & Grossmann LLP** Katherine M. Sinderson 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | **Willkie Farr & Gallagher LLP** Todd G. Cosenza 787 Seventh Avenue New York, NY 10019 |

55.    Any objection must (a) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (c) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of AdaptHealth common stock during the Settlement Class Period, including the dates, the number of shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (d) identify all other class action settlements in the prior two years in which the objector and his, her, its, or their counsel has previously objected.  The documentation establishing membership in the Settlement

Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

56.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

57.    You may file a written objection without having to appear at the Final Approval Hearing.  You may not, however, appear at the Final Approval Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

58.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before _____, 2026**.  Such persons may be heard orally at the discretion of the Court.  Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

59.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2026**.

60.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, www.AdaptHealth2025SecuritiesLitigation.com.  If you plan to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

61.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
| --- |

62.    If you purchased AdaptHealth common stock from August 4, 2020 through November 7, 2023, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re AdaptHealth Corp. Securities Litigation*, c/o Kroll Settlement Administration, P.O. Box 5090, New York, New York 10150-5090.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the

expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet emailed; or $0.05 per mailing record provided to the Claims Administrator. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.AdaptHealth2025SecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

63.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.AdaptHealth2025SecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re AdaptHealth Corp. Securities Litigation*
c/o Kroll Settlement Administration
P.O. Box 5090
New York, NY 10150-5090

1-833-754-8921
www.AdaptHealth2025SecuritiesLitigation.com

or

Katherine M. Sinderson
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025                                   By Order of the Court
                                                          United States District Court
                                                          Eastern District of Pennsylvania

**Appendix A**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

64.   As discussed above, the Settlement provides $35,000,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

65.   The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.   Any Orders regarding a modification to the Plan will be posted to www.AdaptHealth2025SecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

66.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

67.   The Plan of Allocation was created with the assistance of Lead Plaintiffs' damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of AdaptHealth common stock to be artificially inflated throughout the Settlement Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in AdaptHealth common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on those days that were attributable to market or industry forces.

68.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of AdaptHealth common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from August 4, 2020 through November 6, 2023, inclusive, which had the effect of artificially inflating the price of AdaptHealth common stock.  Lead Plaintiffs further allege that corrective information was released to the market on March 1, 2022, February 27, 2023, May 9, 2023, and November 7, 2023, which removed the artificial inflation from the price of AdaptHealth common stock on March 2, 2022, February 28, 2023, March 1, 2023, May 9, 2023, November 7, 2023, and November 8, 2023.

69.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of AdaptHealth common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have

a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member that purchased or otherwise acquired AdaptHealth common stock during the Settlement Class Period must have held those shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of AdaptHealth common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNT

70.  Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of AdaptHealth common stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[4]

71.  For each share of AdaptHealth common stock purchased or otherwise acquired from August 4, 2020 through November 6, 2023, and:

A.     Sold prior to the close of trading on March 1, 2022, the Recognized Loss Amount will be $0.00.

B.     Sold from March 2, 2022 through November 6, 2023, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

C.     Sold on November 7, 2023, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; (ii) the purchase/acquisition price minus $7.69; or (iii) the purchase/acquisition price minus the sale price.

D.     Sold from November 8, 2023 through the close of trading on February 2, 2024, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from November 7, 2023 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

E.     Held as of the close of trading on February 2, 2024, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below, or (ii) the purchase/acquisition price *minus* $7.63.[5]

---

[4] Any transactions in AdaptHealth common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the

72. For each share of AdaptHealth common stock purchased or otherwise acquired on November 7, 2023, the Recognized Loss Amount will be $0.00.

## ADDITIONAL PROVISIONS

73. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 71 above.

74. **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of AdaptHealth common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

75. **Purchase/Sale Prices:** For the purposes of calculations in ¶ 71 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

76. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of AdaptHealth common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of AdaptHealth common stock during the Settlement Class Period will not be deemed a purchase, acquisition, or sale of AdaptHealth common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of AdaptHealth common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such AdaptHealth common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of AdaptHealth common stock.

77. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the AdaptHealth common stock. The date of a "short sale" is deemed to be the date of sale of the AdaptHealth common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

78. In the event that a Claimant has an opening short position in AdaptHealth common stock, the earliest purchases or acquisitions of AdaptHealth common stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

79. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to AdaptHealth common stock purchased

---

90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of AdaptHealth common stock during the "90-day look-back period," from November 7, 2023 through February 2, 2024. The mean (average) closing price for AdaptHealth common stock during this period was $7.63.

or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

80. **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in AdaptHealth common stock during the Settlement Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

81. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in AdaptHealth common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in AdaptHealth common stock during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

82. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

83. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

84. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of AdaptHealth common stock purchased or acquired during Settlement Class Period.

[7]  The Claims Administrator shall match any sales of AdaptHealth common stock during the Settlement Class Period first against the Claimant's opening position in AdaptHealth common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of AdaptHealth common stock sold during the Settlement Class Period is the "Total Sales Proceeds."

[8]  The Claims Administrator shall ascribe a "Holding Value" of $6.50 to each share of AdaptHealth common stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on November 7, 2023.

re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

85.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, Lead Plaintiffs' damages experts, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Released Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

## TABLE A

| Estimated Artificial Inflation in AdaptHealth Common Stock August 4, 2020 through November 7, 2023 | |
| --- | --- |
| **Date Range** | **Estimated Artificial Inflation Per Share** |
| August 4, 2020 through March 1, 2022 | $10.28 |
| March 2, 2022 through February 27, 2023 | $9.30 |
| February 28, 2023 | $3.36 |
| March 1, 2023 through May 8, 2023 | $2.55 |
| May 9, 2023 through November 6, 2023 | $1.87 |
| November 7, 2023 | $1.13 |
| November 8, 2023 and later | $0.00 |

**TABLE B**

| 90-Day Look-back Table for AdaptHealth Common Stock Closing Price and Average Closing Price November 7, 2023 through February 2, 2024 | | | | | |
|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price from November 7, 2023 through Date Shown | Date | Closing Price | Average Closing Price from November 7, 2023 through Date Shown |
| 11/7/2023 | $7.69 | $7.69 | 12/20/2023 | $6.49 | $8.14 |
| 11/8/2023 | $6.50 | $7.10 | 12/21/2023 | $7.15 | $8.11 |
| 11/9/2023 | $6.81 | $7.00 | 12/22/2023 | $7.09 | $8.08 |
| 11/10/2023 | $6.88 | $6.97 | 12/26/2023 | $7.08 | $8.05 |
| 11/13/2023 | $7.58 | $7.09 | 12/27/2023 | $7.17 | $8.02 |
| 11/14/2023 | $8.45 | $7.32 | 12/28/2023 | $7.32 | $8.00 |
| 11/15/2023 | $8.30 | $7.46 | 12/29/2023 | $7.29 | $7.98 |
| 11/16/2023 | $8.28 | $7.56 | 1/2/2024 | $7.26 | $7.96 |
| 11/17/2023 | $8.53 | $7.67 | 1/3/2024 | $7.01 | $7.94 |
| 11/20/2023 | $8.52 | $7.75 | 1/4/2024 | $7.19 | $7.92 |
| 11/21/2023 | $8.32 | $7.81 | 1/5/2024 | $7.25 | $7.90 |
| 11/22/2023 | $8.50 | $7.86 | 1/8/2024 | $7.01 | $7.88 |
| 11/24/2023 | $8.61 | $7.92 | 1/9/2024 | $6.82 | $7.86 |
| 11/27/2023 | $8.74 | $7.98 | 1/10/2024 | $6.76 | $7.83 |
| 11/28/2023 | $8.80 | $8.03 | 1/11/2024 | $7.23 | $7.82 |
| 11/29/2023 | $8.89 | $8.09 | 1/12/2024 | $6.93 | $7.80 |
| 11/30/2023 | $8.48 | $8.11 | 1/16/2024 | $6.65 | $7.78 |
| 12/1/2023 | $8.83 | $8.15 | 1/17/2024 | $6.64 | $7.75 |
| 12/4/2023 | $9.20 | $8.21 | 1/18/2024 | $6.78 | $7.73 |
| 12/5/2023 | $8.56 | $8.22 | 1/19/2024 | $6.87 | $7.72 |
| 12/6/2023 | $8.47 | $8.24 | 1/22/2024 | $7.21 | $7.71 |
| 12/7/2023 | $7.98 | $8.22 | 1/23/2024 | $7.00 | $7.69 |
| 12/8/2023 | $8.28 | $8.23 | 1/24/2024 | $6.94 | $7.68 |
| 12/11/2023 | $8.17 | $8.22 | 1/25/2024 | $7.08 | $7.67 |
| 12/12/2023 | $7.95 | $8.21 | 1/26/2024 | $7.09 | $7.66 |
| 12/13/2023 | $8.47 | $8.22 | 1/29/2024 | $7.36 | $7.65 |
| 12/14/2023 | $8.71 | $8.24 | 1/30/2024 | $7.26 | $7.64 |
| 12/15/2023 | $7.74 | $8.22 | 1/31/2024 | $7.22 | $7.64 |
| 12/18/2023 | $7.71 | $8.21 | 2/1/2024 | $7.32 | $7.63 |
| 12/19/2023 | $7.85 | $8.19 | 2/2/2024 | $7.47 | $7.63 |

# Exhibit A-2

**Exhibit A-2**

*AdaptHealth Securities Litigation*
**Toll-Free Number:  (833) 754-8921**
**Email:  info@AdaptHealth2025SecuritiesLitigation.com**
**Website:  www.AdaptHealth2025SecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.AdaptHealth2025SecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than _____, 2026**.

### Mail to:

*AdaptHealth Securities Litigation*
**c/o Kroll Settlement Administration**
**P.O. Box 5090**
**New York, NY 10150-5090**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do <u>not</u> mail or deliver your Claim Form to the Court, the Settling Parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN ADAPTHEALTH COMMON STOCK (NASDAQ: AHCO; CUSIP: 00653Q102)** | **6** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                          Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                          Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City                                          State/Province     Zip Code

Foreign Postal Code (if applicable)                    Foreign Country (if applicable)

Telephone Number (Day)                                Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership           ☐ Estate               ☐ Trust                   ☐ Other (describe: _____)

Questions? Visit www.AdaptHealth2025SecuritiesLitigation.com or call toll-free (833) 754-8921.          Page 2 of 9

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  Other definitions of defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement ("Stipulation"), filed with the Court on December [__], 2025, and available at www.AdaptHealth2025SecuritiesLitigation.com.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the **Schedule of Transactions in Part III of this Claim Form**, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of AdaptHealth common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of common stock of AdaptHealth Corp. ("AdaptHealth") from August 4, 2020 through November 6, 2023, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of AdaptHealth common stock during the period from November 7, 2023 through the close of trading on February 2, 2024 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of AdaptHealth common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in AdaptHealth common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of AdaptHealth common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the AdaptHealth common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of AdaptHealth common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his, her or their IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in AdaptHealth common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the AdaptHealth common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the AdaptHealth common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Kroll Settlement Administration, at the above address, by email at info@AdaptHealth2025SecuritiesLitigation.com, or by toll-free phone at (833) 754-8921, or you can visit the website, www.AdaptHealth2025SecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.AdaptHealth2025SecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@AdaptHealth2025SecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@AdaptHealth2025SecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (833) 754-8921.**

**PART III – SCHEDULE OF TRANSACTIONS IN ADAPT HEALTH COMMON STOCK**

The only eligible security is the common stock of AdaptHealth Corp. ("AdaptHealth").  AdaptHealth common stock trades on the NASDAQ under the ticker symbol **AHCO**.  Its **CUSIP** is **00653Q102**.  Do not include information regarding securities other than AdaptHealth s common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

| **1. HOLDINGS AS OF AUGUST 4, 2020 –** State the total number of shares of AdaptHealth common stock held as of the opening of trading on August 4, 2020.  (Must be documented.)  If none, write "zero" or "0."  _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM AUGUST 4, 2020 THROUGH NOVEMBER 7, 2023** – Separately list each and every purchase or acquisition (including free receipts) of AdaptHealth common stock from August 4, 2020 through the close of trading on November 7, 2023.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **3. PURCHASES/ACQUISITIONS FROM NOVEMBER 8, 2023 THROUGH FEBRUARY 2, 2024** – State the total number of shares of AdaptHealth common stock purchased or acquired (including free receipts) from November 8, 2023, through the close of trading on February 2, 2024.  If none, write "zero" or "0."  _____ |
|---|

| **4. SALES FROM AUGUST 4, 2020 THROUGH FEBRUARY 2, 2024** – Separately list each and every sale or disposition (including free deliveries) of AdaptHealth common stock from August 4, 2020 through the close of trading on February 2, 2024.  (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF FEBRUARY 2, 2024 –** State the total number of shares of AdaptHealth common stock held as of the close of trading on February 2, 2024.  (Must be documented.)  If none, write "zero" or "0."  _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ |
|---|

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

## YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every one of the Released Plaintiffs' Claims against each and every Defendants and any and all of the other Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the AdaptHealth common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of AdaptHealth common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim against any of the Released Defendant Parties;

7. that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Visit www.AdaptHealth2025SecuritiesLitigation.com or call toll-free (833) 754-8921.    Page 7 of 9

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                 Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                        Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (833) 754-8921.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@AdaptHealth2025SecuritiesLitigation.com, or by toll-free phone at (833) 754-8921, or you may visit www.AdaptHealth2025SecuritiesLitigation.com.  DO NOT call AdaptHealth, the other Defendants, or their counsel with questions regarding your claim.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online to www.AdaptHealth2025SecuritiesLitigation.com, postmarked (or submitted online) no later than _____, 2026.  If mailed, the Claim Form should be addressed as follows:**

*AdaptHealth Securities Litigation*
c/o Kroll Settlement Administration
P.O. Box 5090
New York, NY 10150-5090

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |

### SUMMARY NOTICE OF PENDENCY
### AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:    All persons and entities who purchased or otherwise acquired the common stock of AdaptHealth Corp. ("AdaptHealth") during the period from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period") (the "Settlement Class").[1]:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Allegheny County Employees' Retirement System ("ACERS"), International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario ("Local 793"), and City of Tallahassee Pension Plan ("Tallahassee") (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for **$35,000,000** in cash (the "Settlement").  If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on _____, 2026, at __:00 __.m., before the Honorable Maria R. Perez of the United States District Court for the Eastern District of Pennsylvania, either in person in Courtroom 10-B of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or by telephone or videoconference, in the discretion of the Court, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified

---

[1] The full definition of the Settlement Class, including certain persons and entities excluded from the Settlement Class by definition, is set forth in the full Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), available at www.AdaptHealth2025SecuritiesLitigation.com.

as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel[2] should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and the Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: *AdaptHealth Securities Litigation*, c/o Kroll Settlement Administration, P.O. 5090, New York, NY 10150-5090; (833) 754-8921; info@AdaptHealth2025SecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website, www.AdaptHealth2025SecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than _____, 2026**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2026**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2026**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*AdaptHealth Securities Litigation*
c/o Kroll Settlement Administration

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated December 18, 2025 ("Stipulation"). The Stipulation can be viewed and/or obtained at www.AdaptHealth2025SecuritiesLitigation.com.

P.O. Box 5090
New York, NY 10150-5090

(833) 754-8921
info@AdaptHealth2025SecuritiesLitigation.com
www.AdaptHealth2025SecuritiesLitigation.com

      Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Katherine M. Sinderson
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

By Order of the Court

# Exhibit B

**Exhibit B**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | Case No. 2:23-cv-04104-MRP |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 202__, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated December 18, 2025 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, a Settlement Class defined as all Persons who purchased or otherwise acquired AdaptHealth common stock during the period from August 4, 2020 through November 7, 2023, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are: (a) Defendants; (b) any person who served as an officer or director of AdaptHealth during the Settlement Class Period; (c) the Immediate Family Members of the Individual Defendants and the excluded officers and directors; (d) any firm, trust, corporation, or other entity in which any excluded Person has, or had during the Settlement Class Period, a controlling interest; and (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest,

predecessors, or assigns of any such excluded Person, in their capacities as such, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are the Persons listed on Exhibit A who are excluded from the Settlement Class pursuant to request.  Notwithstanding the foregoing, any AdaptHealth employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of any AdaptHealth employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants and other excluded persons or entities.

4.      The Court finds that for purposes of the Settlement only: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided

3

for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class.  Specifically, the Court finds that:

(a)     Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(b)     the Settlement was the product of informed, arm's-length negotiations among competent, able counsel and there was no collusion in connection with the Stipulation;

(c)     the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions.

(d)     the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and;

(e)     the Settlement treats members of the Settlement Class equitably relative to each other.

6.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit A attached hereto) who have requested, and received approval from the Court for, exclusion from the Settlement Class, the Court hereby dismisses this Action and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

4

7.      Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs, and each of the other Settlement Class Members, on behalf of themselves, and their respective legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties; and (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against each and every Defendant and any and all of the other Released Defendant Parties.  Claims to enforce the terms of the Stipulation and the Settlement are not released.

8.      Upon the Effective Date, and as provided in the Stipulation, Defendants, on behalf of themselves, and their respective legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns, in their capacities as such, (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever comprised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties; and (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Lead Plaintiffs, Lead Plaintiffs' Counsel, each and every Settlement Class Member, and any and all of the other Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation and the Settlement are not released.

9.      The notice provided to the Settlement Class (including the mailing of the Notice and publication of the Settlement Notice) was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiffs or any Settlement Class Member or the validity, or lack thereof, of any claim that has

6

been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against any Released Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c)     shall be offered or received against any of the Released Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiffs' or the Settlement Class's claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount;

(d)     shall be offered or received against any of the Released Defendant Parties or Released Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Released Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

(e)     shall be construed against any of the Released Defendant Parties or Released Plaintiff Parties as evidence of a presumption, concession, or admission that the

7

consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

(f)     *provided, however*, that, notwithstanding the foregoing, the Settling Parties and the other Released Defendant Parties and Released Plaintiff Parties may file or refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of this Settlement, *inter alia*, entering orders providing for any Fee and Expense Award, the approval of the Plan of Allocation and enforcing the terms of the Settlement; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

13.     The Court finds that during the course of this Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants pursuant to Paragraph 13.5 of the Stipulation then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in this Action as of October 23, 2025, as provided in the Stipulation.

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

SO ORDERED this _____ day of _____, 2026.

_____
THE HONORABLE MARIA R. PEREZ
UNITED STATES DISTRICT JUDGE

9

**Exhibit A**

[List of Persons Excluded from
the Settlement Class Pursuant to Request]