UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re AdaptHealth Corp. Securities Litigation* | : : : : | **Case No. 2:23-cv-04104-MRP** |

**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on May 13, 2026 (the "Settlement Hearing") on Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 99). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) the Notice of the Settlement Hearing was mailed to all Settlement Class Members who or which could be identified with reasonable effort substantially in the form approved by the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice entered on February 2, 2026 (ECF No. 96), and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 18, 2025 (ECF No. 94-2) (the "Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.
2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.
3. Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and

method of notifying the Settlement Class of the request for attorneys' fees and expenses satisfied the requirements of Rule 23, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, or $8,750,000, plus interest earned at the same rate as the Settlement Fund. Lead Plaintiffs' Counsel are also hereby awarded $191,222.40 for payment of their litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund, and the Court finds these sums to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Lead Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $35,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement achieved through the efforts of Lead Plaintiffs' Counsel;

   b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, who are sophisticated institutional investors that actively supervised the Action;

   c. Copies of the Notice were mailed to over 63,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount

not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $350,000, and no objections to the requested award of attorneys' fees or Litigation Expenses were submitted;

d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Lead Plaintiffs' Counsel devoted over 3,600 hours, with a lodestar value of approximately $3.3 million, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Allegheny County Employees' Retirement System is hereby awarded $5,730.80 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7. Lead Plaintiff International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario is hereby awarded $28,140.00 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Lead Plaintiff City of Tallahassee Pension Plan is hereby awarded $7,337.50 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.
10. Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.
11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.
12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of Court is expressly directed.

**SO ORDERED this 10th day of June, 2026.**

BY THE COURT:



Hon. Mia R. Perez